```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DAN VALENTINE, etc.,              )
                                  )
             Plaintiff,           )
                                  )
     v.                           )    No.  09 C 7653
                                  )
WIDEOPEN WEST FINANCE, LLC,       )
                                  )
             Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

This action has a pending motion to dismiss (Dkt. 22) that is extraordinarily long in the tooth:  It was filed back in February 2010, but it lay fallow until last month because of the parties' efforts to resolve their dispute through mediation. When this Court was advised in August that those efforts had proved unsuccessful, it immediately ordered counsel for putative plaintiff class representative Dan Valentine ("Valentine") to submit a response, the filing of which rendered the motion ripe for decision.

Part of the problem with Valentine's Class Action Complaint ("Complaint") is the product of the universal practice among Illinois-based federal practitioners to carry over the state law concept of "causes of action" into federal pleading, even though the operative concept here is the quite different "claim for relief"--on that distinction see NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992), an opinion that this Court has constantly been urging as mandatory reading whenever

the problem of a complaint's sufficiency in those terms comes before it. And that importation of state law concepts and practice is relatedly coupled with most lawyers' constant use of separate counts in a very different way from the description in the second sentence of Fed. R. Civ. P. ("Rule") 10(b), which calls for such use to separate different claims for relief, <u>not</u> different theories of recovery on the same claim.

In any event, Valentine's counsel has followed both of those ubiquitous practices, so that this Court is perforce compelled to do the same. At the same time, in evaluating the sufficiency of the Complaint this Court will of course pay heed to the standards generally prescribed by <u>Conley v. Gibson</u>, as recently redefined and honed by the <u>Twombly</u>-<u>Iqbal</u> dichotomy through the addition of a "plausibility" requirement.

To that end defendant WideOpen West Finance LLC ("WOW") has urged that <u>all</u> of Valentine's theories of recovery founder because WOW's activity about which Valentine now complains were <u>authorized</u> by him[1]--and that is said to be so because WOW apprised Valentine of the nature of that activity and expressly told him that he could opt out of participation. In that regard WOW quotes extensively from its communications to Valentine in which it disclosed its proposed arrangement with NebuAd, Inc.

---

[1] WOW adds to that global contention by attacking several of the counts--several theories of recovery--on grounds applicable to them singly.

("NebuAd"), which was based on NebuAd's assurances that (1) there would be no collection or use of personally identifying information (" PII") by NebuAd, (2) NebuAd would not store any raw data linked to identifiable individuals and (3) security measures would be implemented to protect any information that was stored.

In their current response to the motion, Valentine's counsel are long on name calling,[2] but short on the information needed for resolution of WOW's motion on an informed basis. Thus this Court finds it impossible at this time to determine whether, as Valentine's counsel clearly hopes, there is a pot of gold at the end of the metaphorical rainbow represented by the Complaint.

To the extent that this Court's inability to reach a final conclusion at this time stems from its lack of understanding of the technical aspects of the plan undertaken by WOW during the short period at issue (from March to July 2008), it apologizes. But although the parties' input to date does not definitively call for an outright dismissal of the Complaint, uncertainty as to the viability of Valentine's claim for relief counsels denial of a full-blown dismissal at this time, but without moving this action forward just yet. This Court therefore declines Valentine's Mem. 1 invitation to order "that, without further

---

[2] As just one example, Valentine's counsel repeatedly charges NebuAd with "forgery." Precisely what that is intended to convey is not entirely clear.

3

delay, Defendant answer the complaint, the parties conclude a Rule 26 conference, commence discovery and proceed with litigation of this matter."

More informative submissions by the litigants may well call for more mature reconsideration, resulting in the possible dismissal of the Complaint in whole or in part. For example, Valentine Mem. 2 says this:

> NebuAd analyzed communications en route from users to the Internet using a process referred to as "deep packet inspection," meaning NebuAd looked "inside the envelope" and actually read the contents of users' communications, looking for content it could use to profile users for ad-serving purposes.

That "actually read the contents" assertion is of course not literally true--with WOW having 330,000 accounts, the mental image conjured up by Valentine's characterization is one that would have occupied a host of individuals on a protracted project that would have made a major dent in the grievous unemployment statistics that are plaguing our country. What must be meant instead, this Court assumes, is that some NebuAd software program was involved that collected and collated information about the WOW users' resort to the Internet, to develop profiles that would in turn suggest the users' receptiveness to certain types of advertising.

In that regard, WOW has also represented that it did not transmit PII to NebuAd that would impinge on its subscribers' rights protected by the federal statutes sought to be invoked by

4

Valentine. Valentine's responsive memorandum says otherwise, but only in an unsupported ipse dixit.

There may be (and most likely are) other questions that need answering,[3] but those are more likely to be defined during the course of a status hearing to discuss the case in greater detail. Hence WOW's motion to dismiss is denied, without prejudice to its possible reassertion after the next status hearing to be held at 8:45 a.m. September 10, 2010.

                                     */s/ Milton I. Shadur*
                                    Milton I. Shadur
                                    Senior United States District Judge

Date: September 1, 2010

---

[3] For example, and not by way of limitation, Valentine has challenged WOW's individualized attacks based "on other independent grounds" (WOW's Motion 13-23), subjects on which WOW may wish to submit a reply memorandum.