IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAN VALENTINE, individually, and on behalf of himself and all others similarly situated,<br><br>                  *Plaintiff,*<br><br>                  v.<br><br>WIDEOPEN WEST, FINANCE, LLC, a Delaware Corporation,<br><br>                  *Defendant.* | No. 09 C 7653<br>The Hon. Edmond E. Chang<br><br>**Jury Trial Demanded** |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiff Dan Valentine ("Plaintiff") respectfully moves this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, that the Court grant him leave to file an Amended Complaint and that the Court deem it filed *instanter*. A copy of Plaintiff's proposed, Amended Complaint is attached hereto as Appendix A.

In support of Plaintiff's motion, Plaintiff states as follows:

1.    Plaintiff seeks to add W. Brand Bobosky as an additional named Plaintiff and putative class representative. Mr. Bobosky is a resident of Naperville, in DuPage County, Illinois, and was a WideOpen West Finance, LLC ("WOW") subscriber during the class period.

2.    The Amended Complaint does not add any additional counts or legal theories for relief.

3.    The purpose of the amendment and this motion is to support the effective representation of the proposed class.

1

4. The administration of justice requires that the pleadings be amended to best serve the interests of the proposed class.

5. When considering amendments to pleading prior to trial, Rule 15(a) provides that the Court should freely grant leave when justice requires. Leave should be freely given absent reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord*, *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

6. In the granting of this motion, rgw proposed changes would not cause any prejudice to any defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("[i]n the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely").

7. A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (A) granting leave to file the proposed Amended Complaint, a copy of which is attached hereto as Appendix A; (B) deeming the Amended Complaint filed *instanter*; and (C) granting any further or other relief the Court deems just.

Dated: September 14, 2011

Respectfully submitted,

KAMBERLAW, LLC

By: /s/ David A. Stampley
David A. Stampley (*pro hac vice*)
KamberLaw, LLC
100 Wall St., 23rd Floor
New York, NY 10005
Telephone: (212) 920-3071
Facsimile: (212) 920-3081

One of the Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated