IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOBSKY, individually and on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>WIDEOPEN WEST, FINANCE, LLC, a Delaware Corporation,<br><br>*Defendant.* | No. 09 C 7653<br>The Hon. Edmond E. Chang |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiffs Dan Valentine and W. Brand Bobobsky ("Plaintiffs") respectfully move this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, that the Court grant them leave to file a Second Amended Complaint and that it be deemed filed *instanter*. A copy of Plaintiffs' proposed, Second Amended Complaint is attached hereto as Appendix A.

In support of Plaintiffs' motion, Plaintiffs state as follows:

1. On September 14, 2011, Plaintiff Valentine moved to amend his complaint by adding W. Brand Bobosky as an additional named Plaintiff and putative class representative, to support the effective representation of the proposed class. (Dkt. 101.) The amended complaint did not add any additional counts or legal theories for relief. (Dkt. 101-1.)

2. On March 26, 2012, the Court granted Plaintiffs' motion to amend. (Dkt. 122.)

3. On April 24, 2012, following Plaintiffs' statement of intent to forego arbitrable claims (Dkt. 123), the Court dismissed those claims, instructed Plaintiffs to re-file their complaint, and set a date of May 8, 2012, on or before which Defendants were to file a motion to dismiss or answer the

1

complaint, with Plaintiffs' response due by May 22, 2012 and Defendant's reply by May 29, 2012. (Dkt. 124.)

4. Plaintiffs reviewed their complaint and came to believe it would be in the best interest of the class and promote efficiency for the Court and all parties if the complaint were amended to remove allegations and claims relating to the dismissed claims, and expressed this in a May 2, 2012, letter to the Court. (Dkt. 129.)

5. In that letter, Plaintiffs also expressed their intention to file their proposed amended complaint and this motion for leave to amend on May 7, 2012. However, given that Defendant has requested and the Court has granted rebriefing of the motion to dismiss, and in light of additional evidence Plaintiffs have acquired since filing the first complaint amd the relevance of that evidence to claims and defenses in this matter, Plaintiffs found it necessary to devote additional time to streamlining the complaint while incorporating allegations reflecting this relevant information. Plaintiffs now respectfully submit their proposed, Second Amended Complaint with this motion today.

6. The administration of justice requires that the pleadings be amended to best serve the interests of the proposed class.

7. When considering amendments to pleading prior to trial, Rule 15(a) provides that the Court should freely grant leave when justice requires. Leave should be freely given absent reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord*, *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

8. In the granting of this motion, the proposed changes would not cause any prejudice to any defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("[i]n the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely").

9. A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (A) granting leave to file the proposed, Second Amended Complaint, a copy of which is attached hereto as Appendix A; (B) deeming the Second Amended Complaint filed *instanter*; and (C) granting any further or other relief the Court deems just.

Dated: May 9, 2012

Respectfully submitted,

KAMBERLAW, LLC

By: /s/ David A. Stampley
    David A. Stampley (*pro hac vice*)
    KamberLaw, LLC
    100 Wall St., 23rd Floor
    New York, NY 10005
    Telephone: (212) 920-3071
    Facsimile: (212) 202-6364

    One of the Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated