**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOSKY, individually and on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WIDEOPEN WEST FINANCE, LLC, a )<br>Delaware Corporation, )<br>)<br>Defendant. )<br>) | Case No. 09-cv-7653<br><br>June 8, 2012<br><br>Judge Edmond E. Chang |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT WIDEOPENWEST
FINANCE, LLC TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS**

-i-

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 1

    A. Parties............................................................................................................ 1

    B. Procedural History ....................................................................................... 2

III. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN ............................ 3

    A. Legal Standard ............................................................................................. 3

    B. Plaintiffs Are Not Adequate Class Representatives Under Rule 23(a)(4) ............. 4

        1. Plaintiffs' Claim Splitting May Be Res Judicata For All Absent Class Members ........................................................................... 4

        2. Claim Splitting Makes The Named Plaintiffs Inadequate Class Representatives, Precluding Class Certification ........................................ 6

IV. CONCLUSION ........................................................................................................ 8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Access Now, Inc. v. Walt Disney World Co.*,
　211 F.R.D. 452 (M.D. Fla. 2001)..................................................................................4

*Bieneman v. City of Chicago*,
　864 F.2d 463 (7th Cir. 1988) .......................................................................................6

*Devlin v. Scardelletti*,
　536 U.S. 1 (2002)..........................................................................................................5

*Gen. Tel. Co. of Southwest v. Falcon*,
　457 U.S. 147 (1982)......................................................................................................3

*Hummel v. Equitable Life Assur. Soc.*,
　151 F.2d 994 (7th Cir. 1945) .......................................................................................5

*In re Teflon Prods. Liability Litig.*,
　254 F.R.D. 354 (S.D. Iowa 2008).............................................................................7, 8

*In re Universal Serv. Fund Telephone Billing Practices Litig.*,
　219 F.R.D. 661 (D. Kan. 2004)....................................................................................6

*Kamm v. Cal. City Dev. Co.*,
　509 F.2d 205 (9th Cir. 1975) .......................................................................................3

*Leal v. Krajewski*,
　803 F.2d 332 (7th Cir. 1986) .......................................................................................5

*Lumpkin v. E.I. DuPont De Nemours & Co.*,
　161 F.R.D. 480 (M.D. Ga. 1995) .................................................................................4

*Oshana v. Coca-Cola Co.*,
　472 F.3d 506 (7th Cir. 2006) .......................................................................................4

*Saltzman v. Pella Corp.*,
　257 F.R.D. 471 (N.D. Ill. 2009)................................................................................6, 7

*Thompson v. Am. Tobacco Co.*,
　189 F.R.D. 544 (D. Minn. 1999)..................................................................................6

*Vinole v. Countrywide Home Loans, Inc.*,
　571 F.3d 935 (9th Cir. 2009) .......................................................................................3

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Wright v. Family Dollar, Inc.*,
  No. 10 C 4410, 2010 U.S. Dist. LEXIS 126643 (N.D. Ill. Nov. 30, 2010) ................3

## STATUTES

18 U.S.C. § 1030(a)(2)(A) ................................................................................................7

18 U.S.C. § 1030(a)(5)(A-C) ............................................................................................7

18 U.S.C. § 2510 ...............................................................................................................2

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(f) .........................................................................................................3

Fed. R. Civ. P. 23 .........................................................................................................5, 6

Fed. R. Civ. P. 23(a) ........................................................................................................4

Fed. R. Civ. P. 23(a)(4) ............................................................................................4, 6, 8

Fed. R. Civ. P. 23(b) ........................................................................................................4

Fed. R. Civ. P. 23(c)(1) ....................................................................................................3

Fed. R. Civ. P. 23(c)(1)(A) ..............................................................................................3

Fed. R. Civ. P. 23(d)(1)(D) .............................................................................................3

## I. INTRODUCTION

Plaintiff Dan Valentine, purporting to represent hundreds of thousands of customers of Defendant WideOpenWest Finance, LLC ("WOW"), originally filed this putative class action notwithstanding that each and every one of those customers is bound by an express contract requiring that six of the seven claims alleged be brought before an arbitrator. The Court granted WOW's motion to compel arbitration of the six claims and entered a stay as to the remaining claim. Dkt. 123. Instead of pursuing the six claims in arbitration, Plaintiff chose to split his claims, elected not to pursue them the arbitrable claims. Plaintiff then filed a second amended complaint based on virtually identical factual allegations, but this time foregoing the six arbitrable claims, despite that they arise out of the same operative facts. *Compare* Dkt. 1 *with* Dkt. 135. Now, Valentine and a new named plaintiff, W. Brand Bobosky (collectively "Plaintiffs"), seek to represent a class of WOW internet customers. But by virtue of their decision not to pursue all claims and the possible res judicata effect of any resolution in this case, the named Plaintiffs have interests antagonistic to the class. As a result, Plaintiffs can never be adequate representatives, and their Class Allegations should be stricken.

## II. FACTUAL BACKGROUND

### A. Parties

WOW is a small cable television operator that also provides bundled high-speed internet and telephone services to customers in Illinois, Michigan, Ohio, and Indiana. Dkt. 135, Second Amended Complaint ("SAC"), ¶¶ 1, 15.

Plaintiff Dan Valentine is a former WOW customer. *Id.* at ¶ 13. Like the approximately 300,000 other WOW high-speed internet customers in 2008, Plaintiff had an account governed by an initial work order and three related customer service agreements: the Terms and Conditions of Service ("Terms and Conditions"), the Internet Privacy Policy ("Privacy Notice")

and Internet Privacy Information Statement ("Privacy Statement") (collectively, the "Terms of Service"). *See* Dkt. 1, Original Compl. ¶¶ 55-56.

Plaintiff added W. Brand Bobosky as an additional named plaintiff and putative class representative in the Second Amended Complaint. SAC ¶ 14. Plaintiff Bobosky is also a former WOW customer; his internet services were provided in Naperville, Illinois. *Id.*

### B. Procedural History

This case originates from a class action lawsuit filed by Plaintiffs' counsel against a number of out-of-state Internet Service Providers ("ISPs"), including Defendant WOW, in the Northern District of California in 2008. Plaintiffs alleged that all of these ISPs contracted with a company named NebuAd, which provided an advertising service that – like Gmail – used anonymous data to provide its customers with more relevant advertisements. The case was dismissed, and Plaintiff subsequently re-filed six separate actions in courts throughout the country.

Plaintiff Valentine originally asserted seven claims on a class-wide basis. Dkt. 1. WOW moved to compel arbitration of six of Plaintiff Valentine's claims, and to stay the one remaining claim. *See* Dkt. 69. The Court granted WOW's Motion, sending six of Plaintiff's seven claims to arbitration (Counts I, II, IV, V, VI, and VI) pursuant to Plaintiff's contract with WOW and the arbitration provision in that agreement. Dkt. 123.

Plaintiff chose not to arbitrate his claims. Through the second amended complaint, Plaintiffs now seek to pursue the sole claim not subject to arbitration – an alleged violation of the Electronic Communications Privacy Act, Title 18 U.S.C. § 2510 (formerly Count III). Dkt. 135. At the Court's request, Plaintiffs declared their intent to forego the previously alleged arbitrable claims. Dkt. 126 ("Plaintiffs elect not to pursue such claims in arbitration."). Having abandoned six claims arising from the same operative facts, Plaintiffs' class allegations relating to the

remaining claim should be stricken. As set forth below, because all potential class members would be bound by Plaintiffs' decision to split or abandon claims, Plaintiffs can never adequately represent the class.

### III. PLAINTIFFS' CLASS ALLEGATIONS SHOULD BE STRICKEN

#### A. Legal Standard

Under Federal Rules of Civil Procedure 12(f), Rule 23(c)(1)(A), and Rule 23(d)(1)(D), the Court has authority to strike class allegations prior to discovery if the complaint demonstrates a class action cannot be maintained. *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 U.S. Dist. LEXIS 126643, at *2-3 (N.D. Ill. Nov. 30, 2010) (stating that the court, "[a]t an early practicable time . . . , must determine by order whether to certify the action as a class action"). A motion to strike class allegations, made pursuant to these provisions, is an appropriate device to determine whether the case will proceed as a class action. *Id*. at *2. Many courts agree. *See, e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009) (collecting cases).

Rule 23(c)(1)(A) requires the Court to determine "at an early practicable time" whether to certify an action as a class action. The Court need not wait for discovery, because "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiffs claim[.]" *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). Thus, in appropriate cases, courts will deny class certification under Rule 23(c)(1) without permitting discovery. *See, e.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 207, 209-10 (9th Cir. 1975) (whether to permit discovery is within the sound discretion of the trial court; no abuse of discretion to grant defendants' motion to dismiss the class action and strike all class allegations where court could make determination based on the pleadings and public record).

Striking the putative class action portion of a complaint at the outset of the litigation to expedite the administration of justice protects the Court and the parties from wasting time and resources taking discovery, preparing for, and debating a class certification motion that, due to the very nature of the case, cannot possibly be granted. *See Access Now, Inc. v. Walt Disney World Co.*, 211 F.R.D. 452 (M.D. Fla. 2001) (granting motion to strike class allegations); *Lumpkin v. E.I. DuPont De Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995) (striking class allegations from complaint because the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff s claim) (quoting *General Tel. Co. of Southwest*, 457 U.S. at 160).

Plaintiffs must establish that the suit may be maintained as a class action. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The requirements for certifying a class action under the Federal Rules are well-established. Plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Failure to meet any one of these four requirements precludes class certification. *See id.* Plaintiff must also meet the requirements of Rule 23(b). Here, Plaintiffs fail to meet these requirements because they cannot adequately represent a class of individuals, having abandoned six claims arising from the same set of operative facts. Because res judicata may preclude these claims in future actions, neither class representatives can vigorously protect the interests of putative class members.

### B. Plaintiffs Are Not Adequate Class Representatives Under Rule 23(a)(4)

#### 1. Plaintiffs' Claim Splitting May Be Res Judicata For All Absent Class Members

"The doctrine of res judicata is that a cause of action finally determined between the parties on the merits by a court of competent jurisdiction cannot again be litigated by new

-4-

proceedings before the same or any other tribunal. A judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action between the same parties or those in privity with them, and extends not only to the questions actually decided but to *all grounds of recovery* or defense which might have been presented." *Hummel v. Equitable Life Assur. Soc.*, 151 F.2d 994, 996 (7th Cir. 1945) (emphasis added). Res judicata bars relitigation of an issue which was or *could have been* litigated in a former suit. *Leal v. Krajewski*, 803 F.2d 332, 334 (7th Cir. 1986) (explaining that "res judicata," when used in its general sense, embraces two separate concepts: "issue preclusion" and "claim preclusion").

  Here, absent class members may be adversely affected by claim preclusion as a result of the named Plaintiffs' litigation strategy. In the circumstance of a class, a court cannot "predetermine the *res judicata* effect of the judgment; this can be tested only in a subsequent action." Fed. R. Civ. P. 23 advisory committee's notes to the 1966 amendments (citing Restatement, Judgments § 86, comment (h), §116 (1942)). While unnamed class members do not enjoy full party rights during the course of the litigation, for purposes of being bound by a settlement or judgment, unnamed class members are "parties." *See Devlin v. Scardelletti*, 536 U.S. 1, 10-11 (2002). Thus, more than a hypothetical risk exists that any recovery which might have been had by absent class member will be foreclosed by Plaintiffs' now single-claim putative class action.

  Plaintiffs voluntarily dismissed six claims alleged in the original Complaint, electing to pursue only an ECPA claim on behalf of the class. Dkt. 123 & 126. Setting aside the merits of those six claims, Plaintiffs' decision to forego those claims may ultimately bind unnamed class members at settlement or judgment, as they could have been – indeed they previously were – brought in this action. As a result, Plaintiffs cannot adequately represent the class.

### 2. Claim Splitting Makes The Named Plaintiffs Inadequate Class Representatives, Precluding Class Certification

Under the adequacy requirement set forth in Rule 23, named plaintiffs must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement is satisfied where the named representative (1) has retained competent counsel, (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009) (citing *In re VMS Ltd. Pshp. Sec. Lit.*, 1992 U.S. Dist. LEXIS 14445, at *13 (N.D. Ill. Sept. 23, 1992)). The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *Id.* (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

An inability to adequately represent that class may be based on circumstances where, as here, a named plaintiff puts the ability of class members to pursue other claims at risk. *See In re Universal Serv. Fund Telephone Billing Practices Litig.*, 219 F.R.D. 661, 668 (D. Kan. 2004) (noting that "[c]laim splitting is generally prohibited by the doctrine of *res judicata*, which bars parties to a prior action or those in privity with them from raising in a subsequent proceeding any claim they could have raised in the prior action where all of the claims arise from the same set of operative facts"); *Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 550 (D. Minn. 1999) ("the named Plaintiffs' efforts to reserve personal injury and damages claims may, in fact, jeopardize the class members' right to bring such claims in a subsequent case"); *see also Bieneman v. City of Chicago*, 864 F.2d 463, 465 (7th Cir. 1988), cert. denied, 490 U.S. 1080 (1989) (rejecting an attempt to certify a class when the interests of the named plaintiff and of the absent class members were divergent). This Court has recognized the danger of claim splitting, and the

resulting possibility that res judicata will bar future claims of absent class members. *Saltzman*, 257 F.R.D. at 481.

Here, the named Plaintiffs created a conflict of interest between themselves and members of the putative class, who might stand to benefit from any one of the six abandoned claims. Plaintiffs broadly define the proposed class to include: "[a]ll WOW Internet services customers whose Internet communications were acquired by WOW through its network facility resources connected to and incorporating a NebuAd Appliance and whose claims are not barred by statutes of limitation." SAC ¶ 60. Their new class definition is based on the same set of facts that gave rise to each of Plaintiffs' voluntarily dismissed claims. *See* Dkt. 1, Compl. ¶ 1-124 (alleging a similar class spanning seven causes of action, including four violations of the Computer Fraud and Abuse Act ("CFAA"), under 18 U.S.C. §§ 1030(a)(2)(A), and 1030(a)(5)(A-C) (Count V), three state tort claims (Counts I, II, and VII), and two additional claims for violations of the Illinois Criminal Code (Counts IV, VI). While Plaintiffs may have "streamlined" their complaint to consist "only of allegations supporting the remaining claim" (dkt. 129), the operative facts remain the same.

Even assuming that Plaintiffs' voluntary dismissal preserved the abandoned claims, any benefit served by the Second Amended Complaint presents serious claim-preclusion concerns for absent class members. *See In re Teflon Prods. Liability Litig.*, 254 F.R.D. 354, 368 (S.D. Iowa 2008) (denying class certification; finding *any possibility* that claims could be "barred by *res judicata* prevents the named plaintiffs' interests from being fully aligned with those of the class"). In addition to res judicata, the clock on the abandoned claims of absent class members continue to run, which presents statutes of limitations concerns. Plaintiffs' effort to tailor a certifiable class by avoiding arbitration has created an inescapable class conflict. This problem,

namely that putative class members with potential claims may be told that their claims are barred because Plaintiffs impermissibly split claims, precludes class certification. *Id.* Accordingly, Plaintiffs are not proper and adequate representatives under Rule 23(a)(4) and the class allegations should be stricken.

### IV. CONCLUSION

WOW's motion to strike the class allegations in Plaintiffs' Second Amended Complaint seeks to conserve the resources of the parties and the Court by obtaining an early legal determination on the class action issue, rather than waiting until after the parties have needlessly incurred the expense of discovery and the Court has unnecessarily invested its time and energy in an evidentiary-based hearing on class certification. For the foregoing reasons, Plaintiffs' class allegations should be stricken.

Dated: June 8, 2012                         Respectfully submitted,

/s/Thomas A. Counts
Thomas A. Counts (*Pro Hac Vice*)
Bar Registration No. CA 148051
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC

LEGAL_US_W # 71395110

-8-

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2012, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT WIDEOPENWEST FINANCE, LLC TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiffs and their e-mail addresses on file with the Court.

Michael J. Aschenbrener, Esq.
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606
Telephone: (312) 462-4922
Facsimile: (312) 462-4923
Email: mja@aschenbrenerlaw.com

Scott A. Kamber, Esq. (*pro hac vice*)
David A. Stampley, Esq. (*pro hac vice*)
Grace E. Parasmo, Esq. (*pro hac vice*)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY 10005
Telephone: (212) 920-3072
Facsimile: (212) 920-3081
Email: skamber@kamberlaw.com;
dstampley@kamberlaw.com;
gparasmo@kamberlaw.com

Brian Panish, Esq. (*pro hac vice*)
Rahul Ravipudi, Esq. (*pro hac vice*)
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
Email: panish@psblaw.com;
ravipudi@psblaw.com

The following non-CM/ECF participant (counsel for Plaintiffs) will be served by United States Postal Service, Certified Mail/Return Receipt via First Class Mail, postage prepaid, as follows:

Joseph H. Malley, Esq. (*pro hac vice*)
Law Office of Joseph H. Malley, P.C.
1045 North Zang Boulevard
Dallas, TX 72508
Telephone: (214) 943-6100
Facsimile: (214) 943-6170
Email: malleylaw@gmail.com

                                                   s/ Thomas A. Counts
                                                     Thomas A. Counts

                                   Counsel for Defendant
                                   WIDEOPEN WEST FINANCE, LLC