**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOSKY, individually and on behalf of themselves and all others similarly situated, )<br>)<br>)<br>) | |
| ) | Case No. 09-cv-7653 |
| Plaintiffs, ) | |
| ) | July 20, 2012 |
| v. ) | |
| ) | |
| WIDEOPEN WEST FINANCE, LLC, a Delaware Corporation, )<br>)<br>) | Judge Edmond E. Chang |
| ) | |
| Defendant. )<br>) | |

**REPLY BRIEF IN SUPPORT OF MOTION BY DEFENDANT WIDEOPENWEST FINANCE, LLC TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS (DKT. NO. 139)**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL BACKGROUND.................................................................................. 1

III. PLAINTIFFS CANNOT ADEQUATELY REPRESENT THE CLASS ......................... 3

    A. Legal Standard ..................................................................................................... 3

    B. Plaintiffs' Adequacy May Be Assessed Now ....................................................... 4

        1. Any Exception to Claim Splitting Does Not Apply in This Case, and Res Judicata Would Bind Absent Class Members ............................. 5

        2. Plaintiffs' Opt-Out Proposal Does Not Eliminate Risk of Inconsistent Rulings .................................................................................. 8

        3. The Effect of Res Judicata Does Not Require a Certified Class................. 9

IV. PLAINTIFFS CANNOT ESTABLISH THEIR ADEQUACY AS CLASS REPRESENTATIVES BASED ON "PUBLIC POLICY" ............................................. 11

V. CONCLUSION.............................................................................................................. 12

## TABEL OF AUTHORITIES

Page(S)

### CASES

*Bieneman v. City of Chicago*,
    864 F.2d 463 (7th Cir. 1988) ..................................................................................4

*Brown v. Kerkhoff*,
    279 F.R.D. 479, 495-96 (S.D. Iowa 2012) .............................................................9, 10

*Carr v. Tillery*,
    591 F.3d 909 (7th Cir. 2010) ...................................................................................5

*Crowder v. Lash*,
    687 F.2d 996 (7th Cir. 1982) ...................................................................................7

*Devlin v. Scardelletti*,
    536 U.S. 1 (2002) ............................................................................................10, 11

*Feinstein v. Firestone Tire & Rubber Co.*,
    535 F. Supp. 595 (S.D.N.Y. 1982) ......................................................................6, 11

*General Tel. Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982) ..................................................................................................3

*Gooch v. Life Investors Ins. Company of America*,
    672 F.3d 402 (6th Cir. 2012) ...................................................................................7

*Harper Plastics, Inc. v. Amoco Chemicals Corp.*,
    657 F.2d 939 (7th Cir. 1981) ............................................................................9, 11

*Heller Finaincial, Inc. v. Midwhey Powder Co.*,
    883 F.2d 1286 (7th Cir. 1989) .................................................................................3

*Hiser v. Franklin*,
    94 F.3d 1287 (9th Cir. 1996) ...................................................................................7

*In re Teflon Prods. Liability Litig.*,
    254 F.R.D. 354 (S.D. Iowa 2008) ...........................................................................5

*In re Universal Serv. Fund Tel. Billing Practices Litig.*,
    219 F.R.D. 661 (D. Kan. 2004) ..........................................................................6, 11

*Kamm v. California City Development Co.*,
    509 F.2d 205 (9th Cir. 1975) ...................................................................................3

## TABEL OF AUTHORITIES
### (continued)

**Page(s)**

*Krueger v. Wyeth, Inc.*,
  2008 WL 481956 (S.D. Cal. Feb. 19, 2008) ............................................................... 6

*Makor Issues & Rights, Ltd. v. Tellabs, Inc.*,
  256 F.R.D. 586, 597 (N.D. Ill. 2009) ......................................................................... 7

*Manning v. City of Auburn*,
  953 F.2d 1355 (11th Cir. 1992) ................................................................................. 9

*Saltzman v. Pella Corp.*,
  257 F.R.D. 471 (N.D. Ill. 2009) .............................................................................. 4, 6

*Schwab v. Philip Morris USA, Inc.*,
  449 F. Supp. 2d 992 (E.D.N.Y. 2006) ........................................................................ 5

*Wright v. Family Dollar, Inc.*,
  2010 U.S. Dist. LEXIS 126643 (N.D. Ill. Nov. 30, 2010) ......................................... 3

### STATUTES

18 U.S.C. § 2510 ............................................................................................................ 1, 2

### FEDERAL RULES

Rule 12(f) ........................................................................................................................... 3

Rule 23 ................................................................................................................. 3, 4, 9, 10

Fed. R. Civ. P. 23(a)(4) .................................................................................................. 4, 5

Rule 23(b)(3) .................................................................................................................. 8, 9

Fed. R. Civ. P. 23(c)(1)(A) ................................................................................................ 3

### OTHER AUTHORITIES

Herbert Newberg & Alba Conte, Newberg on Class Actions, § 16:24 (4th ed. 2002) ................... 10

*Res Judicata Effect of Judgment in Class Action Upon Subsequent Action in Federal
  Court*, 48 A.L.R. Fed. 675 ....................................................................................... 10

**I.     INTRODUCTION**

Plaintiffs Dan Valentine and W. Brand Bobosky believe the Court should deny WOW's motion to strike their class allegations, even those that are defective as a matter of law. Of course, the Court need not resolve WOW's motion to strike if it grants the concurrently filed motion to dismiss. Should the claims survive the pending motion to dismiss (and they should not), Plaintiffs would have WOW engage in costly and burdensome class-wide discovery and further motion practice based on patently deficient class allegations.

Plaintiffs do not deny they previously asserted various claims on behalf of a class of WOW internet customers that they have now abandoned. Instead of pursuing the six claims in arbitration, Plaintiffs chose to split claims, and elected not to pursue the arbitrable claims first (or at all) creating a conflict between the class and the named Plaintiffs. By virtue of their decision not to pursue all claims and the possible res judicata effect of any resolution in this case, the named Plaintiffs have interests antagonistic to the class. As a result, Plaintiffs can never be adequate representatives, and WOW's motion to strike should be granted.

**II.    PROCEDURAL BACKGROUND**

Plaintiff Valentine originally asserted seven claims on a class-wide basis. Dkt. 1. WOW moved to compel arbitration of six of Plaintiff Valentine's claims, and to stay the one remaining claim, an alleged violation of the Electronic Communications Privacy Act ("ECPA"), Title 18 U.S.C. § 2510 (formerly Count III). *See* Dkt. 69. The Court granted WOW's motion, sending six of Plaintiff's seven claims to arbitration (Counts I, II, IV, V, VI, and VI) pursuant to Plaintiff's contract with WOW and the arbitration provision in that agreement. Dkt. 123.

In granting WOW's motion to stay the ECPA claim, the Court determined that a risk of inconsistent rulings existed because the arbitrator would have to make findings that relate to this litigation:

-1-

> Although nonarbitrable claims should not be automatically stayed when related claims are stayed for arbitration, "an exception to this rule has been recognized when staying arbitrable issues, while ***allowing nonarbitrable issues to proceed in the district court, risks inconsistent rulings because the pending arbitration is likely to resolve issues material to the lawsuit***." *Volkswagen of America, Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 973 (7th Cir. 2007). That risk exists here. One of WOW's primary defenses to Plaintiffs' allegations is that Plaintiffs consented to traffic monitoring and the installation and use of the allegedly harmful software. See generally R. 60. As such, the arbitrator will have to make findings regarding Plaintiffs' consent to resolve the six claims that are sent to arbitration. For this litigation to do the same for the remaining ECPA claim would be an inefficient use of resources and would risk conflicting decisions. It is appropriate to stay Plaintiffs' ECPA claim until the resolution of the arbitration.

Dkt. 123 (emphasis added). As a result, the Court held that Plaintiffs were first required to litigate their claims in an arbitral forum. *Id.* Plaintiffs chose not to arbitrate those claims. Instead, Plaintiffs voluntarily dismissed the six claims alleged in the original Complaint, and elected to try to pursue their ECPA claim on behalf of a class. Dkt. 126. Plaintiffs' decision to forego those claims may ultimately bind unnamed class members at settlement or judgment, as they could have been – indeed they previously were – brought in this action. As a result, Plaintiffs cannot adequately represent the class.

### III. PLAINTIFFS CANNOT ADEQUATELY REPRESENT THE CLASS

#### A. Legal Standard

Rule 12(f) authorizes the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, a motion to strike class allegations is also governed by Rule 23, which permits the Court to decide the certification issue "[a]t an early practicable time[.]" Fed. R. Civ. P. 23(c)(1)(A); *see Wright v. Family Dollar, Inc.*, 2010 U.S. Dist. LEXIS 126643, at *2-3 (N.D. Ill. Nov. 30, 2010) (stating that the court, "[a]t an early practicable time . . . , must determine by order whether to certify the action as a class action").

Plaintiffs contend that motions to strike are disfavored, especially motions to strike class allegations (dkt. 145 ("Opp.") at 2), but no less authority than the United States Supreme Court has noted that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim[.]" *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

WOW's motion to strike is further supported by compelling circuit court authority, including the Ninth Circuit's decision in *Kamm v. California City Development Co.*, 509 F.2d 205 (9th Cir. 1975). In *Kamm*, the Ninth Circuit held that certain class issues may be resolved without discovery, including striking class allegations at the pleading stage. 509 F.2d at 210-12. Even in the authority cited by Plaintiff, *Heller Finaincial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), the Seventh Circuit **rejected** the party's bare reliance on the general rule that motions to strike are disfavored, noting that "where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.* (*affirming* trial court's order granting motion to strike).

Plaintiffs' opposition largely consists of a campaign to have the Court declare WOW's motion premature, without giving due consideration to the merits of the motion. The Court should recognize Plaintiffs' efforts for what they are: a concession that their class allegations are defective. The Court need not wait for discovery to resolve the *in*adequacy issue created by Plaintiffs' litigation strategy and their Second Amended Complaint.

### B. Plaintiffs' Adequacy May Be Assessed Now

Under Rule 23, named plaintiffs must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement is satisfied where the named representative (1) has retained competent counsel, (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009) (citing *In re VMS Ltd. Pshp. Sec. Lit.*, 1992 U.S. Dist. LEXIS 14445, at *13 (N.D. Ill. Sept. 23, 1992)). The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *Id.* (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

An inability to adequately represent the class may be based on circumstances where, as here, a named plaintiff puts the ability of class members to pursue other claims at risk. *Bieneman v. City of Chicago*, 864 F.2d 463, 465 (7th Cir. 1988), *cert. denied*, 490 U.S. 1080 (1989) (rejecting an attempt to certify a class when the interests of the named plaintiff and of the absent class members were divergent). The named Plaintiffs in the instant case created a conflict of interest between themselves and members of the putative class, who might stand to benefit from any one of the six abandoned claims.

Plaintiffs broadly define the proposed class to include: "[a]ll WOW Internet services customers whose Internet communications were acquired by WOW through its network facility

-4-

resources connected to and incorporating a NebuAd Appliance and whose claims are not barred by statutes of limitation." Dkt. 135 ("SAC") ¶ 60. Their new class definition is based on the same set of facts that gave rise to each of Plaintiffs' voluntarily dismissed claims. *See* Dkt. 1, Compl. ¶¶ 1-124. While Plaintiffs may have "streamlined" their complaint to consist "only of allegations supporting the remaining claim" (dkt. 129), the operative facts remain the same.

Any benefit served by the Second Amended Complaint presents serious claim-preclusion concerns for absent class members. *See In re Teflon Prods. Liability Litig.*, 254 F.R.D. 354, 368 (S.D. Iowa 2008) (denying class certification; finding *any possibility* that claims could be "barred by *res judicata* prevents the named plaintiffs' interests from being fully aligned with those of the class"); *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata."). Plaintiffs' effort to tailor a certifiable class by avoiding arbitration has created an inescapable class conflict. This problem, namely that putative class members with potential claims may be told that their claims are barred because Plaintiffs impermissibly split claims, precludes class certification. *See In re Teflon Prods. Liability Litig.*, 254 F.R.D. at 368. Accordingly, Plaintiffs are not adequate representatives under Rule 23(a)(4), and the class allegations should be struck.

      **1.    Any Exception to Claim Splitting Does Not Apply in This Case, and Res Judicata Would Bind Absent Class Members**

Plaintiffs cannot dispute that a final judgment on the merits generally precludes a plaintiff from bringing a new lawsuit raising issues that could have been litigated in the first suit, but were not. *See, e.g.*, *Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992, 1076 (E.D.N.Y. 2006) (reversed on other grounds) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981)). Nor do Plaintiffs genuinely dispute the existence of ample authority holding that a class

representative who splits the claims of absent class members – thereby exposing their non-litigated claims to foreclosure through claim preclusion – is inadequate to represent the class. *See Krueger v. Wyeth, Inc.*, 2008 WL 481956, at *2, 4 (S.D. Cal. Feb. 19, 2008) (noting that the plaintiff was engaging in claim-splitting and determining that was a compelling reason to deny class certification because the plaintiff was an inadequate class representative under the class definition); *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. 661, 668 (D. Kan. 2004) (holding in a class action that "[c]laim splitting is generally prohibited by the doctrine of res judicata"); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606 (S.D.N.Y. 1982) (finding that "plaintiffs so tailored the class claims in an effort to improve the possibility of demonstrating commonality . . . at the price of presenting putative class members with significant risks of being told later that they had impermissibly split a single cause of action.").[1] Instead, Plaintiffs claim a general exception to claim splitting in *all* class actions---no matter the circumstances. Opp. at 6. No such exception to claim splitting applies in this case.

Most of the cases cited by Plaintiffs in an attempt to argue the *all* class actions are exempt from the rule, however, fall outside of the general rule because the relief sought was different. For example, in one of the cases cited by Plaintiffs, the Sixth Circuit expressly recognized that the rule would not preclude members of a "declaratory-relief-only class" from

---

[1] Plaintiffs also cite *Saltz v. Pella Corp.*, 257 F.R.D. 471, 482 (N.D. Ill. 2009), in an attempt to distinguish WOW's authority, including *In re Universal Service Fund*, 219 F.R.D. 661 (D. Kan. 2004), but *Saltz* found *In re Universal Service* inapposite because – unlike here – *no claims* had been abandoned: "Plaintiffs in this case have not 'abandoned' any claims, since they were never brought in the first place." *Saltz* does not apply. Plaintiffs have abandoned claims, refusing to arbitrate the claims previously alleged before pursuing their ECPA claim. *Saltz* also involved different types of relief, which is not an issue in this action.

pursuing damages claims. *Gooch v. Life Investors Ins. Company of America*, 672 F.3d 402, 429 n.16 (6th Cir. 2012). Even the Seventh Circuit case cited by Plaintiffs involved different types of relief sought by the classes. In *Crowder v. Lash*, 687 F.2d 996, 1008 (7th Cir. 1982), the court refused to find prisoners' individual damages claims under § 1983 barred by res judicata arising from a previous class action brought against the same defendants and seeking equitable relief. *Id.*[2] *Crowder* signals only that the Seventh Circuit recognizes an exception to claim splitting in limited circumstances – where the previous claim did not seek money damages.

      Here, Plaintiffs have not sought to pursue one form of relief over another (they want money), but to disavow causes of action previously asserted. If a class-action exception to claim splitting exists, it exists only to the extent that "the general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damages claims by class members, even if based on the same events." *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996). Indeed, "every federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages." *Id.* The same is not true where money damages are sought. None of the existing class-action exceptions to claim splitting applies in this case.

---

[2] Admittedly, some courts have stated that a class action "is one of the recognized exceptions to the rule against claim-splitting." *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 256 F.R.D. 586, 597 (N.D. Ill. 2009) (citing *Crowder v. Lash*, 687 F.2d 996, 1008 (7th Cir. 1982) and *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 432 (4th Cir. 2003) (quoting 18 Moore's Federal Practice § 131.40[3][e][iii][2002])). No binding authority has recognized such an expansive exception to the rule against claim splitting in all class actions.

### 2. Plaintiffs' Opt-Out Proposal Does Not Eliminate Risk of Inconsistent Rulings

In an attempt to avoid the res judicata issue created by their litigation strategy, Plaintiffs contend that Rule 23(b)(3)'s notice and opt-out procedures will mitigate the risks created by res judicata. Implicit in Plaintiffs' argument is their acknowledgement that res judicata applies in this case and that it applies *to all absent class members*. Opp. at 7. In fact, Plaintiffs' opposition admits that they cannot adequately represent the entire class proposed, claiming that Plaintiffs' "interests coincide with *those of the rest* of the absent class members," *i.e.*, those absent class members left in the class after notice and opting out. Opp. at 8. Fairly read, Plaintiffs' opposition concedes that Plaintiffs' interests do not align with those class members who could or should opt-out to avoid the effects of res judicata with respect to any of the six claims Plaintiffs dismissed here---but do not opt out.

Absent class members, therefore, could choose to arbitrate the very claims that Plaintiffs abandoned. If an individual chose to do so, she would be a class member – absent opting out – and any rulings by the arbitrator could be inconsistent with this Court's rulings. Several questions arise from Plaintiffs' proposed opt-out solution: To satisfy due process, must any notice to the class in this case explain that Plaintiffs had previously alleged and then voluntarily dismissed six non-ECPA claims? Must the Court exclude any class members who pursue arbitration? And if so, how? These questions would not exist if Plaintiffs had simply litigated their related claims in arbitration before returning to this Court.[3]

---

[3] Moreover, the district court in *Brown v. Kerkhoff* held that the named plaintiffs failed to satisfy the adequacy requirement because of claim splitting, and found no solution in notice and an

(continued...)

### 3. The Effect of Res Judicata Does Not Require a Certified Class

The Court asked WOW to address "why class members on the remaining ECPA count would be bound by claim preclusion as to the voluntarily dismissed counts, where the voluntarily dismissed counts were never certified as a class under Rule 23 (and thus the ECPA class members (if eventually certified) would not be parties in the case when the other counts were dismissed)." Dkt. 144.

Claim preclusion applies to all legal theories and claims arising out of the same operative nucleus of fact, "not only to the precise legal theory presented in the previous litigation." *Manning v. City of Auburn*, 953 F.2d 1355, 1358-59 (11th Cir. 1992) (citation and quotations omitted); *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 947-48 (7th Cir. 1981) (recognizing that the result of the court's holding meant that the plaintiff would not be able to litigate an issue in federal court as a result of claim splitting). While absent class members might not have been part of a *certified* class when Plaintiffs voluntarily dismissed the other counts, the legal theories asserted in the earlier complaint arise from the same events and involve the same relief that would bind the absent class members as parties in the case. If they allow this case to get to judgment, Plaintiffs would be giving up the claims they could have arbitrated. Conversely, if they arbitrated their claims first, the same would not be true: they could have returned to this Court then.

In its order granting WOW's motion to compel arbitration and staying these proceedings, the Court noted the overlap in Plaintiffs' claims. *See* Dkt. 123 ("the arbitrator will have to make

---

(...continued)

opportunity to opt out under Rule 23(b)(3). *Brown v. Kerkhoff*, 279 F.R.D. 479, 495-96 (S.D. Iowa 2012).

findings regarding Plaintiffs' consent to resolve the six claims that are sent to arbitration. For this litigation to do the same for the remaining ECPA claim would be an inefficient use of resources and would risk conflicting decisions."). Even assuming that Plaintiffs are correct that whatever relief sought now "far exceeds that which they would receive by pursuing the arbitrable claims" (Opp. at 8), it does not resolve the issue that the dismissed claims could have been brought – and were brought – as they arise from the same set of operative facts.[4] It is not the value of relief but the theory of relief that absent class members would be giving up.

Absent class members may be adversely affected by claim preclusion as a result of the named Plaintiffs' litigation strategy. In the circumstance of a class, a court cannot "predetermine the *res judicata* effect of the judgment; this can be tested only in a subsequent action." Fed. R. Civ. P. 23 advisory committee's notes to the 1966 amendments (citing Restatement, Judgments § 86, comment (h), §116 (1942)); *see also* Herbert Newberg & Alba Conte, Newberg on Class Actions, § 16:24 (4th ed. 2002) ("[T]he potential impact of a class court judgment is not a matter for determination by the deciding court. The res judicata effect of a class judgment can only be determined by a later court in light of a specific controversy."). While unnamed class members do not enjoy full party rights during the course of the litigation, for purposes of being bound by a settlement or judgment, unnamed class members are "parties." *See Devlin v. Scardelletti*, 536

---

[4] The doctrine of res judicata applies generally to class actions, provided that the following conditions are met: (1) the parties or members of the class in both actions are the same; (2) the description of the class in the first action describes those who are parties to the second action; (3) the notice in the prior action was sufficient; (4) the representation of the class in the prior action met due process requirements; and (5) the relief sought in the two suits is the same. *Res Judicata Effect of Judgment in Class Action Upon Subsequent Action in Federal Court*, 48 A.L.R. Fed. 675, 681 (citations omitted).

U.S. 1, 10-11 (2002). Thus, more than a hypothetical risk exists that any recovery which might have been had by absent class member will be foreclosed by Plaintiffs' now single-claim putative class action.

Plaintiffs adjusted the class definition, but neither the new proposed definition nor their allegations carves out the absent class members who were part of the previously defined "ECPA-plus class." The cases that have recognized res judicata as a result of claim splitting in the class action context have *not* required the existence of a certified class at the time the named Plaintiffs split their claims. *See, e.g.*, *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 219 F.R.D. at 668; *Feinstein*, 535 F. Supp. at 606.

## IV. PLAINTIFFS CANNOT ESTABLISH THEIR ADEQUACY AS CLASS REPRESENTATIVES BASED ON "PUBLIC POLICY"

Plaintiffs' final argument is that "public policy considerations" must defeat WOW's motion to strike, because it would deprive Plaintiffs of an opportunity to vindicate their alleged statutory rights on a class-wide basis. Opp. at 11. But Plaintiffs *chose* to abandon the claims required to be litigated in arbitration.

The Seventh Circuit has refused to allow a party to litigate a claim where that party's litigation strategy led to claim splitting. *Harper Plastics*, 657 F.2d at 947-48 ("the result of our holding is that appellant will not be able to litigate the issue of whether there was a breach of contract[.] Yet whatever hardship inheres in this result could easily have been avoided. The rule against claim-splitting is not a new one, and the cautious litigant includes all relevant theories of relief in a single action to avoid its prejudice."). Plaintiffs could have returned to this Court to pursue their ECPA claim after arbitration and without abandoning their other claims. Plaintiffs did not choose that route. Plaintiffs' actions caused them to be inadequate class representatives in this case.

## V. CONCLUSION

For the foregoing reasons, the Court should grant WOW's Motion to Strike Plaintiff's class allegations.

Dated: July 20, 2012            Respectfully submitted,

/s/Thomas A. Counts
Thomas A. Counts (*Pro Hac Vice*)
Bar Registration No. CA 148051
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2012, I electronically filed the foregoing REPLY BRIEF IN SUPPORT OF MOTION BY DEFENDANT WIDEOPENWEST FINANCE, LLC TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiffs and their e-mail addresses on file with the Court.

Michael J. Aschenbrener, Esq.
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL  60606
Telephone:  (312) 462-4922
Facsimile:  (312) 462-4923
Email:  mja@aschenbrenerlaw.com

Scott A. Kamber, Esq. (*pro hac vice*)
David A. Stampley, Esq. (*pro hac vice*)
Grace E. Parasmo, Esq. (*pro hac vice*)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY  10005
Telephone:  (212) 920-3072
Facsimile:  (212) 920-3081
Email:  skamber@kamberlaw.com;
dstampley@kamberlaw.com;
gparasmo@kamberlaw.com

Brian Panish, Esq. (*pro hac vice*)
Rahul Ravipudi, Esq. (*pro hac vice*)
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA  90025
Telephone:  (310) 477-1700
Facsimile:  (310) 477-1699
Email:  panish@psblaw.com;
ravipudi@psblaw.com

The following non-CM/ECF participant (counsel for Plaintiffs) will be served by United States Postal Service, Certified Mail/Return Receipt via First Class Mail, postage prepaid, as follows:

Joseph H. Malley, Esq. (*pro hac vice*)
Law Office of Joseph H. Malley, P.C.
1045 North Zang Boulevard
Dallas, TX  75208
Telephone:  (214) 943-6100
Facsimile:  (214) 943-6170
Email:  malleylaw@gmail.com

                                              s/ Thomas A. Counts
                                                Thomas A. Counts
Counsel for Defendant
WIDEOPEN WEST FINANCE, LLC

LEGAL_US_W # 72008849.1