IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAN VALENTINE, *et al.*, | ) | No. 09 C 7653 |
| | ) | |
| Plaintiffs, | ) | The Hon. Edmond E. Chang |
| v. | ) | |
| | ) | **PLAINTIFFS' POSITION** |
| WIDEOPEN WEST FINANCE, LLC, | ) | **STATEMENT REGARDING** |
| | ) | **PENDING CLAIMS** |
| Defendant. | ) | |

**A.     Introduction**

Pursuant to the Court's December 20, 2012, memorandum opinion and order in this matter (the "Order"), Plaintiffs submit this position paper regarding their pursuit of certain claims of their second amended complaint (the "Complaint" [R. 135]) and their proposal for next steps in the litigation.

On June 8, 2012, Defendant WideOpen West Finance, LLC ("Defendant" or "WOW") filed a motion pursuant to Federal Rule of Civil Procedure 12 (b)(6) to dismiss the Complaint [R. 136] and a motion pursuant to Rule 23(d)(1)(D) to strike the class allegations of the Complaint [R. 157]. The motions were briefed and, in the Order, the Court denied WOW's motion to strike class allegations, Order at 20, and granted WOW's motion to dismiss Plaintiffs' claims under the Electronic Communications Privacy Act (the "ECPA"), 18 U.S.C. § 2510, *et seq.*, regarding interception of communications 18 U.S.C. § 2511(1)(a), Order at 10. In addition, the Court ordered Plaintiffs to file a concise position paper stating whether they wished to pursue their claims under §§ 2511(1)(c) and (d) of the ECPA and, if so, stating what they propose as the next step in the litigation. WOW is to file a responsive paper on or before January 10, 2013. Order at 11.

1

For the reasons and by the procedures detailed below, Plaintiffs' respectfully propose that the Court grant a motion for reconsideration filed by Plaintiffs or enter a partial judgment on its partial dismissal and stay remaining claims pending appellate resolution of issues relating to Plaintiffs' § 2511(1)(a) claims.

**B.     Pendency of Claims**

The Court noted in its Order that Plaintiffs alleged WOW's disclosure and use of their electronic communications in violation of the ECPA §§ 2511(1)(c) and (d), Order at 3 (citing numerous paragraphs of the Complaint); that WOW did not raise Plaintiffs' claims under §§ 2511(1)(c) and (d) in its motion to dismiss or reply [RR. 136, 148]; and that Plaintiffs' opposition [R. 146] did not assert the survival of these claims. Order at 10. Plaintiffs' position is that WOW has not challenged Plaintiffs' claims under §§ 2511(1)(c) and (d) and those claims are still pending before this Court.

**C.     Effect of Order on Claims**

Plaintiffs wish to file an amended complaint. Plaintiffs believe the allegations of an amended complaint would implicate claims under the ECPA provisions that include §§ 2511(1)(c) and (d), regarding disclosure and use of intercepted communications, as well as § 2511(3)(a), relating to an electronic communications service provider's divulging of the contents of communications that are in transmission.[1] These claims may entail relitigation of whether WOW acquired the content of Plaintiffs' communications and is directly liable for this conduct. Although the Court has already answered these questions in the negative in dismissing Plaintiffs'

---

[1] 18 U.S.C. 2511 (3)(a) states:

> Except as provided in paragraph (b) of this subsection, a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication (other than one to such person or entity, or an agent thereof) while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient.

2

§ 2511(1)(a) interception claims, Order at 7-10, Plaintiffs believe the Court's findings and decision in this regard constitute manifest errors of law and fact.[2]

**D.     Proposal for Next Steps**

Plaintiffs' position is that a final determination of the claims in an amended complaint in this matter would be promoted by resolution of issues raised by the Court's decision regarding Plaintiffs' § 2511(1)(a) claims. In the interests of judicial economy and justice, Plaintiffs' respectfully propose that the Court entertain a motion to reconsider its decision on these issues. Should the Court not entertain such a motion, Plaintiffs propose that the Court enter a partial

---

[2] For example, in the Order, the Court found that "it was NebuAd that actually acquired the communications in the sense of the statute, meaning it was NebuAd that actually accessed the communications when it analyzed them to fashion targeted ads." Order at 8 (citing, *inter alia*, Complaint ¶ 93). Plaintiffs have not had the opportunity to address this argument—first raised by the Court in the Order and not previously raised by WOW.

It is Plaintiffs' position that NebuAd's analysis took place post-acquisition. This position is consistent with the Complaint allegation the Court cited in reaching the opposite conclusion. Plaintiffs alleged:

> NebuAd used Plaintiffs' and Class Members' communications and/or portions or derivatives of them to serve targeted advertisements to Plaintiffs and Class Members, even when their computers were connected to ISPs other than WOW.

Complaint ¶ 93.

Plaintiffs' position is consistent with ECPA's definition of interception as applied to the acquisition of electronic communications that are in transmission. *See* 18 U.S.C. §§ 2510(4), (11); *U.S. v. Reyes*, 922 F.Supp. 818, 836 (S.D.N.Y. 1996), citing *Steve Jackson Games, Inc. v. U.S. Secret Service,* 36 F.3d 457, 461-62 (5th Cir. 1994) (ECPA and Stored Communications Act definitions "imply a requirement [under the ECPA] that the acquisition of the data be simultaneous with the original transmission of the data"). Whether or not communications are subsequently read, listened to, or otherwise processed is after the fact and not relevant to determining whether those communications were intercepted. For example, in *Noel v. Hall*, 568 F.3d 743 (9th Cir. 2009), the court stated that acquisition occurs "when the contents of a wire communication are captured or redirected in any way," not subsequent listening or copying. *Id.* at 748-49 (finding that retrieval of pager numbers was not interception), quoting *U.S. v. Rodriguez*, 968 F.2d 130, 136 (2d Cir.1992); *see also U.S. v. Lewis*, 406 F. 3d 11, 19 n.5 (1st Cir. 2005) (collecting cases) (inmate phone conversation was intercepted when department of corrections recorded it, not when police later listened to it). Similarly, in a case relating to recording of phone conversations, *Amati v. City of Woodstock*, 829 F.Supp. 998, 1008 (N.D. Ill. 1993), the court stated, "the term 'intercept' as it relates to an 'acquisition' refers to the place where a communication is initially obtained. Whether the communication is heard by the human ear is irrelevant."

3

judgment on the partial dismissal in its Order and stay litigation of remaining claims pending appellate resolution of issues relating to Plaintiffs' § 2511(1)(a) claims.

Dated: December 28, 2012

Respectfully submitted,
KAMBERLAW, LLC

By: s/David A. Stampley
David A. Stampley
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:(212) 920-3072
Facsimile: (212) 202-6364
One of the Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated

MICHAEL J. ASCHENBRENER
maschenbrener@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

SCOTT A. KAMBER
skamber@kamberlaw.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

Grace E. Tersigni
gtersigni@kamberlaw.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

4

BRIAN J. PANISH
panish@psblaw.com
RAHUL RAVIPUDI
ravipudi@psblaw.com
PANISH, SHEA & BOYLE, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699

JOSEPH H. MALLEY
malleylaw@gmail.com
LAW OFFICE OF JOSEPH H. MALLEY, P.C.
1045 North Zang Boulevard
Dallas, Texas 75208
Telephone: (214) 943-6100
Facsimile: (214) 943-6170

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2011, I electronically filed with the Clerk of the Court the foregoing Plaintiffs' Memorandum of Law In Opposition to Defendant's Second Motion to Dismiss using the CM/ECF system which will send notification of such filing to the following attorneys for the Defendant and their e-mail addresses on file with the Court:

**TO:**

| | |
|---|---|
| Thomas A. Counts<br>Paul Hastings LLP<br>55 Second Street, 24th Floor<br>San Francisco, CA 94105<br>(415) 856-7070<br>tomcounts@paulhastings.com | Giselle Perez de Donado<br>Paul Hastings LLP<br>191 North Wacker Drive, 30th Floor<br>Chicago, IL 60606<br>(312) 499-6000<br>giselleperez@paulhastings.com |
| Ryan C. Nier<br>Paul Hastings LLP<br>55 Second Street, 24th Floor<br>San Francisco, CA 94105<br>(415) 856-7000<br>ryannier@paulhastings.com | Kelly Ann Demarchis<br>Paul Hastings LLP<br>875 15th Street NW<br>Washington, DC 20005<br>(202) 551-1700<br>kellydemarchis@paulhastings.com |
| | Kenneth W. Gage<br>Paul Hastings LLP<br>191 North Wacker Drive, 30th Floor<br>Chicago, IL 60606<br>(312) 499-6046<br>kennethgage@paulhastings.com |

            s/David A. Stampley
            David A. Stampley