**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOSKY, individually and on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Case No. 09-cv-7653 |
| v. | January 10, 2013 |
| WIDEOPEN WEST FINANCE, LLC, a Delaware Corporation, | Judge Edmond E. Chang |
| Defendant. | |

**DEFENDANT WIDEOPENWEST FINANCE, LLC'S POSITION STATEMENT
REGARDING PLAINTIFFS' CLAIMS UNDER 18 U.S.C. §§ 2511(1)(c) AND (d)**

I.      **INTRODUCTION**

The Court's December 20, 2012 Order sought a concise position paper from Plaintiffs on a narrow issue: "whether Plaintiffs wish to pursue §§ 2511(1)(c) and (d) claims, and if so, what Plaintiffs propose as the next step in the litigation." In one brief paragraph, Plaintiffs' position paper makes clear that the answer to the first question is "no." Although Plaintiffs believe that their claims under Sections 2511(1)(c) and (d) technically remain before the Court, they indicate no desire to pursue those two claims at this time – nor should they. WOW's position is that the Court's agreement in its recent Order that WOW did not acquire Plaintiffs' communications necessarily defeats Plaintiffs' claims for disclosure or use of intercepted communications under Sections 2511(1)(c) and (d), which would require that WOW at some point acquired those communications.

Given the opportunity to present the Court with additional briefing on a discrete issue, Plaintiffs attempt to expand the discussion. They seek three alternative forms of relief, all aimed at challenging the Court's finding that WOW never intercepted Plaintiffs' communications: Plaintiffs (1) express their wish to file yet another amended complaint, (2) seek reconsideration of the Court's interlocutory order, and (3) seek a partial final order on the Court's partial dismissal so that they can appeal the Court's interlocutory order while still preserving the two remaining claims.

Plaintiffs provide no legal authority to support any of these requests – nor can they. Under the governing statutes and case law, the Court should reject all three of these requests.

II.     **PROCEDURAL BACKGROUND**

Plaintiffs' Second Amended Complaint represents their fourth attempt since 2008 to impose liability on WOW under the ECPA. Plaintiffs originally filed a complaint against

NebuAd, WOW, and other ISPs in *Valentine v. NebuAd, Inc.*, No. 08-05113 (N.D. Cal.), in November 2008. WOW was dismissed from that action for lack of personal jurisdiction. *Valentine v. NebuAd, Inc.*, No. 08-05113, 2009 U.S. Dist. LEXIS 93454, at *6 (N.D. Cal. Oct. 5, 2009). Between December 2009 and May 2012, Plaintiffs conducted court-ordered discovery and filed three different complaints in this action. Plaintiffs' most recent attempt was their Second Amended Complaint (the "Complaint"), which they claimed was amended "in light of additional evidence Plaintiffs have acquired since filing the first complaint . . ." Dkt. No. 130 ¶ 5.

      WOW moved to dismiss the Complaint on June 8, 2012. On December 20, 2012, the Court granted WOW's motion as to Plaintiffs' claim under 18 U.S.C. § 2511(1)(a), holding that "the *facts* that Plaintiffs allege . . . make it clear from the face of the complaint that WOW merely facilitated *NebuAd's* acquisition of Plaintiffs' information. Yes, WOW diverted the communications to NebuAd, but it was NebuAd that actually acquired the communications in the sense of the statute . . ." Order at 7-8 (emphasis added?). The Court further held that WOW could not be secondarily liable for NebuAd's interception. *Id.* at 8-10.

      The Court then noted that neither party had adequately addressed Plaintiffs' remaining claims against WOW for disclosure or use of intercepted communications pursuant to 18 U.S.C. §§ 2511(1)(c) and (d). *Id.* at 10-11. It surmised that "perhaps the parties assumed that the decision on the interception liability theory would control the decision on the other two." *Id.* at 11. Nevertheless, it ordered Plaintiffs to file a position paper "stating whether [they] wish to pursue §§ 2511(1)(c) and (d) claims, and if so, what Plaintiffs propose as the next step in the litigation." *Id.* at 11. It further ordered WOW to file a responsive paper setting forth its position by January 10, 2013.

### III. THE COURT'S DISMISSAL OF PLAINTIFFS' INTERCEPTION CLAIM IS DISPOSITIVE OF THE TWO REMAINING CLAIMS.

WOW's position regarding Plaintiffs' claims under Sections 2511(c) and (d) is that Plaintiffs cannot assert that WOW disclosed or used any of Plaintiffs' communications post-interception in light of the Court's finding that no interception occurred until NebuAd acquired the communications. Order at 7-8. Accordingly, as the Court forecasted in its Order, "the decision on the interception liability theory . . . control[s] the decision on the other two," and the remaining claims should also be dismissed.

As an initial matter, the Order observes that the facts alleged in the Complaint establish that an interception did not occur until someone – in this case NebuAd – acquired the contents of the communications at issue. Order at 7-8. The Complaint – amended twice already – never alleges facts to establish that WOW acquired the contents of the communications, and logic dictates that WOW could not *disclose* or use the contents of communications without first *acquiring* those contents. This alone should be sufficient to warrant dismissal of the remaining claims under Sections 2511(1)(c) and (d).

Moreover, the statutory language makes clear that a person cannot violate Sections 2511(c) and (d) unless that person "know[s] or ha[s] reason to know that the information *was* obtained through the interception of a[n] . . . electronic communication in violation of this subsection." 18 U.S.C. §§ 2511(c), (d) (emphasis added). In other words, a person cannot violate Sections 2511(c) or (d) until *after* an unlawful interception has occurred. *See McCann v. Iroquois Mem. Hosp.*, 622 F.3d 745, 753 (7th Cir. 2010) (defendants "could only be liable [under §§ 2511(1)(c) or (d)] only if they had reason to know the recording was made illegally and they used or disclosed the recording"). Thus, Plaintiffs cannot make out a claim against WOW under §§ 2511(1)(c) or (d) unless they can allege facts establishing that *after* the interception occurred,

-3-

WOW used or disclosed the contents of the communication, knowing or having reason to know that the communication was intercepted illegally.

The Complaint alleges no such thing. Instead, Plaintiffs base their "disclosure" claim on WOW's purported disclosure of the communications *to NebuAd* prior to NebuAd's acquisition of the contents of those communications. (Compl. ¶ 89.) As noted above, an unlawful disclosure of the contents of an intercepted communication cannot precede the interception itself. *See* 18 U.S.C. § 2511(1)(c). Plaintiffs' "use" claim also fails. Plaintiffs base their Section 2511(1)(d) claim on the secondary liability theory the Court rejected in its order. (*See* Compl. ¶¶ 90-107, containing the allegations supporting the "use" claim under the theory that "Defendant and NebuAd acted jointly and severally"); *see also* Order at 8-10 (rejecting Plaintiffs' secondary liability theory). Plaintiffs allege that *NebuAd* used the contents of the communications to perform marketing analyses and to serve targeted advertisements, attempting to later impute these alleged uses to NebuAd through the use of the conclusory language "Defendant *and NebuAd* used the intercepted communications." (Compl. ¶¶ 93-94, 99.) For the same reasons the Court held that WOW cannot be secondarily liable for NebuAd's interception of the communications, WOW cannot be secondarily liable for NebuAd's use of those communications.

Plaintiffs simply do not and cannot allege that WOW ever disclosed or used the contents of their communications at any point after any alleged interception occurred. For this reason, the dismissal of Plaintiffs' Section 2511(1)(c) and (d) claims follows automatically from the Court's conclusion that WOW never intercepted – that is, acquired – the contents of Plaintiffs' communications.

## IV. THE COURT SHOULD DENY PLAINTIFFS' ADDITIONAL REQUESTS FOR RELIEF.

Plaintiffs' primary concern is with challenging the Court's dismissal of the interception claim under Section 2511(1)(a). They seek alternatively leave to amend, reconsideration, or an interlocutory appeal. None of those requests are proper.

### A. Plaintiffs Should Not Be Granted Leave To Amend Their Complaint.

Plaintiffs first state that they "wish to file an amended complaint." However, except for an amendment as a matter of course, a party may only amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs do not have WOW's written consent, and the Court's Order did not grant Plaintiffs leave to amend.

Plaintiffs have had *four* chances since November 2008 to state a claim against WOW under the ECPA.[1] Disappointed with the outcome of their original claims, Plaintiffs seek leave to raise, for the first time, a claim under 18 U.S.C. § 2511(3)(a), which they claim "may entail relitigation of whether WOW acquired the contents of Plaintiffs' communications and is directly liable for this conduct." (Pfs.' Position Paper at 2.) They do not explain why they should be able to amend to add such a claim after three years and four complaints, nor do they articulate how they can or would allege sufficient facts to state such a claim. Further, Plaintiffs have not sought formal amendment through a Rule 15 motion. If they had, WOW would oppose that motion.

---

[1] Tellingly, and as set forth in WOW's briefing on the Motion to Dismiss, Plaintiffs' counsel has already spent *years* litigating from start to finish the *same* claims about the *same* exact five-plus year old NebuAd technology against *five* other ISPs – all before amending Plaintiffs' complaint here – and yet *still* seeks to now evade the Court's Order by "relitigating" plowed ground and revising allegations with purported "new facts."

-5-

### B. Plaintiffs' Footnoted Motion For Reconsideration Should Be Denied As An Attempt To Relitigate The Dismissed Interception Claim.

Plaintiffs argue that the "[T]he Federal Rules of Civil Procedure do not explicitly provide a mechanism for [the] Court to reconsider an order granting in part a motion to dismiss, or for that matter interlocutory orders of any kind." *Caine v. Burge*, --- F. Supp. 2d ----, 2012 WL 4061213, at *1 (N.D. Ill. Sept. 14, 2012). Some courts, however, have construed motions to reconsider interlocutory orders as arising under Federal Rule of Civil Procedure 54(b), a discretionary rule that provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may* be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added); *see Caine*, 2012 WL 4061213, at *1 (collecting cases).

Motions to reconsider "should be granted only in rare circumstances," and "[a] party moving for reconsideration bears a heavy burden." *Caine*, 2012 WL 4061213, at *2 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) and *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).) "A motion for reconsideration brought pursuant to Rule 54(b) may be granted where the Court has obviously misunderstood a party, where the Court's decision rests on grounds outside the adversarial issues presented to the Court by the parties, where the Court has made an error not of reasoning but of apprehension, where there has been a controlling or significant change in the law since the submission of the issue to the Court, or where there has been a controlling or significant change in the facts of the case." *Caine*, 2012 WL 4061213, at *2 (collecting cases).

Plaintiffs' argument for reconsideration consists of one footnote that does not present *any* of the grounds for reconsideration outlined by the court in *Caine*. (*See* Pfs.' Position Paper at 3

n.2.) Instead, Plaintiffs simply argue that the Court misunderstood when NebuAd analyzed the contents of Plaintiffs' communications relative to when NebuAd acquired those contents. (*Id.*) The Court committed no error when it concluded that WOW did not intercept Plaintiffs' communications because it never acquired the contents of those communications. Indeed, the Tenth Circuit's recent decision in *Kirch v. Embarq Management Co.*, --- F.3d ----, 2012 WL 6720670 (10th Cir. Dec. 28, 2012), further reinforces the wisdom of the Court's conclusion. In *Kirch*, the court affirmed the district court's grant of summary judgment on virtually the same legal grounds as the Court's dismissal of Plaintiffs' Section 2511(1)(a) claim in the Order.[2]

Plaintiffs do not explain why this purported error warrants reconsideration of the Court's dispositive finding that **WOW** never acquired the contents of the communications. More importantly, "[a] motion for reconsideration is ***not*** an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Caine*, 2012 WL 4061213, at *2. Because Plaintiffs merely re-hash arguments they could have made in the briefing on the motion to dismiss, their motion for reconsideration should be denied.

C. **Plaintiffs' Proposed "Partial Judgment" Would Not Entitle It To Seek Expedited Appellate Review.**

Finally, Plaintiffs suggest that the Court "enter a partial judgment on the partial dismissal in its Order and stay litigation of remaining claims pending appellate resolution of issues relating to Plaintiffs' § 2511(1)(a) claims." As with their putative motion for reconsideration, Plaintiffs

---

[2] The court also held that the ISP could not be liable for an interception under the ECPA because any access it had to the plaintiffs' communications was "in the ordinary course of its core business as an ISP transmitting data over its equipment." 2012 WL 6720670, at *3. This finding further illustrates why Plaintiffs cannot maintain a claim against WOW under the ECPA.

provide no legal authority to support this proposed course of action. The applicable rules and case law make clear that the Court should deny this unorthodox request.

Courts of appeal only have jurisdiction to review "all final decisions of the district courts." 28 U.S.C. § 1291. In an action that presents multiple claims for relief, the district court "***may*** direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). Otherwise, an order that disposes of only some claims "does not end the action as to any of the claims" and may not be immediately appealed. *Id.*

"[T]he district court must determine whether there is 'no just reason for delay' by weighing the equities and judicial efficiency." *Continental Datalabel, Inc. v. Avery Dennison Corp.*, No. 09-C-5980-GF, 2012 WL 6091248, at *2 (N.D. Ill. Dec. 7, 2012). Factors the court may consider in making such a determination include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

As outlined in more detail in Section III, above, Plaintiffs' claims under Sections 2511(1)(c) and (d) are ***not*** separable from the dismissed Section 2511(1)(a) claim. Indeed, WOW has argued that the dismissal of the Section 2511(1)(a) claim compels dismissal of the remaining claims. Allowing Plaintiffs to keep their Section 2511(1)(c) and (d) claims in stasis while they appeal the Section 2511(1)(a) claim virtually guarantees that the Seventh Circuit will have to decide the same or overlapping issues in multiple appeals. On the other hand, if the

Court dismisses the claims under Sections 2511(1)(c) and (d), as WOW has requested, Plaintiffs will also have the final judgment they desire.

In the alternative, if Plaintiffs would like to immediately appeal the Court's dismissal of their Section 2511(1)(a) claim, they always have the option of voluntarily dismissing the remaining claims *with prejudice*. The Seventh Circuit has recognized that, in the absence of a final judgment on a partial dismissal pursuant to Rule 54(b), a plaintiff must voluntarily dismiss the remaining claims with prejudice if he wants to take an immediate appeal. *Boland v. Engle*, 113 F.3d 706, 714 (7th Cir. 1997) ("Boland was therefore able to get his case into this court only because the District Court agreed to dismiss his entire action with prejudice . . .").

## V.  CONCLUSION

Plaintiffs and WOW both recognize that it would be futile to proceed with Plaintiffs' claims under Sections 2511(1)(c) and (d) in light of the Court's Order dismissing the interception claim. Both of those claims should be dismissed because Plaintiffs have not alleged that WOW disclosed or used the contents of any intercepted communications *at all*, let alone after those communications were intercepted by anyone. Plaintiffs' remaining requests should be rejected, and regardless, the Court's dismissal of the Section 2511(1)(c) and (d) claims will provide the final judgment Plaintiffs need to proceed to appeal.

Dated:  January 10, 2013   Respectfully submitted,

       /s/ Thomas A. Counts
Thomas A. Counts (*Pro Hac Vice*)
Bar Registration No. CA 148051
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105
Telephone:  (415) 856-7000
Facsimile:   (415) 856-7100

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2013, I electronically filed the foregoing DEFENDANT WIDEOPENWEST FINANCE, LLC'S POSITION STATEMENT REGARDING PLAINTIFFS' CLAIMS UNDER 18 U.S.C. §§ 2511(1)(c) AND (d) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiffs and their e-mail addresses on file with the Court.

Michael J. Aschenbrener, Esq.
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606
Telephone: (312) 462-4922
Facsimile: (312) 462-4923
Email: mja@aschenbrenerlaw.com

Scott A. Kamber, Esq. (*pro hac vice*)
David A. Stampley, Esq. (*pro hac vice*)
Grace E. Parasmo, Esq. (*pro hac vice*)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY 10005
Telephone: (212) 920-3072
Facsimile: (212) 920-3081
Email: skamber@kamberlaw.com;
dstampley@kamberlaw.com;
gparasmo@kamberlaw.com

Brian Panish, Esq. (*pro hac vice*)
Rahul Ravipudi, Esq. (*pro hac vice*)
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
Email: panish@psblaw.com;
ravipudi@psblaw.com

The following non-CM/ECF participant (counsel for Plaintiffs) will be served by United States Postal Service, Certified Mail/Return Receipt via First Class Mail, postage prepaid, as follows:

Joseph H. Malley, Esq. (*pro hac vice*)
Law Office of Joseph H. Malley, P.C.
1045 North Zang Boulevard
Dallas, TX 75208
Telephone: (214) 943-6100
Facsimile: (214) 943-6170
Email: malleylaw@gmail.com

        /s/ Thomas A. Counts
        Thomas A. Counts

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC