IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOBSKY, individually and on behalf of themselves and all others similarly situated,<br><br>        *Plaintiffs,*<br><br>v.<br><br>WIDEOPEN WEST, FINANCE, LLC, a Delaware Corporation,<br><br>        *Defendant*. | No. 09 C 7653<br>The Hon. Edmond E. Chang |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, *INSTANTER*

Plaintiffs Dan Valentine and W. Brand Bobobsky ("Plaintiffs") respectfully move this Court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and pursuant to the Court's minute entry dated January 23, 2013 [R. 160], that the Court grant them leave to file a Third Amended Complaint and that it be deemed filed *instanter*. A copy of Plaintiffs' proposed, Third Amended Complaint is attached hereto as Appendix A.

In support of Plaintiffs' motion, Plaintiffs state as follows:

1. On December 20, 2012, the Court granted Defendant WideOpen West Finance, LLC's ("Defendant" or "WOW") motion to dismiss the Plaintiffs' interception claim under ECPA, Title 18, U.S. Code, Section 2511(1)(a). [R. 157]

2. The Court held that WOW did not intercept Plaintiffs' and Class Members' electronic communications and that WOW "merely facilitated NebuAd's acquisition of Plaintiffs' information" by diverting the communications to NebuAd. [R. 157 at 7-8] The Court

held that *NebuAd* intercepted Plaintiffs' communications, and that it did so without Plaintiffs' consent. *Id.* at 8 and 11-13. The Court further noted that the "procurer of an interception has indeed engaged in a violation of §2511(a), and may thus be sued by the person whose communication was intercepted." *Id*. at 11 n. 3.

3.     Given the Court's holding that NebuAd intercepted Plaintiffs' communications without consent and the Court's acknowledgement of the availability of civil liability for procurement of interception under the ECPA, Plaintiffs seek to amend their complaint to allege that WOW's conduct violated the ECPA, Title 18, U.S. Code, Section 2511(1)(a), in that WOW procured NebuAd's interception of Plaintiffs' communications.

4.     Further, given the Court's holding that NebuAd acquired the content of Plaintiffs' communications without their consent (*id*. at 7-8, 12), Plaintiffs also seek to amend the complaint to allege that WOW, as an electronic communications service provider, violated ECPA, Title 18, U.S. Code, Section 2511(3)(a) by intentionally divulging the contents of Plaintiffs' communications to NebuAd without Plaintiffs' consent.

5.     The interest of justice requires that the pleadings be amended to best serve the interests of the Plaintiffs and the proposed class, particularly because WOW has chosen to enforce its mandatory arbitration clause, which explicitly carves out ECPA claims [R. 123 at 13]. Without such leave, Plaintiffs will be unable to pursue these claims.

6.     When considering amendments to pleading prior to trial, Rule 15(a) provides that the Court should freely grant leave when justice requires. Leave should be freely given absent reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord*, *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

7. In the granting of this motion, the proposed changes would not cause any prejudice to any defendant. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); *Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("[i]n the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely").

8. A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 748, 597 (5th Cir. 1981).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (A) granting leave to file the proposed, Third Amended Complaint, a copy of which is attached hereto as Appendix A; (B) deeming the Third Amended Complaint filed *instanter*; and (C) granting any further or other relief the Court deems just.

Dated: February 13, 2013 　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　KAMBERLAW, LLC

　　　　　　　　　　　　　　　　　　　By: /s/ David A. Stampley
　　　　　　　　　　　　　　　　　　　　　David A. Stampley (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　KamberLaw, LLC
　　　　　　　　　　　　　　　　　　　　　100 Wall St., 23rd Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 920-3071
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 202-6364

　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiffs, on behalf
　　　　　　　　　　　　　　　　　　　　　of themselves and all others similarly situated