**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOSKY, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WIDEOPEN WEST FINANCE, LLC, a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)  Case No. 09-cv-7653<br>)<br>)  March 6, 2013<br>)<br>)<br>)  Judge Edmond E. Chang<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT WIDEOPENWEST
FINANCE, LLC TO STRIKE PLAINTIFFS' UNTIMELY FILED
MOTION FOR RECONSIDERATION, TO AMEND, SUPPLEMENT TO PLAINTIFFS'
POSITION STATEMENT, AND DOCUMENTS FILED IN SUPPORT THEREOF**

-i-

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................................... 2

III.    LEGAL STANDARD .......................................................................................................... 5

IV.    PLAINTIFFS' LATE-FILED DOCUMENTS SHOULD BE STRICKEN ....................... 6

V.    CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Contreras v. Suncast Corp.*,
  129 F. Supp. 2d 1173 (N.D. Ill. 2001) ...................................................................................6

*Goodloe v. Nat'l Wholesale Co., Inc.*,
  No. 03-7176 (N.D. Ill. July 16, 2004) ....................................................................................6

*In re African-American Slave Descendants Litig.*,
  375 F. Supp. 2d 721 (N.D. Ill. 2005) .....................................................................................5

*United States v. Dicosola*,
  No. 12-CR-446, 2013 WL 505223 (N.D. Ill. Feb. 12, 2013) ................................................6

### STATUTES

18 U.S.C. § 2511(1) ........................................................................................................................3

### OTHER AUTHORITIES

Local Rule 78.3 ...........................................................................................................................5, 6

I.   **INTRODUCTION**

Rules exist for a reason.  In the litigation context, the Court's rules provide a framework to ensure timeliness, efficiency, order, and perhaps most importantly, fairness to the parties.  Plaintiffs here have now flouted the Court's scheduling orders not once, not twice, not *four* times, but on *six* different occasions.  Every time, WOW[1] has been forced to adjust on the fly, and in most cases, has simply had less time to prepare its own briefing.  To make matters worse, Plaintiffs' casual disregard for the Court's schedule has grown more and more brazen.

Plaintiffs and their counsel, self-described experts in the fields of complex commercial and privacy disputes, know how to seek an extension of time when they need one.  Early in this litigation, they did just that.  Since then, however, Plaintiffs have repeatedly ignored the deadlines set by the Court (and in one instance, by Plaintiffs themselves), each time without repercussion, and to the prejudice of WOW.

In the latest instance, following the dismissal of the central claim in their Second Amended Complaint, Plaintiffs were ordered to file by February 13, 2013 a *single brief* to more fully flesh out requests for relief sought in their original Position Statement.  They filed a supplemental position statement and a motion for leave to amend the complaint on February 14 – already late.  But it was not until nearly a week later – February 19, 2013 – that Plaintiffs finally filed their notice of motion and motion for reconsideration.

Plaintiffs should not be permitted to simply ignore Court orders and file briefs and motions whenever they desire, allowing them to hamstring WOW's ability to respond.  The Court has the authority to strike any late-filed document, and Plaintiffs' chronic disregard for the

---

[1] "WOW" refers to Defendant WideOpen West Finance, LLC.

-1-

briefing schedule would justify an order striking Docket Nos. 161, 161-1, 162, 163, 164, 165, and 166. WOW respectfully requests that the Court do so, or in the alternative, strike Plaintiffs' Notice of Motion and Motion for Reconsideration (Dkt. Nos. 165 – 166), which were filed nearly a week late.

## II.     FACTUAL BACKGROUND

Plaintiffs' long history of noncompliance with the procedural schedule began shortly after the status hearing held on April 7, 2011 following the transfer of this action from Judge Shadur. At that status hearing, the Court ordered WOW to file a second motion to dismiss by April 21, 2011 (later extended to April 25, 2011). (Dkt. Nos. 55, 58.) WOW complied with the Court's deadline. (Dkt. Nos. 59-61.)

Plaintiffs' counsel then demonstrated that they know how to seek an enlargement of time when they need one. Anticipating that they would not be able to meet the Court's May 16, 2011 deadline, counsel for Plaintiffs contacted counsel for WOW and requested a one-week extension to respond to WOW's motion. (Dkt. No. 62 ¶ 5.) WOW agreed, and the Court granted Plaintiffs' motion for enlargement of time, ordering Plaintiffs to respond to WOW's motion by May 23, 2011. (Dkt. No. 64.)

Instead of following the schedule *they* set, ordered after the extension *they* requested, Plaintiffs refused to timely file and missed the Court-ordered deadline by several days. (Dkt. No. 65.) WOW was then faced with a decision – prepare a reply by the deadline in four fewer days, or spend time and resources negotiating with Plaintiffs for an extension. WOW chose the latter option, requesting that it be permitted additional time to prepare its reply. (Dkt. Nos. 66, 68.)

In the interim, WOW moved to compel arbitration on six of the seven counts in Plaintiffs' complaint and Plaintiffs moved for leave to file a first amended complaint. (Dkt. Nos. 69, 101.) Upon granting the motion to compel arbitration, the Court also granted Plaintiffs'

-2-

motion for leave to amend, dismissed WOW's motion to dismiss without prejudice as moot, and ordered that the lone remaining claim for interception under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), be stayed pending arbitration. (Dkt. No. 123 at 15.)

Once again, Plaintiffs chose to ignore the timeline dictated by the Court's order. Instead, they elected to forego the arbitrable claims in favor of pursuing the lone remaining claim under the ECPA. (Dkt. No. 126.) On May 2, 2012, Plaintiffs wrote a letter to the Court, stating that they would "respectfully move this Court, by Monday, May 7, to permit Plaintiffs to file a second amended complaint." (Dkt. No. 129.)

***Once again*** – for a ***third*** time now – Plaintiffs failed to meet a deadline (this time their own), filing their motion for leave to amend two days later, on May 9, 2012. (Dkt. No. 130.) Nonetheless, at a May 24, 2012 hearing, the Court granted Plaintiffs leave to file their second amended complaint, which they did on May 25, 2012. (May 24, 2012 Hearing Transcript at 5:11-24; Dkt. No. 135.)

The Court ordered WOW to respond to the complaint by June 8, 2012, and WOW complied with the Court's deadline. (Dkt. No. 136.) The same day, WOW moved to strike the class allegations from the complaint. (Dkt. No. 139.) Plaintiffs *again* filed an unopposed motion for a two-week extension to respond to both motions. (Dkt. No. 142.) Shortly thereafter, the Court granted the motion, ordering Plaintiffs to respond to both of WOW's motions by July 6, 2012. (Dkt. No. 144.)

Plaintiffs failed to follow orders for the ***fourth*** time. On July 6, Plaintiffs filed only one brief – an opposition to WOW's motion to strike. (Dkt. No. 145.) Three days later, without explanation, Plaintiffs filed an untimely opposition to WOW's motion to dismiss. (Dkt. No. 146.) WOW *again* faced a choice between preparing a reply on a shortened schedule due to

Plaintiffs' noncompliance or negotiating with Plaintiffs for additional time. This time, WOW chose to simply comply with its own deadline of July 20 to reply to both oppositions. (Dkt. Nos. 148, 149.)

After the Court dismissed the central claim in Plaintiffs' complaint, it directed the parties to file position statements regarding a single, narrow issue: "whether Plaintiffs wish to pursue [potentially remaining] §§ 2511(1)(c) and (d) claims, and if so, what Plaintiffs propose as the next step in the litigation." (Dkt. No. 157, at 11.)

Plaintiffs again – for the *fifth* time – failed to follow the Court's Order. Their position statement far exceeded the scope of the Court's order. It argued that the claims under sections 2511(1)(c) and (d) remained pending before the court, but indicating *no* desire to pursue those claims. (Dkt. No. 158, at 2.) Next, Plaintiffs suggested a desire to move for *three* different forms of relief: (1) leave to file a *third* amended complaint; (2) reconsideration of the Court's order on the motion to dismiss; and (3) a partial final order on the Court's dismissal of the interception count. (*Id.* at 3-4.) Plaintiffs did not provide a single citation to a statute or case authorizing any of the three forms of relief sought. (*See id.*)

This time, the prejudice to WOW was even more pronounced. Plaintiffs forced WOW to choose between bearing the burden of divining Plaintiffs' basis (if any) for such relief and preparing an adequate response, or risking the Court granting one or all of Plaintiffs' unfounded requests for relief.

WOW opted for the former approach. It prepared a brief, complete with citation to the appropriate authorities, explaining why none of the relief sought by Plaintiffs was appropriate. (Dkt. No. 159.) On January 23, 2013, the Court ordered Plaintiffs to file, by February 13, 2013,

-4-

a *single* brief to more fully flesh out the requests made in Plaintiffs' original position statement. (Dkt. No. 160).

Despite having the benefit of WOW's briefing on the issues, Plaintiffs *again* allowed the February 13 deadline to lapse without filing the brief ordered by the Court. The next day, contrary to the Court's order, Plaintiffs filed *five* documents: (1) a notice of motion for leave to amend; (2) a [proposed] third amended complaint; (3) a notice of motion for leave to file an amended complaint; (4) a motion for leave to amend; and (5) a supplement to Plaintiffs' position statement. (Dkt. Nos. 161 – 164.) In the supplement to Plaintiffs' position statement, Plaintiffs represented to the Court that they "*herewith* file a motion for reconsideration." (Dkt. No. 164 § B (emphasis added).)

This statement, of course, was plainly false. Plaintiffs did not file a motion for reconsideration concurrently with their supplemental position statement. It was not until five days later, on February 19, 2013, that Plaintiffs belatedly filed their notice of motion and motion for reconsideration (the *sixth* time they had flatly ignored a Court order). (Dkt. Nos. 165 – 166.) These filings, of course, made no effort to address or correct the misrepresentation in Plaintiffs' supplemental position statement, nor did they explain why Plaintiffs had yet again disregarded a deadline set by the Court.

### III. LEGAL STANDARD

Local Rule 78.3 provides that "[t]he Court may set a briefing schedule." Pursuant to the same rule, "[f]ailure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing." L.R. 78.3.

Courts in this district can and do exercise this power. *See, e.g., In re African-American Slave Descendants Litig.*, 375 F. Supp. 2d 721, 743 n.20 (N.D. Ill. 2005) (same) (automatically

granting motion to dismiss due to plaintiffs' failure to timely respond to motion to dismiss); *Goodloe v. Nat'l Wholesale Co., Inc.*, No. 03-7176 (N.D. Ill. July 16, 2004) (deeming plaintiff's failure to respond to a motion as a waiver of his right to do so); *Contreras v. Suncast Corp.*, 129 F. Supp. 2d 1173, 1177 (N.D. Ill. 2001) (same). *See also United States v. Dicosola*, No. 12-CR-446, 2013 WL 505223, at *3 (N.D. Ill. Feb. 12, 2013) (excusing defendant's failure to file reply brief, despite L.R. 78.3, only because the defendant was proceeding *pro se*).

## IV. PLAINTIFFS' LATE-FILED DOCUMENTS SHOULD BE STRICKEN

Plaintiffs have repeatedly ignored the Court-ordered briefing schedule in this action, without ever providing an adequate explanation (or any explanation at all) for their delay. This is not a case, such as *Dicosola*, in which Plaintiffs' failure to adhere to deadlines could be excused because they are proceeding *pro se*. *Cf. Dicosola*, 2013 WL 505223, at *3. To the contrary, Plaintiffs have extolled their counsel's "nationally recognized experience in complex technology and privacy issues." (Dkt. No. 146, at 2 n.2.) Nor is this a case in which Plaintiffs' counsel do not know how to seek additional time for briefing if more time is needed. In fact, they sought, and were granted, extensions of time on two different occasions (Dkt. Nos. 62, 64, 142, 144), and *still* failed to comply with the Court's *extended* deadlines (*see* Dkt. Nos. 65, 146). With respect to the latest round of briefing, Plaintiffs never reached out to seek additional time, *still* missed the deadline, and – perhaps most egregiously – spent additional time preparing an already-late motion for reconsideration and filing it *five days after they misrepresented to the Court it was filed*. (*Compare* Dkt. No. 164 § B (asserting that the motion for reconsideration was filed "herewith" on February 13, 2013) *with* Dkt. Nos. 165-166 (notice of motion and motion for reconsideration *actually* filed on February 19, 2013).)

Plaintiffs' noncompliance with the Court's orders regarding the timing and scope of briefing has repeatedly prejudiced WOW. Each time Plaintiffs missed a deadline, WOW had to

choose between preparing their responsive brief on a truncated schedule or expending time and resources negotiating for its own extension.

Even more egregious were the effects of Plaintiffs' most recent late filings. With respect to their initial position statement, Plaintiffs requested three separate forms for relief without fully briefing the issues, instead framing their requests in a conclusory manner. (Dkt. No. 158, at 3-4.) WOW's response provided legal authority explaining why none of the requested forms of relief were proper. (Dkt. No. 159.) Plaintiffs then received a 'second bite at the apple' (having enjoyed the benefit of previewing WOW's arguments), and prepared more complete briefs in support of their motion for leave to amend and motion for reconsideration, which they *still* filed after the deadline set by the Court. (Dkt. Nos. 161, 161-1, 162, 163, 165, 166.) This turns the traditional burdens associated with briefing motions on their head, essentially unfairly rewarding Plaintiffs for inadequately supporting their requests in the first instance.

Simply put, the Court has the discretion to sanction Plaintiffs' failure to adhere to the briefing schedule by striking all of the late-filed documents, and has ample reason to do so here. While Plaintiffs' latest briefs are without merit, and WOW intends to oppose both motions by the Court's March 6, 2013 deadline, Plaintiffs' repeated disregard for Court-ordered deadlines and attempts to jam WOW on scheduling are separate issues appropriately redressed through a motion to strike. Plaintiffs' chronic disregard for the Court's orders with respect to the timing and substance of briefing has prejudiced WOW by unnecessarily delaying the resolution of this action, increasing the costs of litigation, and requiring WOW to repeatedly brief issues that should have been disposed of when first raised by Plaintiffs.

## V.     **CONCLUSION**

Enough is enough. Plaintiffs' second amended complaint failed to allege facts to support any claim on which relief could be granted. Given that the complaint represented Plaintiffs'

*fourth* attempt to impose liability on WOW for an alleged violation of the ECPA, the Court would have been well within its discretion to dismiss the complaint in its entirety with prejudice in granting WOW's motion to dismiss. If Plaintiffs have shown anything in this latest round of briefing, it is that they intend to continue to prolong this litigation[2] at any cost, at their own pace, and without regard for the Court's orders. For all of those reasons, WOW hereby requests that the Court strike all of Plaintiffs' late-filed documents, including Plaintiffs' Notice of Motion and Motion for Reconsideration (Docket Nos. 165 – 166).

Dated: March 6, 2013               Respectfully submitted,

/s/Thomas A. Counts
Thomas A. Counts (*Pro Hac Vice*)
Bar Registration No. CA 148051
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC

---

[2] The five other related actions filed in 2009 by Plaintiffs' counsel against the other ISP defendants from the original *NebuAd* action have *all* been decided in the ISPs' favor and have either been dismissed or ordered to arbitration. Only this matter remains.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2013, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT WIDEOPENWEST FINANCE, LLC TO STRIKE PLAINTIFFS' UNTIMELY FILED MOTION FOR RECONSIDERATION, TO AMEND, SUPPLEMENT TO PLAINTIFFS' POSITION STATEMENT, AND DOCUMENTS FILED IN SUPPORT THEREOF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiffs and their e-mail addresses on file with the Court.

Michael J. Aschenbrener, Esq.
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL  60606
Telephone:  (312) 462-4922
Facsimile:  (312) 462-4923
Email:  mja@aschenbrenerlaw.com

Scott A. Kamber, Esq. (*pro hac vice*)
David A. Stampley, Esq. (*pro hac vice*)
Grace E. Parasmo, Esq. (*pro hac vice*)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY  10005
Telephone:  (212) 920-3072
Facsimile:  (212) 920-3081
Email:  skamber@kamberlaw.com;
dstampley@kamberlaw.com;
gparasmo@kamberlaw.com

Brian Panish, Esq. (*pro hac vice*)
Rahul Ravipudi, Esq. (*pro hac vice*)
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA  90025
Telephone:  (310) 477-1700
Facsimile:  (310) 477-1699
Email:  panish@psblaw.com;
ravipudi@psblaw.com

The following non-CM/ECF participant (counsel for Plaintiffs) will be served by United States Postal Service, Certified Mail/Return Receipt via First Class Mail, postage prepaid, as follows:

Joseph H. Malley, Esq. (*pro hac vice*)
Law Office of Joseph H. Malley, P.C.
1045 North Zang Boulevard
Dallas, TX  72508
Telephone:  (214) 943-6100
Facsimile:  (214) 943-6170
Email:  malleylaw@gmail.com

s/ Thomas A. Counts
Thomas A. Counts

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC