**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOSKY, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WIDEOPEN WEST FINANCE, LLC, a Delaware Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 09-cv-7653<br>)<br>) March 6, 2013<br>)<br>)<br>) Judge Edmond E. Chang<br>)<br>)<br>) |

**DEFENDANT WIDEOPENWEST FINANCE, LLC'S ("WOW") OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT,
*INSTANTER***

**TABLE OF CONTENTS**

I.    BACKGROUND .................................................................................................................. 1

II.    LEGAL STANDARDS ...................................................................................................... 4

III.    ARGUMENT ...................................................................................................................... 7

    A.    First, Plaintiffs Have Already Had Ample Opportunity To Amend Their Complaint And Have Yet To State A Claim Upon Which Relief Can Be Granted. ..................................................................................................................... 7

    B.    A Second Reason To Deny Plaintiffs' Motion Is That WOW Has Already Been Substantially Prejudiced By Plaintiffs' Serial Amendments. ....................... 7

    C.    Third, WOW Will Be Further Prejudiced If The Court Grants The Motion Because It Will Have To Engage In Yet Another Round Of Briefing To Address Plaintiffs' Novel Theories. ......................................................................... 8

    D.    Denial Of The Motion Is Also Warranted Because Plaintiffs Offer No Justification For Their Delay In Adding The Two New Claims. .......................... 9

IV.    CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Bohen v. East Chicago*,
    799 F.2d 1180 (7th Cir. 1986) ...................................................................................6

*Campania Mgmt. Co. v. Rooks, Pitts & Poust*,
    290 F.3d 843 (7th Cir. 2002) ................................................................................6, 10

*Conyers v. Abitz*,
    416 F.3d 580 (7th Cir. 2005) ...................................................................................6

*Johnson v. Cypress Hill*,
    641 F.3d 867 (7th Cir. 2011) ("*Cypress Hill*") ........................................................4

*Johnson v. Methodist Med. Center*,
    10 F.3d 1300 (7th Cir. 1993) ("*Johnson*") ...............................................5, 6, 8, 9

*King v. Schieferdecker*,
    Case No. 11-3225, 2012 WL 5259204 (7th Cir. Oct. 25, 2012)..................4, 5, 7, 8

*Park v. City of Chicago*,
    297 F.3d 606 (7th Cir. 2002) ...................................................................................4

*Sanders v. Venture Stores*
    56 F.3d 771, 772 (7th Cir. 1995) ...........................................................................10

*Soltys v. Costello*,
    520 F.3d 737 (7th Cir. 737) ....................................................................................6

*Tamari v. Bache & Co. S.A.L.*,
    838 F.2d 904 (7th Cir. 1988) ...................................................................................4

*Thompson v. Ill. Dept. of Prof. Reg.*,
    300 F.3d 750 (7th Cir. 2002) .........................................................................4, 5, 7, 8

*Valentine v. NebuAd, Inc.*,
    Case No. 08-05113, 2009 U.S. Dist. LEXIS 93454 (N.D. Cal. Oct. 5, 2009)...........1

### STATUTES

18 U.S.C. § 2510 *et seq.*......................................................................................................2

18 U.S.C. § 2511(1)(a)..................................................................................................2, 3, 8

18 U.S.C. § 2511(1)(c) and (d) ............................................................................................9

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

18 U.S.C. § 2511(2)(d) ............................................................................................................2

18 U.S.C. § 2511(3)(a)..................................................................................................3, 8, 10

18 U.S.C. § 2511(a) ................................................................................................................3

Plaintiffs have filed four complaints over the past four years in an unsuccessful bid to state a viable claim against WOW. Plaintiffs' proposed Third Amended Complaint – their *fifth* attempt – does not allege a *single* new fact and attempts to assert two brand new claims that could have been raised in the original complaint, without any explanation for their four plus year delay. Enough is enough. Plaintiffs have not stated and cannot state a claim against WOW. Requiring the parties to go through another round of pleading challenges to prove that point would simply be unfair in this years-old case.

WOW respectfully requests that the Court deny Plaintiffs' latest Motion for Leave to Amend on at least the following bases: (1) Plaintiffs have tried and failed to state a claim upon which relief can be granted in *four* previous complaints; (2) WOW has already faced substantial prejudice in briefing three previous motions to dismiss; (3) WOW will face additional prejudice in defending these new claims; and (4) Plaintiffs have offered no legitimate reason for their delay in seeking this amendment.

**I.     BACKGROUND**

This lawsuit originated from a complaint filed by Plaintiff Valentine, among others, in the United States District Court for the Northern District of California almost five years ago. *Valentine v. NebuAd, Inc.*, Case No. 08-05113, 2009 U.S. Dist. LEXIS 93454, at *6 (N.D. Cal. Oct. 5, 2009). (*See also* Dkt. No. 157 at 3.) The court dismissed the ISPs from that action for lack of personal jurisdiction. In December 2009, Plaintiff Valentine filed his initial Class Action Complaint in this court. In that complaint, he asserted *seven* different claims against WOW. (Dkt. No. 1.) WOW filed two motions to dismiss that version of the Complaint, though neither motion was resolved on the merits by the Court. (*See* Dkt. Nos. 23, 60.)

On September 14, 2011, Plaintiff Valentine moved to amend his complaint by adding W. Brand Bobosky as an additional named Plaintiff and adding certain additional facts ascertained

from discovery ordered by the Court. (Dkt. No. 101-1 ¶¶ 6b, 55.) On March 26, 2012, the Court granted WOW's motion to compel arbitration on six of Plaintiffs' seven claims, leaving only a claim under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510 *et seq.* The ECPA claim was stayed pending the resolution of the arbitration. (Dkt. No. 123.) The Court also granted Plaintiffs' motion to amend. (*Id.*) On April 23, 2012, Plaintiffs notified the Court of their intent to forego the arbitrable claims (Dkt. No. 126), and on April 24, 2012, the Court ordered Plaintiffs to "[f]or clarity of the record and docket sheet . . . [to] separately file the amended complaint" (Dkt. No. 127). The Court did not grant leave for Plaintiffs to further amend their complaint.

On May 9, 2012, Plaintiffs filed yet *another* motion for leave to file an amended complaint, summarily representing to the Court that the amendments to the complaint were "in the best interest of the class and [to] promote efficiency for the Court and all parties." (Dkt. No. 130 ¶ 4.) Plaintiffs further represented that the requested amendment was "in light of additional evidence Plaintiffs have acquired since filing the first complaint and the relevance of that evidence to claims and defenses in this matter." (*Id.* ¶ 5.) The proposed Second Amended Complaint, however, added few factual allegations not already contained in the First Amended Complaint, aside from broad generalities about the way people communicate on the Internet. (*See* Dkt. No. 130-1 ¶¶ 33-44 (discussing the transmission of URLs associated with web browsing behavior.)

Indeed, the primary (and intended) effect of Plaintiffs' Second Amended Complaint was to remove numerous references to a document that outlined the disclosures in WOW's Terms of Service and subsequent disclosures to its customers. (*See* Dkt. Nos. 1 and 101-1 ¶¶ 4, 14, 16, 24, 26, 29, 30, 39, 47.) Presumably, Plaintiffs did not want the Court to review the disclosures contained in that document because consent defeats an ECPA claim. 18 U.S.C. § 2511(2)(d).

Because those disclosures were relied on in previous iterations of the Complaint, WOW attached them to its previous motions to dismiss in order to establish Plaintiffs' informed consent to any alleged interception. (*See* Dkt. No. 23 at 2 n.2, Dkt. No. 60 at 7-8.) Having had the benefit of previewing WOW's informed consent argument, Plaintiffs simply removed all reference to the disclosures in an effort to prevent WOW from relying on the document in any future motion to dismiss.

Nonetheless, the Court granted WOW's Motion to Dismiss Plaintiffs' interception claim on other grounds, concluding that Plaintiffs' claims were deficient. The Court held that the Complaint "[did] not adequately allege that WOW acquired Plaintiffs' electronic communications." (Dkt. No. 157 at 8.) Having now exhausted their options with respect to their interception claim under § 2511(1)(a), Plaintiffs abruptly switched course. Their proposed Third Amended Complaint does not add a ***single new*** factual allegation, and attempts to further prolong this litigation by reading into the existing factual allegations ***two new claims for relief***: a claim against WOW under 18 U.S.C. § 2511(a) for allegedly ***procuring*** NebuAd's interception of Plaintiffs' communications, and a claim against WOW under 18 U.S.C. § 2511(3)(a) for allegedly divulging the contents of Plaintiffs' communications.[1] Plaintiffs did not include ***either*** of these claims in the original *Valentine v. NebuAd* complaint or in the three previous iterations of the complaint in this action. Nor does their Motion for Leave to Amend explain why

---

[1] A document comparing the proposed Third Amended Complaint to the Second Amended Complaint is attached for the Court's convenience as Appendix A. Despite the Court's Order holding otherwise, the proposed Third Amended Complaint *still* repeatedly recites the conclusion that WOW intercepted communications in violation of 18 U.S.C. § 2511(1)(a), despite the Court's order dismissing that claim. (*See* [Proposed] Third Amended Complaint ¶¶ 8, 45-50, 53-55, 58, 60, 64, 80-83, 86-88, 92-97, 100, 118.)

Plaintiffs delayed more than four years to add these new claims. It is simply an attempt to start over several years and several complaints into the case.

## II.     LEGAL STANDARDS

Although it is true that in most instances, courts should freely grant leave to amend a complaint, "[t]he terms of the rule . . . do not mandate that leave be granted in every case." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). Indeed, "[d]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) ("*Cypress Hill*").

Prejudice is one factor that courts consider in determining whether to grant a motion for leave to amend, although a party need not necessarily show prejudice to defeat a motion to amend, as "the burden of the judicial system from allowing parties to change theories in midstream is a pertinent factor and may in appropriate cases justify a refusal to allow an amendment *even if the amendment would cause no hardship at all* to the opposing party." *Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988) (emphasis added). For example, prejudice or delay sufficient to justify denial of a motion for leave to amend occurs where the plaintiff has already received a chance to amend his complaint to fix flaws cited in a motion to dismiss, but failed to do so. *Thompson v. Ill. Dept. of Prof. Reg.*, 300 F.3d 750, 759 (7th Cir. 2002). *See also King v. Schieferdecker*, Case No. 11-3225, 2012 WL 5259204, at *2 (7th Cir. Oct. 25, 2012) ("Because King forced the defendants to brief the flaws in his complaint twice over two years, the court properly found prejudice and denied King a third opportunity to cure the problems.")

In *Thompson*, the issue extended beyond the plaintiffs' mere failure to correct the deficiencies in their original and first and second amended complaints. In that case, the court

held that the defendants had been prejudiced by the plaintiff's strategic decision to delay the filing of a motion to amend until after the defendants had moved to dismiss the previous complaints. This, the court held, "prejudiced the defendants by forcing them to articulate reasons for dismissal, and, at the same time providing [the plaintiff] with the opportunity to correct mistakes facially apparent since the first complaint after the defendants had shown their hand." 300 F.3d at 759. Likewise, in *King*, the Seventh Circuit affirmed the district court's denial of the plaintiff's second motion for leave to amend because he had already had two opportunities to cure deficiencies, including those briefed by the defendants in a motion to dismiss. 2012 WL 5259204, at *2.

Courts also consider the potential for future prejudice caused by an amended pleading. For example, the Seventh Circuit in *Thompson* also took into account the ***future*** prejudice the defendant would suffer if the plaintiff was allowed to file a third amended complaint. At that point in the case, the only deficiencies left were those that "were evident since the first complaint." 300 F.3d at 759. However, the plaintiffs had strategically delayed amendment in an effort to prolong the litigation. The *Thompson* court held that "[t]he district court did not abuse its discretion in denying further leave to amend and curtailing this cat and mouse game of motions to dismiss followed by a motion to amend." *Id.* The court concluded, "[s]ometimes ***more is not better***." *Id.* (emphasis added).

Other courts have found prejudice sufficient to deny a motion for leave to amend where, several years into litigation, plaintiffs seek to add a new theory of the case that may result in additional burdensome discovery after the granting of a potentially case-dispositive motion. *Johnson v. Methodist Med. Center*, 10 F.3d 1300, 1304 (7th Cir. 1993) (*"Johnson"*). In *Johnson*, the Seventh Circuit affirmed the district court's denial of a motion to file a third amended complaint that followed a potentially case-dispositive grant of summary judgment. *Id.*

at 1304. The court observed that, if the amendment was allowed, "[the defendant's] success in defeating all the claims in the second amended complaint would not end the lawsuit, and it would have to engage in a new contest on different issues – four years after the action was started." *Id.*

Ignoring the merits of the new theories put forth by the *Johnson* plaintiff's proposed amendment, the court carefully considered the fact that, because the preceding complaints were fairly specific in their allegations, "it was not unreasonable for [the defendant] to be taken by surprise by the proposed complaint's new allegations." *Id.* The fact that the defendant had already been forced to vigorously litigate based on the existing allegations in the complaint, paired with the plaintiff's inexplicable delay in adding the new theory, established a sufficient threat of future prejudice. *Id.* Thus, the court affirmed the district court's denial of the motion for leave to amend, reasoning that "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." *Id.*

Relatedly, a long, unjustified delay in amending a pleading can support a court's denial of a motion for leave to amend. "Although delay alone is generally insufficient to justify denying a [motion for leave to amend], the longer the delay, the greater the presumption against granting leave to amend." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 737) (internal quotes omitted) (affirming denial of leave to amend based "largely on the long delay" of 14 months). In particular, courts frown upon attempts to amend where the party seeking to amend simply "failed to act with diligence," *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) or where the material sought to be added was "mistakenly or inadvertently" omitted from the original pleading, *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). *See also Bohen v. East Chicago*, 799 F.2d 1180, 1185 (7th Cir. 1986) (affirming district court's denial of motion for leave to amend where the plaintiff's "prosecution of the case had been less than diligent").

### III. ARGUMENT

Applying these standards here, Plaintiffs' motion for leave to amend should be dismissed for no less than four independent reasons: (1) Plaintiffs have already had *four* opportunities to state a claim against WOW upon which relief can be granted; (2) WOW has already been prejudiced by having to file motions to dismiss Plaintiffs' serial amended complaints and by Plaintiffs' revisions to evade dismissal; (3) WOW will be further prejudiced by another amendment by having to defend against Plaintiffs' novel theories; and (4) Plaintiffs have provided no justification for waiting *four* years to raise their two new claims.

#### A. First, Plaintiffs Have Already Had Ample Opportunity To Amend Their Complaint And Have Yet To State A Claim Upon Which Relief Can Be Granted.

Including the complaint in *Valentine v. NebuAd*, Plaintiffs have had *four* opportunities to produce a complaint that stated a claim against WOW. In this action alone, WOW has already filed *three* motions to dismiss, each of which has pointed out flaws that Plaintiffs have attempted to remedy in their successive amended complaints. The fact that Plaintiffs have had multiple opportunities to amend their complaint is a factor that weighs against granting them leave to file yet another amended complaint. *See King*, 2012 WL 5259204, at *2 ("King had the chance in both his original complaint and again, after the defendants alerted him to its defects, in his amended complaint to cure its failings."); *Thompson*, 300 F.3d at 759 (denying motion for leave to file a third amended complaint where Plaintiffs had previously failed to correct deficiencies in the previous two versions).

#### B. A Second Reason To Deny Plaintiffs' Motion Is That WOW Has Already Been Substantially Prejudiced By Plaintiffs' Serial Amendments.

As in *Thompson* and *King*, Plaintiffs' serial amendments to their Complaint in response to WOW's motions to dismiss have already caused significant prejudice to WOW. *See Thompson*, 300 F.3d at 759 (affirming denial of motion for leave to amend where the defendants

had been prejudiced by having to articulate reasons for dismissal that informed the plaintiff's next amendment to his complaint); *King*, 2012 WL 5259024, at *2 (affirming denial of motion for leave to amend where previous amendments had forced the defendant to submit two briefs outlining the complaint's deficiencies). WOW's first two motions to dismiss focused on the issue of consent. WOW argued that its Terms of Service and subsequent disclosures, which were repeatedly relied on and cited in Plaintiffs' original and first amended complaints, had put Plaintiffs on sufficient notice to constitute consent to any alleged interceptions. (*See* Dkt. Nos. 23, 60.)

Although the Court did not reach the merits of those initial motions to dismiss, WOW's arguments informed Plaintiffs' strategy with respect to their next amendment. As noted above, Plaintiffs' Second Amended Complaint was carefully stripped of all references to the disclosures on which Plaintiffs had previously heavily relied. (*Compare* Dkt. No. 135 *with* Dkt. Nos. 1 and 101-1 ¶¶ 4, 14, 16, 24, 26, 29, 30, 39, 47.) The practical effect of these omissions was to prevent WOW from being able to rely on the disclosures in its motion to dismiss Plaintiffs' second amended complaint. (*See* Dkt. No. 157 at 12 (declining to consider the disclosures on a motion to dismiss because they were "outside the pleadings").)

Thus, Plaintiffs' repeated strategic amendments have already prejudiced WOW by forcing it to draft multiple briefs in support of its motions to dismiss.

    **C.**     **Third, WOW Will Be Further Prejudiced If The Court Grants The Motion Because It Will Have To Engage In Yet Another Round Of Briefing To Address Plaintiffs' Novel Theories.**

Furthermore, as in *Thompson* and *Johnson*, WOW will be further prejudiced if Plaintiffs' motion is granted because it will have to expend further time and resources briefing novel theories that could have been brought in Plaintiffs' original complaint. *See Thompson*, 300 F.3d at 759 (holding that district court was justified "in denying further leave to amend and curtailing

this cat and mouse game of motions to dismiss followed by a motion to amend"); *Johnson,* 10 F.3d at 1304 (finding prejudice sufficient to deny motion to amend where amendment would require the defendant "to engage in a new contest on different issues – four years after the action was started"). Over the course of four complaints, Plaintiffs have ***never once*** suggested that they intended to pursue a claim for relief against WOW under 18 U.S.C. § 2511(1)(a) for procuring an interception or under 18 U.S.C. § 2511(3)(a) for allegedly divulging the contents of Plaintiffs' communications. WOW's motion to dismiss the second amended complaint addressed all of the claims actually presented by the existing complaint. Only now, after WOW has successfully defended against the interception claim and Plaintiffs' derivative theories of disclosure and use of intercepted communications,[2] do Plaintiffs suddenly raise two new claims. If Plaintiffs' motion for leave to amend is granted, the resolution of this matter will once again be delayed. At best, WOW will have to prepare yet another motion to dismiss. At worst, the parties will have to re-enter discovery on issues Plaintiffs sat on for four years.

As in *Johnson*, the Court should hold Plaintiffs to the theories they pursued for the past four years, and against which WOW raised effective and case-dispositive arguments in its motions to dismiss and other prior motions.

### D. Denial Of The Motion Is Also Warranted Because Plaintiffs Offer No Justification For Their Delay In Adding The Two New Claims.

*Johnson* also stands for the proposition that an unjustified delay in raising new claims, particularly new claims that were available since the filing of the initial complaint, can warrant the denial of a motion for leave to amend. In *Johnson*, as in this case, the delay was four years.

---

[2] As set forth in WOW's Response to Supplement to Plaintiffs' Position Statement, filed concurrently with this Opposition, the dismissal of the interception claim is also dispositive of Plaintiffs' remaining claims under 18 U.S.C. § 2511(1)(c) and (d).

Likewise, in *Sanders v. Venture Stores*, the Seventh Circuit reviewed the district court's denial of a motion for leave to amend a complaint to add new add new claims more than two years after the filing of the initial complaint. 56 F.3d 771, 772 (7th Cir. 1995). Citing some of the same concerns regarding future prejudice as in *Johnson*, the court affirmed the denial. In doing so, the Court noted that the denial was particularly appropriate "where a plaintiff has provided no explanation as to why amendment did not take place sooner, and where the delay in filing the motion to amend would cause delay and burden the parties." *Id.* at 774-75.

Here, Plaintiffs' motion provides no explanation for their over four-year delay in raising their two new claims for the first time. Indeed, because the proposed Third Amended Complaint alleges facts ***identical*** to the previous version and substantially the same as all three previous complaints, Plaintiffs must concede that these two claims should in theory have been included in their original complaint. WOW should not be punished for Plaintiffs' "fail[ure] to act with diligence" in articulating the claims in the original complaint. *Campania Mgmt. Co.,* 290 F.3d at 849.

## IV. <u>CONCLUSION</u>

Enough is enough. All of the cases arising out of the original *NebuAd* action have been resolved. WOW vigorously and successfully defended against all of the claims raised in Plaintiffs' previous ***four*** complaints over the last four years. Granting Plaintiffs' motion for leave to amend will only further reward Plaintiffs for their dilatory tactics and prejudice WOW by forcing it to defend against claims that Plaintiffs may have held in reserve in the event that their first theory of recovery was unsuccessful. For the reasons set out above, WOW respectfully requests that the Court deny Plaintiffs' Motion For Leave To File Amended Complaint, *Instanter*.

Dated: March 6, 2012                              Respectfully submitted,

s/ Thomas A. Counts
Thomas A. Counts (*Pro Hac Vice*)
Bar Registration No. CA 148051
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Counsel for Defendant,
WIDEOPENWEST FINANCE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2013, I electronically filed the foregoing DEFENDANT WIDEOPEN WEST FINANCE, LLC'S ("WOW") OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, *INSTANTER* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiffs and their e-mail addresses on file with the Court.

Michael J. Aschenbrener, Esq.
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL  60606
Telephone:  (312) 462-4922
Facsimile:  (312) 462-4923
Email:  mja@aschenbrenerlaw.com

Scott A. Kamber, Esq. (*pro hac vice*)
David A. Stampley, Esq. (*pro hac vice*)
Grace E. Parasmo, Esq. (*pro hac vice*)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY  10005
Telephone:  (212) 920-3072
Facsimile:  (212) 920-3081
Email:  skamber@kamberlaw.com;
dstampley@kamberlaw.com;
gparasmo@kamberlaw.com

Brian Panish, Esq. (*pro hac vice*)
Rahul Ravipudi, Esq. (*pro hac vice*)
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA  90025
Telephone:  (310) 477-1700
Facsimile:  (310) 477-1699
Email:  panish@psblaw.com;
ravipudi@psblaw.com

The following non-CM/ECF participant (counsel for Plaintiffs) will be served by United States Postal Service, Certified Mail/Return Receipt via First Class Mail, postage prepaid, as follows:

Joseph H. Malley, Esq. (*pro hac vice*)
Law Office of Joseph H. Malley, P.C.
1045 North Zang Boulevard
Dallas, TX  72508
Telephone:  (214) 943-6100
Facsimile:  (214) 943-6170
Email:  malleylaw@gmail.com

s/ Thomas A. Counts
Thomas A. Counts

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC
