**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE and W. BRAND BOBOSKY, individually and on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | Case No. 09-cv-7653 |
| ) | |
| v. ) | March 6, 2013 |
| ) | |
| WIDEOPEN WEST FINANCE, LLC, a Delaware Corporation, ) ) ) | Judge Edmond E. Chang |
| Defendant. ) ) | |

**DEFENDANT WIDEOPENWEST FINANCE, LLC'S RESPONSE TO SUPPLEMENT TO PLAINTIFFS' POSITION STATEMENT**

The Court's January 23, 2013 Order directed Plaintiffs to file a supplemental brief on or before February 13, 2013 "in order to fully flesh out" Plaintiffs' requests for reconsideration, leave to amend the complaint, and a Rule 54(b) partial judgment. The Order further directed Plaintiffs to "answer the question of what to do with the 2511(1)(c) and (d) claims in the event that Plaintiffs' requested relief is denied." Plaintiffs' untimely supplemental brief[1] fails to adequately address any of the Court's requests and, for the reasons set forth below, WOW renews its position that the Court should deny Plaintiffs' instant requests for relief and dismiss the remaining 2511(1)(c) and (d) claims.

### A. The Court Should Deny Plaintiffs' Motion For Leave To Amend.

Plaintiffs separately filed a motion for leave to amend the complaint and attached a proposed Third Amended Complaint. For the reasons set forth in WOW's Opposition to Plaintiffs' Motion For Leave To File Amended Complaint, *Instanter*, filed concurrently with this Response, Plaintiffs' motion for leave to amend should be denied.

### B. The Court Should Strike, Or In The Alternative Deny, Plaintiffs' Untimely Motion For Reconsideration.

Plaintiffs' position paper requests reconsideration of the Court's order dismissing their claim for interception under 18 U.S.C. § 2511(1)(a). The position paper further represents that Plaintiffs "herewith file a motion for reconsideration." (Supplement to Pfs.' Pos. Stmt., Dkt. No.

---

[1] As set forth in WOW's Memorandum In Support of Motion By Defendant WideOpen West Finance, LLC to Strike Plaintiffs' Untimely Filed Motion for Reconsideration, to Amend, and Supplement to Plaintiffs' Position Statement, and Documents Filed in Support Thereof (Dkt. No. 168), the Court should strike all of Plaintiffs' late-filed briefs, including their supplemental position statement, based on Plaintiffs' repeated disregard for the Court's orders setting the briefing schedule in this action. However, to avoid waiving the right to respond to Plaintiffs' late-filed position statement and motions for leave to amend and for reconsideration, WOW files this Response and oppositions to Plaintiffs' two substantive motions.

164, at 1.) This statement is false - Plaintiffs filed no such motion until **nearly one week later**, on February 19, 2013.

Furthermore, for the reasons set forth in WOW's Opposition to Plaintiffs' Motion Pursuant to Rule 54(b) for Reconsideration of Dismissal of 18 U.S.C. § 2511(1)(a) Claims ( filed concurrently with this Response), Plaintiffs' motion for reconsideration should be denied.

**C. The Court Should Decline To Consider, Or In The Alternative Deny, Plaintiffs' Abandoned Request For A Rule 54(b) Partial Judgment.**

Plaintiffs provide no further argument in support of their prior request for a Rule 54(b) partial judgment. Thus, the Court should deem this request abandoned and decline to consider it. In the alternative, and for the reasons stated in WOW's prior position statement, the Court should deny Plaintiffs' request for a Rule 54(b) partial judgment. (*See id.* at 7-8 (establishing that the Court should deny Plaintiffs' Rule 54(b) request because the remaining § 2511(1)(c) and (d) claims are inseparable from the dismissed interception claim).)

**D. The Court Should Dismiss Plaintiffs' Claims Under Sections 2511(1)(c) And (d).**

Plaintiffs also request that if the Court denies their requested relief, litigation should proceed on the remaining claims under 18 U.S.C. §§ 2511(1)(c) and (d). This request should be denied.

Plaintiffs do not offer any substantive argument as to why their claims under §§ 2511(1)(c) and (d) remain viable in light of the Court's dismissal of the interception claim. Instead, they raise the procedural argument that WOW did not contest these claims in its motion to dismiss. This argument is both misguided and factually incorrect.

WOW sought dismissal of Plaintiffs' Second Amended Complaint "***in its entirety*** with prejudice." (Mot. To Dismiss, Dkt. No. 136, at 2 (emphasis added).) WOW's position statement

*further* clarified why dismissal of Plaintiffs' Section 2511(1)(c) and (d) claims should follow automatically from the Court's dismissal of the interception claim, because WOW could not have *used* or *disclosed* the contents of Plaintiffs' communications without first *acquiring* those contents. (*See id.* at 3-4.) Even if WOW *had* failed to fully address the basis for dismissal of the Section 2511(1)(c) and (d) claims in its initial motion to dismiss, those reasons are fully set out for the Court, and Plaintiffs have been given an opportunity to respond.

Plaintiffs do not challenge WOW's argument. Instead, Plaintiffs now incredibly claim, *for the first time*, that the Second Amended Complaint "includes allegations that WOW knowingly used intercepted communications *that had passed back through the NebuAd appliance* and were delivered by WOW to Plaintiffs and Class Members," citing eight paragraphs in that version of the complaint. (Dkt. No. 164, at 2 (emphasis added).) This is flagrant misdirection. *None* of the paragraphs cited by Plaintiffs for this proposition contain any factual allegations that WOW knowingly used intercepted communications *at any time*. (*See* SAC ¶¶ 9, 23, 31, 39, 45, 59, 99, 100.) This tortured reading of the allegations strains credulity and should be rejected.

Plaintiffs do not and cannot remedy the fundamental deficiency in their complaint –the Complaint fails to allege a single fact establishing that WOW *ever* acquired the contents of Plaintiffs' communications. (*See* Dkt. No. 157, at 8 (holding that "the Complaint does not adequately allege that WOW acquired Plaintiffs' electronic communications").) Simple logic dictates that WOW could not have *used* or *disclosed* the contents of Plaintiffs' communications without first *acquiring* those contents. Tellingly, Plaintiffs' Proposed Third Amended Complaint does not add a *single* factual allegation, and certainly does not add any factual allegations that establish WOW's acquisition of the contents of Plaintiffs' communications at

-4-

any time. (*See* Dkt. No. 161-1.) Thus, Plaintiffs' insistence on pressing forward with claims that WOW has already established are futile is nothing more than an improper attempt to increase the cost and unnecessarily delay the resolution of this action. *See* 11(b)(1). The Court should not countenance this attempt, and should dismiss Plaintiffs' Section 2511(1)(c) and (d) claims with prejudice.

Dated: March 6, 2013                                                    Respectfully submitted,

                        /s/ Thomas A. Counts
                   Thomas A. Counts (*Pro Hac Vice*)
                   Bar Registration No. CA 148051
                   PAUL HASTINGS LLP
                   55 Second Street
                   Twenty-Fourth Floor
                   San Francisco, CA 94105
                   Telephone: (415) 856-7000
                   Facsimile: (415) 856-7100

                   Counsel for Defendant
                   WIDEOPENWEST FINANCE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2013, I electronically filed the foregoing DEFENDANT WIDEOPENWEST FINANCE, LLC'S RESPONSE TO PLAINTIFF'S SUPPLEMENT TO POSITION STATEMENT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for Plaintiffs and their e-mail addresses on file with the Court.

Michael J. Aschenbrener, Esq.
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606
Telephone: (312) 462-4922
Facsimile: (312) 462-4923
Email: mja@aschenbrenerlaw.com

Scott A. Kamber, Esq. (*pro hac vice*)
David A. Stampley, Esq. (*pro hac vice*)
Grace E. Parasmo, Esq. (*pro hac vice*)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY 10005
Telephone: (212) 920-3072
Facsimile: (212) 920-3081
Email: skamber@kamberlaw.com;
dstampley@kamberlaw.com;
gparasmo@kamberlaw.com

Brian Panish, Esq. (*pro hac vice*)
Rahul Ravipudi, Esq. (*pro hac vice*)
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
Email: panish@psblaw.com;
ravipudi@psblaw.com

The following non-CM/ECF participant (counsel for Plaintiffs) will be served by United States Postal Service, Certified Mail/Return Receipt via First Class Mail, postage prepaid, as follows:

Joseph H. Malley, Esq. (*pro hac vice*)
Law Office of Joseph H. Malley, P.C.
1045 North Zang Boulevard
Dallas, TX 75208
Telephone: (214) 943-6100
Facsimile: (214) 943-6170
Email: malleylaw@gmail.com

                   /s/ Thomas A. Counts
                   Thomas A. Counts

Counsel for Defendant
WIDEOPENWEST FINANCE, LLC