IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAN VALENTINE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) No. 09 C 7653 |
| v. | ) |
| | ) The Hon. Edmond E. Chang |
| WIDEOPEN WEST FINANCE, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFFS' MOTIONS FOR RECONSIDERATION, MOTION TO AMEND
COMPLAINT, SUPPLEMENT TO PLAINTIFFS' POSITION STATEMENT,
AND DOCUMENTS FILED IN SUPPORT THEREOF**

## I. INTRODUCTION

The occasion for Defendant's motion is the undersigned counsel's ("Counsel") filing of documents between 12:01 a.m. and 12:10 a.m. on February 14. Counsel acknowledges that the Court's deadlines matter and that they are orders of the Court. Nothing here is intended to suggest otherwise. Further, Counsel does not presume to suggest to what extent a missed deadline prejudices the Court's interests. It is not lost on Counsel that its post-midnight filing has led to this Court's expenditure of resources on yet another motion to strike.

Defendant also cites an instance in mid-2012 and one in mid-2011 in which Counsel missed court deadlines. In both instances, Counsel promptly initiated contact with Defendant to offer to file extension requests for Defendant. On one occasion, in a brief e-mail exchange, Defendant took Counsel up on his offer. Counsel filed the request and it was granted by the Court, as reflected in the docket entries cited by Defendant. However, Defendant now claims it bore the burden of seeking the extension and was thereby prejudiced. Now, Defendant defies logic and forsakes good faith by claiming it was unduly burdened and prejudiced by that exchange.

1

Counsel represents that, going forward, it will time its filings to avoid approaching the brink of a deadline. Counsel apologizes to the Court and to Defendant and its counsel for any burden or inconvenience caused by, or resulting from, an untimely filing by Counsel.

## II. LEGAL STANDARD

Local Rule 78.3 states:

> The court may set a briefing schedule. Oral argument may be allowed in the court's discretion.
>
> Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing. Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.

N.D. Ill. Loc. Gen.R. 78.3.[1]

The Seventh Circuit has noted that a district court's "enforcement of court filing deadlines is ordinarily justified in light of the district court's significant interest in maintaining the integrity of its calendar." *Wienco, Inc. v. Katahn Assocs.*, Inc., 965 F.2d 565, 568 (7th Cir.1992) (summary judgment deadlines), *cited in Raymond v. Ameritech Corp.*, 442 F.3d 600, 606-07 (7th Cir. 2006) (affirming grant of defendant's summary judgment motion where discovery and briefing schedules had been extended twice and plaintiff's reply was filed late).

In a 2012 case in this District, a party filed an objection to a Magistrate Judge's order 23 days afterwards when the objection deadline was 14 days. The opposing party moved to strike and the objector responded that: for one of the weeks, his counsel was caring for his 99-year-old mother; the movant was not prejudiced; and the one-week delay was not egregious. Citing Sev-

---

[1] This Court's Case Management Procedures include a rule entitled "Motions to strike are strongly disfavored." However, the rule appears to apply to motions to strike content from another party's brief. *See* Judge Edmond E. Chang, Case Management Procedures (accessed April 16, 2013) < http://www.ilnd. uscourts.gov/home/JudgeInfo.aspx>, citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006) (Easterbrook, J., in chambers) ("[m]otions to strike almost would require the Court to decide significant issues . . . on the merits").

enth Circuit authority, the court agreed, finding that the objections were not "egregiously late" and the movant had not explained how the delay had prejudiced him. *Fish v. Hennessy*, 2012 WL 3643829 at *2 (N.D. Ill. Aug. 22, 2012), citing *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

In *Glass v. Crimmins* the court denied a motion to strike. The court questioned whether the replies in question were indeed late, but denied the motion based on these factors:

> [E]specially in cases such as this one that present rather novel issues of law, replies assist the court in ruling on motions based on the merits. In a hotly disputed case such as this one, the 10 days would, in all likelihood, have been extended by a day or two had the replies actually been late. I see no prejudice to the plaintiffs and the delay in this situation has caused no difficulty for the court.

*Glass v. Crimmins*, 299 F.Supp.2d 878, 881 (C.D. Ill. 2008). In a case in this district, the court issued a warning to counsel but did take the late-filed response into consideration:

> While I am troubled by their late submission, and the difficulty their attorney has demonstrated in making timely filings in this Court, I did consider Plaintiffs' Response in reaching my conclusions. Plaintiffs' counsel is warned that such tardiness will not be so easily countenanced in the future.

*Menola v. Int'l Union of Elevator Constructors*, 2005 WL 1503127 *1 (N.D. Ill. June 23, 2005). In *Schnur v. Kohls Dept. Stores Inc.*, the court considered the parties' respective lack of prejudice or gain arising from late filing and denied a motion to strike. In that case, plaintiffs' cross-motions for summary judgment were 18 days late, plaintiffs moved for an extension 27 days after the filing deadline, and their responses to defendant's motion for summary judgment and motion to bar expert testimony were also late. The court held:

> Though Plaintiffs have clearly failed to serve and file their pleadings in a timely manner, Defendant has not established any prejudice against it by the late filings. Furthermore, it does not appear that Plaintiffs gained a meaningful advantage through the extra time they took in preparing and filing their briefs. Therefore, while I note that the filings were untimely, I deny the motion to strike, and have considered them in deciding the motions before me.

3

*Schnur v. Kohls Dept. Stores Inc.*, F.Supp.2d, 2010 WL 4930687 at *3 (N.D. Ill. Nov. 29, 2010).

Defendant cites several cases of Rule 78.3 enforcement where, after months or years, no responses had been filed at all. *See In re African-American Slave Descendants Litig.*, 375 F. Supp. 2d 721, 743 n.20 (N.D. Ill. 2005) (no response to 12(b) motion); *Goodloe v. Nat'l Wholesale Co., Inc.*, 2004 WL 1631728 at *1-*2 (N.D. Ill. July 19, 2004) (granting motion to strike 12(b) response but declining to grant motion to dismiss as unopposed); *Contreras v. Suncast Corp.*, 129 F. Supp. 2d 1173, 1177 (N.D. Ill. 2001) (no response to summary judgment motion, forcing court to decide motion based only on complaint and defendants' filings).

### III. ARGUMENT

In this motion, Defendant asks the Court to strike Plaintiffs' February 14 and February 19 filings as untimely. Plaintiffs' position is that the relief Defendant requests is not a fitting remedy as to the February 14 filings and is inapplicable to Plaintiffs' February 19 filing. It is also Plaintiffs' position that Defendant's catalog of claimed past incidents, to the extent accurate, are not relevant to its request for relief.

**A.  Status of Other Cases of ISPs that Partnered with NebuAd**

There is a preliminary matter of a recurring misstatement by Defendant that has appeared in various forms in this and other motions. For example, in its brief, Defendant incorrectly states:

> The five other related actions filed in 2009 by Plaintiffs' counsel against the other ISP defendants from the original *NebuAd* action have **all** been decided in the ISPs' favor and have either been dismissed or ordered to arbitration. Only this matter remains.

Def. MTS at 8 n.2 (emphasis in original);' Defendant's Motion to Dismiss, R. 135 at 4.

Plaintiffs have corrected Defendant on the record, to no effect. *See* Plaintiff's Memorandum of Law In Opposition To Defendant's Third Motion To Dismiss, R. 146 at 1 n.1. In the case of *Mortensen v. Bresnan*, the defendant has appealed the District Court's denial of its motion to

4

compel arbitration.[2] And, with regard to *Kirch v. Embarq*, in which Embarq answered and in which a grant of summary judgment was upheld by the Tenth Circuit, the plainitffs have filed a petitition for certiorari to the U.S. Supreme Court. *Kirch v. Embarq*, 702 F.3d 1245 (10th Cir. 2012), *affirming* 2011 WL 3651359 (D.Kan. Aug. 19, 2011), *cert. petition filed*, 81 U.S.L.W. 3567 (U.S. Mar. 28, 2013) (12-1181).

Defendant continues to make this misstatement in various filings. In this brief, it appears as footnote to Defendant's baseless accusation that Plaintiffs are engaging in an abuse of the judicial process. (Plaintiffs dispute this speculation about their motives and any others Defendant makes up.) In Defendant's opposition to Plaintiffs' motion to amend, it takes the form of "Enough is enough. All of the cases arising out of the original NebuAd action have been resolved." WOW's Opposition to Plaintiffs' Motion for Leave To File Amended Complaint, R. 170 at 10.

**B.     Defendant Fails to Support its Request to Strike Document Nos. 161 through 164, Filed Feb. 14, 2013 at 12:01, 12:04, 12:10, and 1:18 a.m.**

The Court's January 23, 2013 order, R. 160, stated:

> Plaintiff''s position statement is in in the nature of a request for reconsideration; in the alternative, a request for leave to amend the complaint; and in the alternative, a request for a Rule 54(b) partial judgment. In order to fully flesh out those requests, the Court orders two more briefs: first, on or before 02/13/13, Plaintiffs shall file a Supplement to Plaintiffs' Position Statement (attach a proposed amended complaint if that is part of the relief sought). In that brief, Plaintiffs must answer the question of what to do with the 2511(1)(c) and (d) claims in the event that Plaintiffs' requested

---

[2] The *Mortensen* plaintiffs prevailed on a 12(b)(6) challenge to their interception allegations but, because the court found they had admitted consenting to some level of interception, the court dismissed the claims based on the alternate ground of consent. The plaintiffs' CFAA claims survive. *Mortensen v. Bresnan*, 2010 WL 4716744 (D.Mont. Dec. 13, 2010). The court denied Bresnan's motion to compel arbitration (twice), and Bresnan appealed; the appeal has been argued and was recently resubmitted in the Ninth Circuit. *Mortensen v. Bresnan*, CV-10-13-BLG-RFC (D. Mont.), *appeal resubmitted*, No. 11-35823 (9th Cir. Apr. 19, 2013).

relief is denied. On or before 03/06/13, Defendant shall file a Response to Plaintiff''s Supplement.

On the afternoon of February 14, Counsel received an e-mail message from one of WOW's California-based counsel stating:

> We saw last evening's filings in *Valentine*, which included Plaintiffs' supplemental position statement and a motion for leave to amend, attaching a proposed Third Amended Complaint. Can you please send us a redline comparing the proposed amended complaint to the previous version?

Stampley Decl. ¶ 14; Exh. B.

That evening, counsel sent a .PDF file containing a redline comparison of the Second Amended Complaint and the proposed Third Amended Complaint, which Counsel believes is the document Defendant attached as Exhibit A to its brief opposing Plaintiffs' motion to amend. R. 170-1. Stampley Decl. ¶ 15.

The document counsel requested was one of the post-midnight filings of February 14. RR. 161-163. On February 13, before midnight, Counsel signed on to upload the motion to amend the complaint, the proposed complaint, and the notice of motion, but initially was not able to upload the first document. Counsel recreated the .PDFs for uploading, and completed filing of the documents at 12:01 a.m. (R. 161, R. 161-1) and 12:04 a.m. (R. 162) on February 14. Stampley Decl. ¶¶ 9-10. However, Counsel discovered he had uploaded the notice of motion twice and had not uploaded the motion itself, which he then uploaded and filed at 12:10 a.m. R. 163 (12:10 a.m.). Stampley Decl. ¶¶ 11. Counsel believes those filings satisfied the requirements of the content the Court had ordered, R. 160, but, in an abundance of caution, Counsel decided to file a document explicitly styled as a supplement to Plaintiffs' prior position statement, R. 158. That document was filed at 1:18 a.m. R. 164 (1:18 CST). Stampley Decl. ¶¶ 12-13.

C.  **Defendant Fails to Support its Request to Strike Plaintiffs' Motion for Reconsideration, Document No. 165**

Plaintiffs' reasons for subsequently filing a motion for reconsideration are set out in the motion itself. R. 165. In addition, in the body of the brief, R. 165 at 10 n.4, Plaintiffs stated their desire to clarify their position regarding the application of the ECPA to the WOW-NebuAd chain of events. The ECPA is complex and can be difficult to interpret, *see Steve Jackson Games, Inc. v. U.S. Secret Service*, 36 F.3d 457, 462 (5th Cir. 1994), especially on the facts of the instant matter, which have been little addressed by other courts, whose decisions conflict with each other. Plaintiffs believed that the Court had overly narrowed an important legal point and wished to rectify that error.

Further, Plaintiffs believe their filing at R. 165 should not be considered untimely in any event, since Federal Rule of Civil Procedure 54(b) provides that a court may revise a non-final order *at any time prior* to a final and full adjudication in a matter. Fed. R. Civ. P. 56(b). The Local Rules for the Northern District of Illinois do not set time periods to file such motions. Therefore, Plaintiffs' filing of their memorandum in support of the motion for reconsideration was not untimely. The Court set a response date of March 6, 2013, giving WOW at least two weeks to file its response. If WOW believes itself to be subject to prejudice, Plaintiffs would not have opposed an extension.

Plaintiffs note that, here, WOW has filed a motion to strike pursuant to Local Rule 78.3. WOW's brief expresses grievance on issues other than timeliness, but it has chosen to take a broad subject-matter approach in most of its filings. The legal basis of WOW's motion is failure to file. *See generally* WOW MTS; *see also supra* p. 2*,* regarding Local Rule 78.3. To the extent WOW complains of the content of Plaintiffs' filings, Plaintiffs do not believe they are relevant to the consideration of this motion.

**D. Prior Events**

Two particular, historical events deserve mention. Plaintiffs did miss a negotiated and court-approved deadline in filing R. 65. Stampley Decl. ¶ 2. WOW states in its brief:

> WOW was then faced with a decision – prepare a reply by the deadline in four fewer days, or spend time and resources negotiating with Plaintiffs for an extension. WOW chose the latter option, requesting that it be permitted additional time to prepare its reply.

Def. MTS at 2. The "time and resources negotiating with Plaintiffs for an extension" consisted of the following email exchange, initiated by Counsel ten minutes after filing:

> DS: Tom, you can probably tell we got some wires crossed on our side. I'll be filing our opposition to the motion to dismiss shortly. I am assuming you would want us to file an unopposed motion to extend your time to reply, given when we are filing. Is that correct, and should we ask for a defendant's reply date of Mon., June 6?
> Thanks, Dave

> TC: Dave - Understood and we would appreciate your filing the motion. Given some intervening deadlines, we would like until June 8th for our reply, which would still allow 2 full weeks before the hearing.
> Let me know if that is acceptable and your timetable for filing the motion.
> Thanks, Tom

> DS: Tom, I will file for the extension today. Under the judge's rules, I will have to notice it for next Weds., but it is likely he will look at it today. June 8 is fine.
> Dave

> TC: Thank you. Let me know if you need anything further from us.
> -Tom

> DS: All filed.

Stampley Decl. ¶ 3-4; Exh. A. WOW did not have to "negotiate" and, as the record shows, it did not have to make the request of this Court, either. Plaintiffs' counsel is listed as the filer on Docket Entry 66.

On the one similar occasion, approximately a year later, Counsel promptly contacted Defendant's counsel by telephone and then e-mail and did not receive a response. Stampley Decl. ¶¶ 5-7; *see* R. 146. While it is Defendant's choice to respond or not, it is misleading for Defendant to state that Plaintiffs gave no explanation or to state that it faced the difficult choice of deciding whether or not to "negotiate" with Plaintiffs. *See* Def. MTS at 3-4.

**E.     Non-Events**

WOW's motion contains references to other long-past events regarding papers that are no longer actively before the Court and to which WOW has not previously raised any timeliness objection—and regarding which there should be no timeliness objection, or any other. In other words, these events have no place in Defendant's recitation in this motion. WOW seems to use these events to manufacture some basis for a "failure to follow orders" theme.

**RR. 125-127, regarding disposition of arbitrable claims**: In the events Defendant recites, Plaintiffs were following the Court's orders faithfully—to inform the Court of Plaintiffs' intention regarding the disposition of arbitrable and non-arbitrable claims. RR. 125-27. Calling this an example of Plaintiffs' failure to follow an order of the Court is very much a mischaracterization. *See* Def. MTS at 3. In fact, Defendant's account does not make sense.

**R. 130, regarding Second Amended Complaint**: On May 9, 2012, Plaintiffs moved to amend the complaint. Their amendment explained why they were filing on May 9 instead of May 7, as they had previously stated. That year-old explanation is a matter of record, and Defendant does not explain what prejudice it suffered that caused it to bring it up now. *See* Def. MTS at 3.

**R. 158, Initial Position Paper**: Defendant's reference to this event has nothing to do with timeliness, or anything else that belongs here. The Court requested that the parties file position statements. R. 156. Defendant's accusation that Plaintiffs failed to brief issues fully has

9

nothing to do with timeliness or the Court's order for a "position paper." To use Defendant's adjective, it is "egregious" spin for no other purpose than a trumped-up, prejudicial tally.

### IV. CONCLUSION

Using a delay of a few minutes as a springboard, Defendant has assembled a collection of historical, already-addressed, and irrelevant events, and altered them for maximum prejudicial impact. Regarding an occasion where Counsel initiated a brief exchange with Defendant and handled the follow-through to avoid a burden on Defendant, Defendant has created a fiction about the prejudice it suffered "each time" it had to "expend time and resources negotiating with Plaintiffs for an extension." That is not how it happened.

Regardless, Plaintiffs acknowledge their timeliness obligation to the Court and to the parties. Plaintiffs also recognize their role in not providing the Defendant with future openings to further burden the Court with motions such as this.

Viewing Defendant's motion in the context of other cases in this District, *see supra* p. 2, *et seq.*, Plaintiffs urge that the Court reject Defendant's request as, at best, a disproportionate response to Plaintiffs' February 14 filings.

For reasons stated above, Plaintiffs respectfully ask the Court to deny Defendant's motion.

Dated: May 13, 2013    Respectfully submitted,
KAMBERLAW, LLC

By:   s/David A. Stampley
David A. Stampley (*pro hac vice*)
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:  (212) 920-3072
Facsimile:  (212) 202-6364

One of the Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated

MICHAEL ASCHENBRENER
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606
Telephone: (312) 462-4922
Facsimile: (312) 462-4923

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2013, I electronically filed with the Clerk of the Court the foregoing Plaintiffs' Memorandum of Law In Opposition to Defendant's Motion to Strike using the CM/ECF system which will send notification of such filing to the following attorneys for the Defendant and their e-mail addresses on file with the Court:

**TO:**

Thomas A. Counts
Paul Hastings LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
(415) 856-7070
tomcounts@paulhastings.com

Ryan C. Nier
Paul Hastings LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
(415) 856-7000
ryannier@paulhastings.com

Giselle Perez de Donado
Paul Hastings LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
(312) 499-6000
giselleperez@paulhastings.com

Kelly Ann Demarchis
Paul Hastings LLP
875 15th Street NW
Washington, DC 20005
(202) 551-1700
kellydemarchis@paulhastings.com

Kenneth W. Gage
Paul Hastings LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
(312) 499-6046
kennethgage@paulhastings.com

   s/David A. Stampley
David A. Stampley