IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAN VALENTINE, *et al.*,

        Plaintiffs,

v.

WIDEOPEN WEST FINANCE, LLC,

        Defendant.

No. 09 C 7653

The Hon. Edmond E. Chang

**DECLARATION OF DAVID A. STAMPLEY IN SUPPORT OF MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS'
MOTIONS FOR RECONSIDERATION, MOTION TO AMEND COMPLAINT,
SUPPLEMENT TO PLAINTIFFS' POSITION STATEMENT, AND
DOCUMENTS FILED IN SUPPORT THEREOF**

    I, David A. Stampley, declare as follows:

    1.    I am a partner at KamberLaw, LLC, a member of the bar of the State of New York, and admitted *pro hac vice* in the above-captioned matter, in which I am one of the attorneys representing Plaintiffs. I am fully familiar with the proceedings in this matter. In support of Plaintiffs' Memorandum in Opposition to Defendant's Motion to Strike Plaintiffs' Motions for Reconsideration, Motion to Amend Complaint, Supplement to Plaintiffs' Position Statement, and Documents Filed in Support Thereof, I make this declaration upon personal knowledge, am competent to testify to the matters set forth here, and would testify to the matters as set forth here if called upon to do so.

    2.    The Court ordered that Plaintiffs' response to Defendant's motion to dismiss, R. 59, be filed on May 23, 2011. I filed it on May 26 at 11:37 p.m. CDT. R. 65.

    3.    Approximately ten minutes later, I sent Defendant's counsel the e-mail message that initiated the e-mail exchange shown in Exhibit A hereto, which is a true and accurate copy of the e-mail exchanges between me and Defendant's counsel shown in the exhibit.

1

4. As a result of that exchange, I filed the unopposed request for an extension of time for Defendant to reply to Plaintiffs' responsive brief, R. 66, which the Court granted. R. 68.

5. Approximately a year later, Plaintiffs' oppositions to Defendant's motion to dismiss, R. 136, and motion to strike class allegations, R. 139, were due on or before Friday, July 6, 2012. Defendants reply date was set for July 20.

6. Plaintiffs filed their opposition to the motion to strike on the deadline of July 6. However, Plaintiffs filed their opposition to the motion to dismiss on Monday, July 9, at 12:49 CDT.

7. I promptly contacted Defendant's counsel by telephone to ask if Defendant's counsel wanted me to file a request for extension. I left at least one voicemail message and did not receive a response.

8. On Wednesday, July 11, I contacted Defendant's counsel by e-mail with the same message and did not receive a response.

9. On Wednesday, February 13, 2013, before midnight, I signed onto the Northern District of Illinois ECF system to upload three documents: a motion to amend the complaint, a proposed third amendedcomplaint, and a notice of motion.

10. My initial attempts to upload a document was unsuccessful so I switched to another screen, reopened the Word version of the document, saved is as a new .PDF, checked to see if it met the file size requirements, and returning to the ECF screen to upload it. I then uploaded what I thought was the motion and proposed complaint, and those documents became R. 161, R. 161-1 (12:01 a.m.). I then uploaded the notice of motion. R. 162 (12:04 a.m.).

11. After receiving the e-mail ECF notification and downloading the filed documents, I realized the motion to amend had not been uploaded, so I uploaded it. R. 163 (12:10 a.m.).

12. The Court's Order, R. 160, stated that the Court interpreted Plaintiffs' earlier position statement regarding next steps in the litigation, R. 158, filed Dec. 28, 2012, as "in in the nature of a request for reconsideration; in the alternative, a request for leave to amend the complaint; and in the alternative, a request for a Rule 54(b) partial judgment." As with a

discovery request, I interpreted the "in the alternative" elements as "and/or," especially since the Court's order stated, "[A]ttach a proposed amended complaint if that is *part of* the relief sought." (Emphasis added.) Thus, I did not believe the Court would see the option to amend and the option for reconsideration as mutually exclusive.

13. I believed the motion to amend and proposed amended complaint, RR. 161-163, plus Plaintiffs' previously filed position statement construed as a motion for reconsideration, R. 158, fulfilled the Court's Order. R. 160. However, re-reading the Order once more, I decided the Order could be taken to require Plaintiffs to file a standalone document expressly styled as a supplement to the prior position statement, R. 158. Therefore, I uploaded the supplement to Plaintiffs' position statement, though it inartfully referred to a motion for reconsideration "filed herewith." R. 164 (1:18 CST).

14. On the afternoon of February 14, I received an e-mail message from one of WOW's California-based counsel acknowledging have seen the filings the evening before and asking for a redline comparison of the Second Amended Complaint and the proposed complaint. A true and accurate copy of that message is attached hereto as Exhibit B.

15. I responded with a .PDF version of the requested redline comparison that evening. I believe the document I sent is the same one Defendant has filed as Exhibit A to its brief opposing Plaintiffs' motion to amend. R. 170-1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 13, 2013                              s/David A. Stampley
                                                                           David A. Stampley