**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE, *et al.*, | ) No. 09 C 7653 |
| Plaintiffs, | ) The Hon. Edmond E. Chang |
| v. | ) **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT,** *INSTANTER* |
| WIDEOPEN WEST FINANCE, LLC, | |
| Defendant. | |

## I. INTRODUCTION

This is Plaintiffs' first request to add claims. Defendant is very opposed to amendment.[1]

Defendant is surely aware there are good reasons Plaintiffs want to add two new claims. Plaintiffs gave those reasons in their motion. R. 163 at 2. The Court, itself, raised one of the claims in its recent Order. R. 157. The other claim also arises from the Order, because the Order frames the law and facts of this case in a way unique to this case (in part because of arguments Defendant raised in reply in its motion to dismiss, that were never litigated). These claims have not been raised in any similar litigation, as Defendant points out. Finally, the Court authorized Plaintiffs' filing of a proposed amended complaint. R. 160.

Despite all that, Defendant offers this unsupported theory: (1) Plaintiffs have "sat on" on these two claims for four years (in a case that was just over three years old when amendment was requested); (2) Plaintiffs have been lying in wait, getting a preview of defenses; and (3) Plaintiffs have given "no justification" for raising them now. Further, though the underlying statute and factual allegations have not changed, Defendant says it will be prejudiced by the novel theories of the new claims. Defendant warns the parties may have to "re-enter discovery," even though

---

[1] Defendant WideopenWest Finance, LLC's ("WOW") Opposition to Plaintiffs' Motion for Leave to File Amended Complaint, *Instanter*, R. 170 ("Def. MTA Opp.").

1

the parties never entered it in the first place, except for a single deposition to address a limited question raised by Judge Shadur.

Defendant's loudest objections are not even about the proposed amendment. They are about the current complaint. The current complaint omitted certain allegations that had been in prior versions. Those allegations referred to a letter sent to a Congressional committee by WOW's CEO. Plaintiffs alleged WOW made material misrepresentations to Congress and admissions against interest that supported Plaintiffs' claims—but those claims are no longer before this Court. Defendant wants the references to the letter back because Defendant thinks it can get the letter into evidence and prove a consent defense. The letter will not accomplish that, and the Court has told Defendant so.[2] But Defendant keeps bringing up the letter, here and in other briefs, criticizing Plaintiffs for taking away its supposed consent defense.

Otherwise, besides the made-up tale of the four-year plan to amend, Defendant mainly offers misleading numerical references coupled with further speculation about Plaintiffs' motives, *e.g.*, "Plaintiffs have provided no justification for waiting **four** years to raise their two new claims. . . ." or the complaint "Plaintiffs have **never once** suggested that they intended to pursue a claim for relief against WOW . . . for procuring an interception . . . ."

But bold typeface is not argument. Defendant's brief reads as if it were a negative ad campaign—another chance to run up the page count of prejudicial material piling up before the

---

[2] WOW contends that because this document is part of the public record and is "undisputedly authentic," the Court may take judicial notice of the fact that WOW obtained consent from its customers. This argument must be rejected. . . . Here, the only fact that may be judicially noticed by the Court is the fact that WOW submitted the Response to Congress. The underlying facts in the Response itself cannot be judicially noticed because they are subject to reasonable dispute.

Order, R. 157 (citations omitted). Further, As Plaintiffs' counsel stated to this Court—with Defendant's counsel present—when Defendant asked for the references to be retained: Plaintiffs' only interest in the Letter was to demonstrate material misrepresentations and admissions against interest by WOW. Plaintiffs have never had any belief that it should be admitted or admissible for the truth of the matters asserted.

Court. Plaintiffs submit Defendant's brief should be recognized for that, but not as substantive argument relevant to Plaintiffs' motion to amend the complaint.

## II. LEGAL STANDARD

A district court should only deny a motion to amend a complaint if there is a substantial reason for denial. *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 748, 597 (5th Cir. 1981). Further, when considering amendments to pleading prior to trial, this Circuit interprets Rule 15(a) as providing that a court should freely grant leave when justice requires. *Liu v. T & H Machine, Inc.*, 191 F.3d 790, 794 (7th Cir. 1999); *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961) (rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings).

Leave should be freely given absent reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord*, *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

## III. ARGUMENT

**A.  Current litigation context**

The Wiretap Act is a complex statute that is "famous (if not infamous) for its lack of clarity." *Steve Jackson Games, Inc. v. U.S. Secret Service*, 36 F.3d 457, 462 (5th Cir. 1994). The claims raised in this matter, on seemingly similar facts, have led to very different outcomes in different jurisdictions. *Compare Kirch v. Embarq*, aff'g 2011 WL 3651359 (D.Kan. Aug. 19, 2011), aff'd, 702 F.3d 1245 (10th Cir. 2012), *cert. petition filed*, 81 U.S.L.W. 3567 (U.S. Mar.

3

28, 2013) (12-1181) *and Mortensen v. Bresnan*, 2010 WL 4716744 (D.Mont. Dec. 13, 2010) (both discussed at length in Plaintiffs reply brief on its motion for reconsideration.)[3]

WOW has just had its motion to dismiss granted. R. 157. In granting it, this Court issued an Order that included observation about civil claims for procuring under 18 U.S.C. § 2511(1)(a); the Court reasoned that a construction of the language of the provision enabling civil liability under ECPA, § 2520(a), encompasses civil claims for "procuring." R. 157 n.3.

As to the second claim, arising under 2511(3): The basis for dismissal of certain of Plaintiffs' claims was a ground that, as WOW admits, WOW did not raise until its reply brief, R. 171 ("Def. Opp.") at 9 n.6, and one that Plaintiffs contend is inconsistent with binding Seventh Circuit Authority. *See U.S. v. Szymuszkiewicz*, 2009 WL 1873657 (E.D. Wisc. June 30, 2009), *aff'd.*, 622 F.3d 701 (7th Cir. 2010). The Court did find, however, that Plaintiffs sufficiently alleged that WOW diverted Plaintiffs' communications to NebuAd. Based on the Court's finding and WOW's role as an ISP, Plaintiffs are duty-bound to the putative class to recognize that the case as it is now framed is uniquely suited to bringing a § 2511(3) claim, which Plaintiffs believe conforms to scope of potentially liable conduct defined for this case by the Court's Order.

In Plaintiffs' proposed amended complaint, Plaintiffs have retained the claims dismissed by the Court. Plaintiffs have done so for the sake of practicality. Depending on when and in what order the Court adjudicates Plaintiffs' motion to amend and its motion for reconsideration, it may

---

[3] In its opposition brief, Defendant states, "All of the cases arising out of the original NebuAd action have been resolved." R. 170, ("Def. Opp.") at 10. That is incorrect. Plaintiffs have previously corrected Defendant on the record, See, e.g., R. 146 at 1 n.1., to no effect. *See, e.g.*, Plaintiff's Memorandum of Law In Opposition To Defendant's Third Motion To Dismiss, R. 146 at 1 n.1. In the case of *Mortensen v. Bresnan*, the defendant has appealed the District Court's denial of its motion to compel arbitration. And, with regard to *Kirch v. Embarq*, in which Embarq answered and in which a grant of summary judgment was upheld by the Tenth Circuit, the plaintiffs have filed a petition for certiorari to the U.S. Supreme Court. *Kirch v. Embarq*, 702 F.3d 1245 (10th Cir. 2012), affirming 2011 WL 3651359 (D.Kan. Aug. 19, 2011), cert. petition filed, 81 U.S.L.W. 3567 (U.S. Mar. 28, 2013) (12-1181).

be that the claims will remain viable. If not, including them now and striking them later seems more efficient than revising the complaint heavily, only to perhaps add the currently-dismissed claims back in at a later stage.

Contrary to Defendant's suggestion, this is not an effort by Plaintiffs to flout the Court's order, *see* R. 170 at 1 n.3, 3 (no doubt, any more than is Defendant's practice of bringing up its sense of loss that the Report to Congress allegations are not in the operative complaint, *see supra* at 2). Defendant surely does not expect Plaintiffs prospectively to waive the right to prosecute dismissed claims that may yet become viable again or that may be the subject of an appeal.

**B.     Defendant Fails to Show any Improper Motive**

As discussed earlier in this brief, *supra* p. 1, there are plain reasons on the record, including the Court's Order, why these claims would arise now, in this litigation at this point, and not have arisen before. Yet, Defendant's primary, or most often repeated argument is that the passage of time and iterations of complaints presumptively show that Plaintiffs have held back these claims, to save for a strategic, litigation-prolonging purpose.

Defendant offers no basis for this argument other than numbers—"four years," "five complaints" (counting *NebuAd*). But this is not mere speculation on Defendant's part. It is an active refusal to even acknowledge Plaintiffs' representations in this motion, or the relevant language of the Court's Order. That is Defendant's choice, but Defendant has provided no argument otherwise.

That fact that the new claims are supported by the existing factual allegations is of no moment and Defendant does not explain why it should be. *See* Def. MTA Opp. at 3. In addition, Defendant asserts, without basis, that Plaintiffs should not be allowed to amend because they have previously failed to cure deficiencies when given the opportunity. Def. MTA Opp. at 1. Defendant points to its motions to dismiss as just such opportunities. Plaintiffs do not agree.

WOW devotes greater effort in revisiting its argument that Plaintiffs' Second Amended Complaint somehow unfairly deprived Defendant of a consent defense, and that Plaintiffs' "primary (and intended) effect" was to remove these references.[4] Def. MTA Opp. at 2. This is not correct, of course. As the Court pointed out in its Order, Plaintiffs have no obligation in their pleadings to anticipate affirmative defenses. R. 157 at 12, citing Doe *v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005); *see also supra* at 2 and n.2. Defendant questions Plaintiffs' representation to the Court, in requesting leave to amend, that Plaintiffs had acquired additional evidence to support further allegations, and asserts that Plaintiffs added little more that "broad generalities about the way people communicate on the Internet. Def. MTA Opp. at 2. Defendant is incorrect; the added allegations were far more substantive.[5]

## C. Defendant Cannot Show Prejudice

WOW claims it will be prejudiced by amendment because this case has already been resolved in its favor, and amendment will prolong litigation.

No doubt, Defendant is entitled to whatever level of confidence it wants to assume about the outcome, but the outcome it has envisioned has not arrived. For purposes of this motion, De-

---

[4] In Defendant's brief opposing Plaintiffs' motion for reconsideration, Defendant complained that Plaintiffs "had carefully scrubbed" references to the WOW CEO's Report to Congress from their Second Amended Complaint. WOW called this an act of "deliberate deletion." See R. 171 at 2-4.

[5] Plaintiffs included numerous specifics about Defendant's active and even primary role in the diversion of Plaintiffs' communications, for example:

> To deploy the Appliance, WOW reconfigured the network at each facility: on its Internet-facing server that carried customer communications to and from the "outside world" of the Internet, WOW disconnected the customer data cable. WOW then connected the customer data cable to the NebuAd Appliance. Then, WOW ran a cable to connect the NebuAd Appliance to the Internet-facing server. In other words, WOW installed each Appliance "in-line" in its net- works and funneled customer communications to the Appliance.

> In addition to installing Appliances in its reconfigured network facilities, WOW maintained the flow of Plaintiffs' and Class Members' Internet traffic to and from the Appliances and provided ongoing network environment resources and services.

Second Amended Complaint, R. 130-1 ¶¶ 30-31.

fendant is not entitled to assume the inevitability of the outcome it desires, and use that as a predicate to conclude that anything that works against that outcome is prejudicial. The fact that this adversarial process is continuing does not, *per se*, create prejudice for Defendant

Besides, Defendant forgets two more basic points. First, there is a motion for reconsideration pending. R. 165. Second, there are still claims pending in the case, and the Court has not dismissed them. R. 157 at 12.

In sum, the proposed changes would not cause any prejudice to Defendant. Contrary to its repetitive assertions that it will suffer prejudice, WOW has not shown that it has been, or will be, unfairly disadvantaged in the litigation. Nor does WOW make any showing whatsoever that it will be deprived of the opportunity to present any facts or evidence which it would have offered but for the amendment. *See Hely & Patterson Intern v. F.D. Rich Housing*, 663 F.2d 419, 426 (3d Cir. 1981) ("[i]n the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"). Indeed, WOW concedes that the Proposed Third Amended Complaint contains the same core factual allegations as the prior complaint. (R. 170 at 10).

Defendant complains that amendment means it will have to prepare "yet another motion to dismiss." *See id.* at 8, 9. This cannot be taken seriously. If it could, amendment would never happen after a certain point in litigation. Defendant's claim that it is prejudiced by the burden of briefing novel theories, *see id.* at 7, ignores one consolation that Defendant, itself, states repeatedly in its brief: In comparison to Plaintiffs' first complaint, which as Defendant points out, "asserted **seven** different claims against WOW" (Def. MTA Opp. at 1), all remaining claims arise under one statute, the ECPA. In addition, as Defendant admits numerous times in its brief, the

amended complaint proposed by Plaintiffs "does not add a ***single new*** factual allegation." *See* Def. MTA Opp. at 1, 3. Thus, Defendant should expect to bear no burden at all from investigating or analyzing new allegations of fact, and the legal bases should be at least somewhat familiar territory.

In addition, Defendant warns the parties may have to "re-enter discovery." Def. MTA Opp. at 9. However, the parties never entered it in the first place, except for a single deposition to address a limited question raised by Judge Shadur. *See, e.g.*, R. 42 at 4 (regarding whether allegations of "reading" communications means reading by natural persons). Because discovery has barely begun, let alone concluded, any alterations to Plaintiffs' legal theories at this stage could not possibly prejudice WOW. *See Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986) (the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial).

The cases chiefly relied upon by Defendant in its opposition do not support a finding of unfairness or prejudice here, and are easily distinguished. For example, both *Johnson v. Methodist Med. Center*, 10 F.3d 1300, 1303-04 (7th Cir. 1993) and *Sanders v. Venture Stores*, 56 F.3d 771, 772 (7th Cir. 1995) are cases where the plaintiffs did not seek leave to amend until *after discovery had concluded and after defendant filed a successful motion for summary judgment*. In contrast, here: (1) discovery has barely begun; and (2) no summary judgment motions have been filed. Because WOW will not be forced to re-litigate disputes on new bases or to incur new rounds of additional and costly discovery, it will experience no prejudice from the proposed amendment, as did the defendants in *Johnson* and *Sanders* who—unlike WOW here—were deprived of the meaningful value of obtaining summary judgment.

8

*Johnson* may be distinguished further on the grounds that the Plaintiff there sought to bring in additional actors who engaged in conduct that was distinct from the allegations made in the prior complaint regarding other actors. *Johnson* at 1303-04. As a result, the *Johnson* court concluded the proposed complaint went far beyond the scope of the second amended complaint. *Id*. In contrast, here, WOW concedes that the factual allegations of the proposed Third Amended Complaint are nearly identical to the prior complaint; there are no new actors added; and the new claims are brought under the same statute as the prior claims.

Similarly, *Thompson v. Ill. Dept. of Prof. Reg.*, 300 F.3d 750 (7th Cir. 2002) is factually distinguishable. As set forth *supra*, Plaintiffs' prior amendments here were timely and made in good faith, and largely in response to directives from the Court, or turns taken in the litigation caused by WOW (*e.g.,* the motion to compel arbitration resulted in a narrower Complaint, which was amended to conform to the dismissal of the non-ECPA claims). There is simply no evidence here of the nefarious "cat and mouse game" that troubled the *Thompson* court.

Further, unlike *Thompson*, where the court found that further amendment would be futile, here the amendments modify Plaintiffs' theories of ECPA liability specifically to conform to this Court's analysis of the "procure" language found in ECPA §2511(a), in its ruling on the prior motion to dismiss (R.157 at 10, n.3).[6] As a result, the amendments state claims for relief that are likely to be entirely viable, as opposed to futile. Plaintiffs seek leave to amend their complaint to conform to factual findings that are now the law of the case, and not because of a failure to rectify defects in the complaint that were raised by Defendant.

---

[6] The procurer of an interception has indeed engaged in a violation of §2511(a), and thus may be sued by the person whose communication was intercepted. This interpretation also makes sense because the procurer of a violation—the one who brings about the violation—is not secondarily liable as that term is usually understood; the procurer is the *principal*, not the mere secondary actor.

R. 157 at 10, n.3 (emphasis in original).

9

The sole remaining claims arise under the Electronic Communications Privacy Act, 18 U.S.C.A. § 2510, *et seq.*, upon novel facts that have been addressed differently in the very few jurisdictions that have adjudicated them. *See supra* at 4. There has been no undue delay or dilatory conduct by Plaintiffs and there will be no prejudice to WOW that would warrant a denial of leave to amend. Accordingly, leave to amend should be granted. *See Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004) (In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, leave to amend a complaint should, as the rules require, be freely given.)

### IV. CONCLUSION

Plaintiffs respectfully request that the Court grant their request for leave to amend the complaint in this matter.

Dated: May 13, 2013

                Respectfully submitted,
                KAMBERLAW, LLC

        By:    s/David A. Stampley
                David A. Stampley (*pro hac vice*)
                100 Wall Street, 23rd Floor
                New York, New York 10005
                Telephone:   (212) 920-3072
                Facsimile:    (212) 202-6364

                One of the Attorneys for Plaintiffs, on behalf
                of themselves and all others similarly situated

MICHAEL ASCHENBRENER
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606
Telephone: (312) 462-4922
Facsimile:  (312) 462-4923

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2013, I electronically filed with the Clerk of the Court the foregoing Plaintiffs' Reply to Defendant's Memorandum of Law In Opposition to Plaintiffs' Motion to Amend Complaint using the CM/ECF system which will send notification of such filing to the following attorneys for the Defendant and their e-mail addresses on file with the Court:

**TO:**

Thomas A. Counts
Paul Hastings LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
(415) 856-7070
tomcounts@paulhastings.com

Ryan C. Nier
Paul Hastings LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
(415) 856-7000
ryannier@paulhastings.com

Giselle Perez de Donado
Paul Hastings LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
(312) 499-6000
giselleperez@paulhastings.com

Kelly Ann Demarchis
Paul Hastings LLP
875 15th Street NW
Washington, DC 20005
(202) 551-1700
kellydemarchis@paulhastings.com

Kenneth W. Gage
Paul Hastings LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
(312) 499-6046
kennethgage@paulhastings.com

  s/David A. Stampley
David A. Stampley