IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAN VALENTINE, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>WIDEOPEN WEST FINANCE, LLC,<br><br>        Defendant. | No. 09 C 7653<br><br>The Hon. Edmond E. Chang<br><br>**DECLARATION OF DAVID A. STAMPLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE BRIEFS IN PENDING MOTIONS** |

I, David A. Stampley, declare as follows:

1. I am a partner at KamberLaw, LLC, a member of the bar of the State of New York, and admitted *pro hac vice* in the above-captioned matter, in which I am one of the attorneys representing Plaintiffs. I am fully familiar with the proceedings in this matter. In support of Plaintiffs' motion for Motion For Enlargement Of Time To File Motion For Reconsideration Reply Brief, Motion To Amend Complaint Reply Brief, And Opposition To Defendants' Motion To Strike Plaintiffs' Filings Of February 2013, I make this declaration upon personal knowledge, am competent to testify to the matters set forth here, and would testify to the matters as set forth here if called upon to do so.

2. In early to mid-January, my father, who resided part of the time near one of my siblings in Washington State, began to experience a more rapid deterioration in health.

3. In mid-March, he was hospitalized with pneumonia and learned shortly after that his metastatic prostate cancer prognosis was terminal, probably within a matter of months. He was still mobile, and he left the hospital to recuperate in a care facility.

4. On Friday, April 12, he registered himself for hospice care with the expectation of moving to the home of my sibling on Monday April 15. My siblings and I coordinated plans to visit in rotation.

5.  It was my intention to travel to Washington on Wednesday, April 17, after filing the documents that have been filed today, RR. 174-76.

6.  On Monday, April 15, my siblings and I were informed that his condition would not permit him to leave the facility because he was no longer ambulatory.

7.  On Tuesday, I was informed that I should not delay in traveling to Washington, and I contacted the Court's Courtroom Deputy, Ms. Sandra Brooks, by email and voicemail, regarding the circumstances and requested a one-day extension in the filing of the papers due that day. Ms. Brooks responded that the Court reply was the following: "He can file them when they are ready along with a motion to file them after the deadline."

8.  I also communicated with opposing counsel, who neither consented to nor opposed a one-day extension.

9.  Exhibit A hereto is a true and accurate copy of those communications. Counsel neither consented to nor opposed an extension of longer than one day.

10. I arrived in Washington the evening of April 16 and my father died the following afternoon.

11. He was a resident of Mississippi, and I shared responsibility for making plans for his burial to take place there on Friday, April 26, and handled funeral arrangements. I made some of those arrangements while still in Washington, continued upon my return to New York in the interim, and traveled to Mississippi mid-week, where I also consulted with estate counsel.

12. A true and accurate copy of one of the online obituaries for my father is attached hereto as Exhibit B.

13. I am the executor of my father's estate, which is a responsibility I have not had before. I am continuing to collect records, make notifications, and identify administrative tasks to be done.

14. I returned to work today but will not fully return to work for approximately two weeks.

3

15. I attest that I have not been able to refamiliarize myself with and finalize the documents filed today until this weekend and today.

16. I recognize the Court had set a firm deadline of April 16. Nonetheless, because of the unusual circumstances described above, I respectfully request an enlargement of time for the filing of the above-mentioned documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 13, 2013                             s/David A. Stampley
                                                David A. Stampley