**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAN VALENTINE and W. BRAND
BOBOSKY, individually and on behalf of
themselves and all others similarly situated,

      Plaintiff,

      v.

WIDEOPEN WEST FINANCE, LLC, a
Delaware Corporation,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 09-cv-7653

May 15, 2013

Judge Edmond E. Chang

**DEFENDANT WIDEOPENWEST FINANCE, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE MOTION FOR
RECONSIDERATION REPLY BRIEF, MOTION TO AMEND COMPLAINT REPLY
BRIEF, AND OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
FILINGS OF FEBRUARY 2013**

Plaintiffs' Motion for Enlargement of Time[1] puts the Court and WOW[2] in an awkward position: either accept a unilateral one-month delay in the filing of two reply briefs and an opposition, or appear insensitive to a deeply personal issue faced by one of Plaintiffs' counsel. Though mindful of the difficulties faced by one of Plaintiffs' seven counsel of record, for the following reasons, WOW opposes Plaintiffs' Motion for Enlargement of Time.

***First***, this latest missed deadline cannot and should not be considered in isolation from Plaintiffs' established pattern of disregard for Court-ordered deadlines. In its memorandum in support of its Motion to Strike,[3] WOW identified six prior instances in which Plaintiffs disregarded deadlines or instructions set either by Court order or by the parties' agreement. In their untimely-filed opposition to WOW's Motion to Strike, Plaintiffs concede, as they must, that they have previously had multiple untimely filings in this action.[4]

Indeed, following WOW's Motion to Strike, on April 2, 2013, the Court ordered Plaintiffs to file three documents "on or before 04/16/13": (1) a reply in support of Plaintiffs' motion for leave to file a third amended complaint; (2) a reply in support of Plaintiffs' motion for

---

[1] "Plaintiffs' Motion for Enlargement of Time" refers to the Motion for Enlargement of Time to File Motion for Reconsideration Reply Brief, Motion to Amend Complaint Reply Brief, and Opposition to Defendants' Motion to Strike Plaintiffs Filings of February 2013, Dkt. No. 177 (May 13, 2013).

[2] "WOW" refers to Defendant WideOpen West Finance, LLC.

[3] "Motion to Strike" refers to the Motion By Defendant WideOpenWest Finance, LLC to Strike Plaintiffs' Untimely Filed Motion for Reconsideration, to Amend, Supplement to Plaintiffs' Position Statement, and Documents Filed in Support Thereof, Dkt. No. 167 (March 6, 2013). The memorandum in support of the Motion to Strike is filed as Dkt. No. 168.

[4] *See* Memorandum in Opposition to Defendant's Motion to Strike Plaintiffs' Motions for Reconsideration, Motion to Amend Complaint, Supplement to Plaintiffs' Position Statement, and Documents Filed In Support Thereof, Dkt. No. 175 (May 13, 2013).

reconsideration; and (3) an opposition to WOW's Motion to Strike.[5]  The Court expressly noted that "[i]n light of the prior missed deadlines, no extensions shall be granted on any of the briefing dates imposed on Plaintiffs."[6]  Less than two weeks later and in spite of the Court's admonition, Plaintiffs' requested a one-day extension.

**Second**, the **one-month** delay in actually filing the briefs at issue far exceeds the **one-day** extension requested from the Court by Plaintiffs' counsel.    On April 16, 2013, the day the briefs were due, Plaintiffs' counsel reached out to the Court clerk *ex parte* to seek an extension of time.[7]  In that email, Plaintiffs' counsel "request[ed] a one-day extension in the filing of our papers due today."[8]  Plaintiffs' counsel further noted that he intended to "transfer the briefs to my colleagues to finish what is left," necessitating the one-day extension he requested.[9]  A reasonable inference from this initial email would be that the briefs were nearly finished (as one would expect the day before the briefs were due) and only an additional day would be needed.

The Court's *ex parte* response was that "[Plaintiffs' counsel] can file them when they are ready along with a motion to file them after the deadline."[10]  Only after receiving this response did Plaintiffs' counsel for the first time contact counsel for WOW.  Plaintiffs' counsel forwarded the email exchange with the Court to counsel for WOW, asking for WOW's consent to the

---

[5] Notification of Docket Entry, Dkt. No. 173 (April 2, 2013).

[6] *Id.*

[7] *See* Decl. of David A. Stampley In Support of Plaintiffs' Motion For Enlargement of Time to File Briefs in Pending Motions, Ex. A, Dkt. No. 177-2, at 3-4 (May 13, 2013).

[8] *Id.* at 3.

[9] *Id.* at 4.

[10] *Id.* at 1-2.

extension.[11]   Given Plaintiffs' counsel's prior history of tardiness and the resulting admonition from the Court, but also understanding the exigency claimed by Plaintiffs' counsel, WOW agreed not to oppose the proposed one-day extension proposed by Plaintiffs.  Plaintiffs' counsel then took the position that despite his request for only a one-day extension,  because the response from the Court was ambiguous about the length of the extension,  he believed he was entitled to some type of open-ended extension because, in his view, "[t]he court chose not to so limit it."[12] Counsel for WOW did not receive any further communications from Mr. Stampley or from his colleagues Scott Kamber or Grace Tersigni, who were both copied on the exchange.[13]

Plaintiffs did not file anything with the Court on April 17, one day after the April 16 deadline, as Plaintiffs' counsel originally indicated to the Court.  In fact, the Plaintiffs never indicated when or if they were ever going to file the two reply briefs and opposition brief. Indeed, Plaintiffs waited nearly a month—until the evening of May 13, 2013—to file their two reply briefs and opposition brief.  The late-filed briefs contained no explanation of why they were not filed on April 17th or why they took a one-month extension of time (over six total weeks) to complete the briefs that the Court had only contemplated taking two weeks to complete.

*Third*, and in no way minimizing the issues faced by Mr. Stampley, Plaintiffs are represented by multiple counsel who could have and should have been expected to finalize the briefs at issue by the Court-ordered deadline, especially considering the exigency only arose the

---

[11] *Id.* at 1.

[12] *Id.*

[13] *See id.*

day before the briefs were due, when they should have been almost finalized in any event.. Plaintiffs' Motion for Enlargement of Time ignores this fact. As drafted, the Motion attempts to suggest that Plaintiffs are only represented by a single counsel—Mr. Stampley—whose extended absence from the case caused Plaintiffs to miss the Court-ordered deadline of April 16 by nearly a month. Indeed, the Motion for Enlargement of Time and all of the other documents filed on May 13 contain only signature block for Mr. Stampley, without identifying any of Plaintiffs' other counsel,[14] even though many of Plaintiffs' previous filings listed six additional counsel on the signature page.[15]

The bottom line is that Mr. Stampley is not a sole practitioner. He is a partner at a law firm, KamberLaw, LLC, and only one of the three attorneys from that firm that serve as counsel of record for Plaintiffs in this action. In fact, Plaintiffs are represented in this action by seven counsel of record, from four different law firms.

As noted above, at least two of Mr. Stampley's colleagues at KamberLaw, LLC were aware of his personal emergency circumstances and were copied on the email exchange with counsel for WOW discussing the potential one-day extension. And Mr. Stampley represented in his initial email exchange with the Court clerk that the likely course of action would be to pass off the (presumably almost finalized) briefs for those colleagues to finish with one day's extension. Yet neither of Mr. Stampley's firm colleagues nor any of the other counsel of record

---

[14] *See* Dkt. No. 177 at 3.

[15] *See, e.g.*, Memorandum of Law in Support of Plaintiffs' Motion Pursuant to Rule 54(b) for Reconsideration of Dismissal of 18 U.S.C. § 2511(1)(a) Claims, Dkt. No. 165, at 12-13 (Feb. 19, 2013) (listing Michael Aschenbrener, Scott A. Kamber, Grace E. Tersigni, Brian J. Panish, Rahul Ravipudi, and Joseph H. Malley, along with their respective firms).

for Plaintiffs filed anything on April 17 or notified WOW's counsel of their plans until the briefs appeared on May 13.

Plaintiffs are well represented by a group of experienced litigators. We all understand that personal exigencies at times will unfortunately interfere with our ability to meet our obligations to the Court. But that does not mean that the Court's and opposing counsel's schedule should repeatedly be required to conform to the convenience of Plaintiffs' counsel. While Mr. Stampley should not be asked to bear sole responsibility for Plaintiffs' repeated prior disregard for Court deadlines, and certainly should not bear responsibility for Plaintiffs' most recent offense, Plaintiffs' other counsel had **all** been forewarned of the Court's admonition regarding the April 16, 2013 deadline, and the Court should not excuse Plaintiffs' six additional counsel from the responsibility to abide by that deadline (even as extended by the one-day extension request). Neither the Court nor WOW's counsel should be required to countenance such behavior.

In light of the foregoing, WOW respectfully requests that the Court deny Plaintiffs' Motion for Enlargement of Time.

Dated:  May 15, 2013

Respectfully submitted,

s/ Thomas A. Counts
Thomas A. Counts (*Pro Hac Vice*)
Bar Registration No. CA 148051
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105
Telephone:  (415) 856-7000
Facsimile:   (415) 856-7100

Counsel for Defendant,
WIDEOPENWEST FINANCE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2013, I electronically filed the foregoing

DEFENDANT WIDEOPENWEST FINANCE, LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE MOTION
FOR RECONSIDERATION REPLY BRIEF, MOTION TO AMEND
COMPLAINT REPLY BRIEF, AND OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFFS' FILINGS OF FEBRUARY 2013

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following attorneys for Plaintiffs and their e-mail addresses on file with the Court.

Michael J. Aschenbrener, Esq.
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606
Telephone: (312) 462-4922
Facsimile: (312) 462-4923
Email: mja@aschenbrenerlaw.com

Scott A. Kamber, Esq. (*pro hac vice*)
David A. Stampley, Esq. (*pro hac vice*)
Grace E. Parasmo, Esq. (*pro hac vice*)
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY 10005
Telephone: (212) 920-3072
Facsimile: (212) 920-3081
Email: skamber@kamberlaw.com;
dstampley@kamberlaw.com;
gparasmo@kamberlaw.com

Brian Panish, Esq. (*pro hac vice*)
Rahul Ravipudi, Esq. (*pro hac vice*)
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
Email: panish@psblaw.com;
ravipudi@psblaw.com

The following non-CM/ECF participant (counsel for Plaintiffs) will be served by

United States Postal Service, Certified Mail/Return Receipt via First Class Mail, postage prepaid,

as follows:

Joseph H. Malley, Esq. (*pro hac vice*)
Law Office of Joseph H. Malley, P.C.
1045 North Zang Boulevard
Dallas, TX 72508
Telephone: (214) 943-6100
Facsimile: (214) 943-6170
Email: malleylaw@gmail.com

                                        s/ Thomas A. Counts
                                        Thomas A. Counts

                                        Counsel for Defendant
                                        WIDEOPENWEST FINANCE, LLC