**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAN VALENTINE, *et al.*, | ) No. 09 C 7653 |
| Plaintiffs, | ) The Hon. Edmond E. Chang |
| v. | ) |
| WIDEOPEN WEST FINANCE, LLC, | ) |
| Defendant. | ) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO FILE REPLIES IN PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND TO AMEND COMPLAINT AND TO OPPOSE DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' FEBRUARY 2013 FILINGS**

**A.     Defendant Presumes a Deadline the Court Did Not Set and Ignores the Facts**

On Tuesday morning, April 16, Plaintiffs' counsel asked the Court to grant a one-day extension to Wednesday, April 17, due to personal emergency. Pltfs. Mtn. ¶¶ 7-8. The Court did not grant the request Plaintiffs' made to the Court. Instead, the Court instructed Plaintiffs to "file them when they are ready along with a motion to extend the deadline." *Id.* ¶ 8.

Defendant, however, wants to hold Plaintiffs to a one-day extension the Court itself did not require. R. 179 ("Def. Opp."). Further, despite all that Plaintiffs' counsel detailed in its motion to enlarge, R. 177 ("Pltfs. Mtn."), Defendant claims Plaintiffs have provided "no explanation" of why they did not file their briefs on Wednesday, April 17. Def. Opp. at 2-3.

Defendant is incorrect. Plaintiffs' explanation is in their motion, R. 177, and supporting declaration, R. 177-1: In the four days from Friday, April 12 to Monday, April 15, the condition of counsel's father unexpectedly went from mobile to bedridden; on Tuesday, April 16, counsel was urged to travel to Washington State as soon as possible, and he did so; on April 17, his father died. *Id.* ¶¶ 4, 6, 10.

1

Further, Defendant suggests Plaintiffs' briefs should have been completed by another of Plaintiffs' counsel. However, even in a large firm such as Defendant's counsel's, efficiency is a major consideration in allocation and re-allocation of work. In this matter, efficiency issues are exacerbated because of the character of Defendant's arguments in briefs such as its motion to strike, opposition to Plaintiffs' motions to reconsider, and opposition to Plaintiffs' motion to amend. *See, generally*, R. 168, 170-71. Transitioning responsibility would entail not only understanding the technology, procedural history, and law applicable to the case, but also Defendant's alternate versions of them that frame its briefs. *See, generally*, R. 174-176 (Plaintiffs' opposition and reply briefs).

Defendant even suggests that the undersigned counsel signed alone in an attempt to suggest that he is a sole practitioner. Def. Opp. at 4. It should be apparent that, as to Defendant's motion to strike and Plaintiffs' motion to enlarge, the facts are personal to counsel.

**B.     Defendant Attempts to Bootstrap and Repair its Infirm Motion to Dismiss**

Another brief that includes arguments built on nonexistent deadlines is Defendant's motion to strike. R. 168. Defendant continues to suggest this Court should treat its motion to strike as factually reliable. Plaintiffs submit it is not. *See, generally* R. 175 (Plaintiffs' opposition). Further, the motion to strike argument Defendant injects here is not even the same argument Defendant made in its motion to strike.[1]

---

[1] In Defendant's motion to strike, Defendant argued Plaintiffs had "flouted the Court's scheduling orders not once, not twice, not *four* times, but on *six* different occasions." R. 168 at 1 (underscore added). Now, however, Defendant claims it moved to strike because of "six prior instances in which Plaintiffs disregarded deadlines or instructions set either by Court order or by the parties' agreement." Def. Opp. at 1 (underscore added). Those are not the same arguments.

Regardless, the dialed-back version of Defendant's argument fails to cure the material omissions, and more, that are fatal to its motion's integrity. *See* R. 175 (Plaintiffs' opposition); *Id*. Exhibits 1–3 (supporting declaration and e-mail correspondence exhibits).

**C. Defendant Alleges No Prejudice**

Defendant makes no mention of prejudice or any other factor material to adjudication of Plaintiffs' motion. *Cf.* Stahl v. U.S., 2009 WL 1687668 at *4 (E.D.Wisc. June 15, 2009) (permitting late disclosure of rebuttal expert witness where court had stated no further extensions would be granted, but three-week extension resulted in only minimal prejudice); *see also Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 388, 395 (1993) (discussing factors in finding of excusable neglect).

Wherefore Plaintiffs' request the grant of their motion.

Dated: May 23, 2013

                                              Respectfully submitted,
                                              KAMBERLAW, LLC

                                              By:   s/David A. Stampley
                                                        David A. Stampley (*pro hac vice*)
                                                        100 Wall Street, 23rd Floor
                                                        New York, New York 10005
                                                        Telephone:  (212) 920-3072
                                                        Facsimile:   (212) 202-6364

                                                        One of the Attorneys for Plaintiffs, on behalf
                                                        of themselves and all others similarly situated

MICHAEL ASCHENBRENER
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
10 South Riverside Plaza, Suite 1800
Chicago, IL 60606
Telephone:  (312) 462-4922
Facsimile:   (312) 462-4923

3

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2013, I electronically filed with the Clerk of the Court the foregoing document using the CM/ECF system which will send notification of such filing to the following attorneys for the Defendant and their e-mail addresses on file with the Court:

**TO:**

Thomas A. Counts
Paul Hastings LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
(415) 856-7070
tomcounts@paulhastings.com

Ryan C. Nier
Paul Hastings LLP
55 Second Street, 24th Floor
San Francisco, CA 94105
(415) 856-7000
ryannier@paulhastings.com

Giselle Perez de Donado
Paul Hastings LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
(312) 499-6000
giselleperez@paulhastings.com

Kelly Ann Demarchis
Paul Hastings LLP
875 15th Street NW
Washington, DC 20005
(202) 551-1700
kellydemarchis@paulhastings.com

Kenneth W. Gage
Paul Hastings LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
(312) 499-6046
kennethgage@paulhastings.com

    s/David A. Stampley
       David A. Stampley