United States District Court for the Northern District of Illinois
File Number 09 C 7653

| | | |
|---|---|---|
| DAN VALENTINE, *et al.*, | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Notice of Appeal |
| | ) | |
| WIDEOPEN WEST FINANCE, LLC, | ) | |
| *Defendant.* | ) | |

Notice is hereby given that Dan Valentine, plaintiff, individually and on behalf of all others

similarly situated, in the above-captioned putative class action against the sole defendant,

WideOpen West Finance, LLC, hereby appeals to the United States Court of Appeals for the

Seventh Circuit from the final judgment entered in this action on the 27th day of September,

2013 and underlying orders entered on the 20th day of December, 2012 and the 27th day of

September, 2013: (1) dismissing the plaintiff's claims under 18 U.S.C. § 2511(1)(a); (2) denying

the plaintiff's motion for reconsideration of the aforementioned order of dismissal; (3) dismissing

the plaintiff's claims under 18 U.S.C. §§ 2511(1)(c) and (d); and (4) denying the plaintiff's

motion for leave to amend the complaint.

Counsel of Record

/s/Scott A. Kamber
SCOTT A. KAMBER (*pro hac vice*)
Attorney for Plaintiff Dan Valentine
skamber@kamberlaw.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

DAVID A. STAMPLEY  (*pro hac vice*)
dstampley@kamberlaw.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, NY 10005
Telephone:  (212) 920-3072
Facsimile:   (212) 202-6364

GRACE E. TERSIGNI  (*pro hac vice*)
gtersigni@kamberlaw.com
KAMBERLAW, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:  (212) 920-3072
Facsimile:   (212) 202-6364

MICHAEL ASCHENBRENER
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
1016 West Jackson Boulevard
Chicago, Illinois 60607
Telephone:  (312) 462-4922
Facsimile:   (312) 462-4923

## SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 09 cv 7653

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Valentine/appellant | | WOW, Finance, LLC/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | David A. Stampley | Name | Steven T. Catlett |
| Firm | KamberLaw LLC | Firm | Schiff Hardin |
| Address | 11 Broadway 22nd Fl. New York, NY 10004 | Address | 233 S. Wacker Dr. Suite 6600 Chgo.Il. 60606 |
| Phone | 212) 920-3072 | Phone | 312) 258-5572 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Chang | Date Filed in District Court | 12/9/09 |
| Court Reporter | K. Burgeson    X-5567 | Date of Judgment | 12/20/12, 9/27/13 |
| Nature of Suit Code | 370 | Date of Notice of Appeal | 10/28/13 |

COUNSEL:　　　　Appointed [ ]　　　Retained [X]　　　Pro Se [ ]

FEE STATUS:　　　　Paid [X]　　　Due [ ]　　　IFP [ ]

　　　　　　IFP Pending [ ]　　　U.S. [ ]　　　Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?　　Yes [ ]　　No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

　　Granted [ ]　　　Denied [ ]　　　Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).** Rev 04/01

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.1.1
### Eastern Division

Dan Valentine, et al.

Plaintiff,

v.

Case No.: 1:09–cv–07653
Honorable Edmond E. Chang

WideOpen West, Finance, LLC

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, December 20, 2012:

MINUTE entry before Honorable Edmond E. Chang: For the reasons stated in the Opinion, WOW's motion to dismiss [R. 136] is granted as to the interception claim under 18 U.S.C. § 2511(1)(a). WOW's motion to strike class allegations [R. 139] is denied. As discussed in the Opinion, Plaintiffs shall file a position paper on the 2511(1)(c) and (1)(d) claims on or before December 28, 2013. WOW shall file a response by January 10, 2013. Status hearing of 01/16/13 is reset to 01/24/13 at 10:30 a.m.Mailed notice(slb, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAN VALENTINE and W. BRAND BOBOSKY, individually and (proposed) behalf of themselves and all others similarly situated, | ) ) ) ) ) | No. 09 C 7653 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Edmond E. Chang |
| WIDEOPEN WEST FINANCE, LLC, | ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiffs Dan Valentine and W. Brand Bobosky bring this proposed class action against their Internet service provider (ISP), Defendant WideOpen West Finance, LLC (which does business as WOW!, but the opinion will lower the volume and drop the exclamation point), alleging that WOW intercepted their electronic communications in violation of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2510 *et seq.*[1] Specifically, Plaintiffs allege that WOW contracted with NebuAd, Inc., a third-party advertising service, to divert WOW's customers' Internet communications to a NebuAd device installed on WOW's network. NebuAd then used this information to serve targeted advertisements to WOW's customers. Plaintiffs allege that WOW's diversion of their electronic communications without their consent constitutes a direct violation of §§ 2511(1)(a), 2511(1)(c), and 2511(1)(d) of the ECPA. In the alternative, Plaintiffs allege that WOW and NebuAd acted jointly and severally to intercept

---

[1]Jurisdiction is proper under 28 U.S.C. § 1331.

Plaintiffs' electronic communications in violation of the ECPA. WOW now moves to dismiss Plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as to strike the class allegations under Federal Rule of Civil Procedure 23(d)(1)(D). For the following reasons, WOW's motion to dismiss [R. 136] is granted as to the § 2511(1)(a) interception claim, but the parties have not addressed the disclosure and use claims under, respectively, §§ 2511(1)(c) and (d). WOW's motion to strike Plaintiffs' class allegations [R. 139] is denied.

## I. Background

In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the Plaintiffs' favor. *Ashcroft v. al-Kidd*, ⸺ U.S. ⸺, 131 S. Ct. 2074, 2079 (2011). Plaintiffs Dan Valentine and W. Brand Bobosky are Illinois residents who contracted with WOW to receive Internet service. R. 135, 2d Am. Compl. ¶¶ 13, 14. WOW is a commercial provider of high-speed, broadband Internet services to over 300,000 customers in several major metropolitan areas in Illinois, Indiana, Michigan, and Ohio. *Id.* ¶ 15. Plaintiffs allege that, in around late 2007, WOW entered into an agreement with NebuAd, Inc., a company that serves targeted online advertisements. *Id.* ¶ 25. The agreement required WOW to license and install a NebuAd Ultra-Transparent Appliance in each of WOW's broadband network facility locations, a process which WOW completed by early March 2008. *Id.* ¶¶ 26, 32. WOW diverted its customers' Internet traffic—including their navigation activity, file downloads, email messages, instant messages, and certain voice-over-Internet-protocol conversations—to the Appliance, which allowed NebuAd to access and analyze the

2

information to serve targeted advertisements to WOW customers. *Id.* ¶¶ 45, 93. In exchange, WOW received monthly payments from NebuAd for ongoing access to its customers' information. *Id.* ¶ 7. Plaintiffs, who claim to be WOW customers whose communications were intercepted pursuant to WOW's agreement with NebuAd, brought this proposed class action against WOW, alleging that WOW's interception of customers' electronic communications violated § 2511(1)(a) of the ECPA. *Id.* ¶¶ 12, 87, 88, 107. As discussed later, Plaintiffs also allege that WOW disclosed and used their electronic communications to NebuAd in violation of § 2511(1)(c) and § 2511(1)(d) of the ECPA. *Id.* ¶¶ 48, 52, 56, 58, 59, 64(i), 64(j), 89 (citing 2511(1)(c)), 92, 95, 98 (those preceding paragraphs all allege disclosure); *id.* ¶ 107 (citing 2511(1)(d), use).

By way of background, this lawsuit originates from a proposed class action filed by Plaintiff Valentine and others in the United States District Court for the Northern District of California in November 2008. R. 137, Def.'s Br. at 2. In that proceeding, Plaintiffs sued WOW and five other ISPs who had contracted with NebuAd, claiming that the ISPs had violated the ECPA by installing hardware on their network facilities that intercepted their online communications. *Id.* at 3. In October 2008, the ISPs were dismissed for lack of personal jurisdiction, forcing the Plaintiffs to file individual actions against each of the six ISPs in various federal courts. *Id.*; *see also Valentine v. NebuAd, Inc.*, No. 08-5113, 2009 WL 8186130, at *1 (N.D. Cal. Oct. 6, 2009). In this District, Valentine brought the present lawsuit against WOW in December 2009, asserting seven claims under both federal and Illinois state law. Def.'s Br. at 3. In April 2011, this Court determined that the six non-ECPA claims were subject to WOW's

3

mandatory arbitration clause, and stayed the ECPA claim pending the resolution of the arbitration. *Id.* Plaintiffs subsequently announced their intent to abandon the arbitrable claims and to proceed solely on the ECPA claim. *Id.* This Court thus dismissed the arbitrable claims and allowed Plaintiffs to file the present second amended complaint. *Id.*

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *McGowan v. Hulick*, 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). "[A]

4

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

WOW advances two theories in support of its motion to dismiss. First, WOW contends that Plaintiffs failed to plead a valid interception claim under the ECPA because they do not allege that WOW actually acquired the contents of any customer communications. Second, and in the alternative, WOW asserts that Plaintiffs consented to any interception of their Internet activity. The Court addresses each of these arguments in turn.

### A. Interception & Secondary Liability

WOW first contends that Plaintiffs' second amended complaint must be dismissed because Plaintiffs have failed to plead a valid ECPA claim. Specifically, WOW asserts that Plaintiffs' complaint must fail because they do not allege that WOW ever acquired the contents of any intercepted communications. R. 136, Def.'s Mot. Dismiss at 1. The ECPA, which amended the Federal Wiretap Act of 1968, 18 U.S.C. § 2510 *et seq.*, was designed to "protect against the unauthorized interception of electronic communications." *Ameritech Corp. v. McCann*, 297 F.3d 582, 583 (7th Cir. 2002). Plaintiffs allege that WOW intentionally intercepted and diverted their Internet

communications to the NebuAd Appliance in violation of § 2511(1)(a) of the ECPA, which prohibits the intentional interception of any electronic communication. 2d Am. Compl. ¶ 87; *see also* 18 U.S.C. § 2511(1)(a).

The only issue in dispute is whether Plaintiffs have sufficiently pled that WOW "intercepted" their electronic communications within the meaning of the ECPA. The ECPA defines "intercept" as the "aural or other *acquisition* of the contents of any . . . electronic . . . communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4) (emphasis added). "Contents" include "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8).

WOW contends that because Plaintiffs have not alleged that WOW itself acquired the contents of Plaintiffs' communications, they have failed to state a valid claim under 18 U.S.C. § 2511(1)(a). Def.'s Br. at 12. To make out a valid interception claim under the ECPA, a plaintiff must allege that the defendant "acqui[red]" the contents of his or her electronic communications. § 2510(4) (defining interception as "acquisition"); *see, e.g.*, *Kirch v. Embarq Mgmt. Co.*, 2011 WL 3651359, at *6 (D. Kan. Aug. 19, 2011). In *Kirch,* the district court granted summary judgment for the defendant ISP where the plaintiff had failed to plead that the ISP had actually acquired the plaintiff's electronic communications. *Id.* Like this case, *Kirch* was an ECPA action brought against an ISP for diverting its customers' Internet communications through the NebuAd Appliance. There, the court noted that although the term "acquisition" is not defined in the ECPA, "to acquire" commonly means "to

6

come into possession, control, or power of disposal." *Id.* Thus, the court reasoned that in order to "intercept" a communication, one must come into possession or control of its contents. *Id.* Because there was nothing in the record alleging that the ISP itself had acquired the contents of any communications, the defendant could not have intercepted the communications within the meaning of the ECPA. *Id.*

Here, the Plaintiffs have not alleged sufficient facts to support a valid ECPA interception claim. The complaint asserts that "[t]he scope of WOW's *wholesale acquisition* of Internet traffic and diversion of that traffic to the Appliance encompassed all of Plaintiffs' and Class Members' web navigation activity and other Internet transactions," 2d Am. Compl. ¶ 45 (emphasis added), and that the "Defendant's network facility resources together with the Appliance were devices used *to acquire the 'contents' of communications* . . . in that Defendant used its network facility resources and the Appliance to divert and transfer the substance, purport, and meaning of the communications to the Appliance." *Id.* ¶ 78 (emphasis added). Although these assertions contain the proper buzzwords, they are mere legal conclusions that do not count as *factual* allegations. *See Iqbal*, 556 U.S. at 678-79 ("Although for purposes of a motion to dismiss [the court] must take all of the factual allegations in the complaint as true, [courts] are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal citations and quotations omitted). Here, setting aside the legal conclusions, the *facts* that Plaintiffs allege in detailing the nature of WOW and NebuAd's relationship, recited above, make it clear from the face of the complaint that WOW merely facilitated *NebuAd*'s acquisition of Plaintiffs' information. Yes,

7

WOW diverted the communications to NebuAd, but it was NebuAd that actually acquired the communications in the sense of the statute, meaning it was NebuAd that actually accessed the communications when it analyzed them to fashion targeted ads. *Id.* ¶¶ 45, 93. Because the complaint does not adequately allege that WOW acquired Plaintiffs' electronic communications, Plaintiffs have failed to state a claim for direct ECPA liability under 18 U.S.C. § 2511(1)(a).

In the absence of sufficient factual allegations to support a *direct* liability claim under § 2511(1)(a), the next question is whether there is some other basis for ECPA liability—namely, whether the complaint supports some form of *secondary* liability against WOW. As a general matter, courts have declined to find a private cause of action against those who aid and abet or conspire with others to intercept, disclose, or use electronic communications in violation of the ECPA. *See, e.g.*, *Doe v. GTE* Corp., 347 F.3d 655, 658-69 (7th Cir. 2003); *Freeman v. DirecTV*, 457 F.3d 1001, 1004 (9th Cir. 2006); *Kirch*, 2011 WL 3651359, at *7; *In re Toys R Us Privacy Litigation*, 2001 WL 34517252, at *7 (N.D. Cal. Oct. 9, 2001). This is because federal courts normally refrain from creating secondary liability that is not specified by Congress in the statute's text. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 184 (1994). Although a statute's structure may show that secondary liability has been established implicitly, *see Boim v. Quranic Literacy Institute*, 291 F.3d 1000, 1019-1020 (7th Cir. 2002), the Seventh Circuit has declined to read 18 U.S.C. § 2511 in that way, *Doe*, 347 F.3d at 659. 18 U.S.C. § 2511(1)(a) criminally punishes anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to

8

intercept or endeavor to intercept, any . . . electronic communication." The civil provision of the ECPA provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a). These provisions do not explicitly impose secondary civil liability on those who conspire with or aid and abet others in intercepting electronic communications.[2] Nor does a structural reading of the ECPA implicitly establish secondary liability. Because "[a] statute that is this precise about who, other than the primary interceptor, can be liable, should not be read to create a penumbra of additional but unspecified liability," *Doe*, 347 F.3d at 659, this Court declines to read

---

[2]In criminal cases, conspiracy and aiding-and-abetting liability are generally created by 18 U.S.C. § 371 and 18 U.S.C. § 2, respectively, for Title 18 offenses.

a private cause of action for secondary liability into the ECPA.[3] Accordingly, WOW's

motion to dismiss is granted as to the interception claim under 18 U.S.C. § 2511(1)(a).

The question remains, however, on what to do with Plaintiffs' claims under 18

U.S.C. §§ 2511(1)(c) (disclosure of communications) and (d) (use of communications).

Plaintiffs do allege in the second amended complaint that WOW illegally disclosed and

used their electronic communications in violation of §§ 2511(1)(c) and (d). 2d Am.

Compl. ¶¶ 48, 52, 56, 58, 59, 64(i), 64(j), 89 (citing 2511(1)(c)), 92, 95, 98, 107. But

neither party appears to have addressed these claims in their briefs. On the one hand,

---

[3]The Court notes that the Fifth Circuit in *Peavy v. WFAA-TV*, 221 F.3d 158 (5th Cir. 2000), arrived at the same conclusion by comparing the textual differences between the criminal and civil provisions of the ECPA. 18 U.S.C. §§ 2511(1)(a) (criminal), 2520(a) (civil). *Peavy* reasoned that because the "procures any other person to intercept . . ." language had been amended out of the civil provision but not the criminal provision of the ECPA, Congress must have intended to limit the class of persons who may be held civilly liable under the ECPA. *Peavy*, 221 F.3d at 169. *Peavy* thus held that § 2511(1)(a)'s prohibition on the procurement of interceptions can only be enforced in criminal proceedings. *Id.* at 169.

Although this Court agrees with the ultimate holding of *Peavy* (that is, there is no secondary civil liability under the ECPA), this Court does not rely on the combination of the presence of the "procures" language in § 2511(1)(a) and its absence in § 2520(a). Indeed, in the Court's view, the text of § 2520(a) actually does authorize civil actions against those who "procure" a banned interception. Section 2511(1)(a) imposes liability on anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any . . . electronic communication." 18 U.S.C. § 2511(1)(a). Section 2520 permits "any person whose . . . electronic communication is intercepted, disclosed, or intentionally used *in violation of this chapter*" to pursue a civil action against "the person or entity, other than the United States, *which engaged in that violation.*" 18 U.S.C. 2520 (emphases added). The first part of the provision describes the *plaintiff* in the civil ECPA suit (namely, any person whose communication is intercepted, disclosed or used); that first half does nothing to limit who may be sued as a *defendant* under § 2520. It is the second part of the provision that describes the defendant (namely, the person or entity which engaged in that violation). The procurer of an interception has indeed engaged in a violation of § 2511(a), and may thus be sued by the person whose communication was intercepted. This interpretation also makes sense because the procurer of a violation—the one who brings about the violation— is not secondarily liable as that term is usually understood; the procurer is the *principal*, not the merely secondary actor.

10

WOW does not seem to mention those liability theories in its motion to dismiss or its reply brief; on the other hand, Plaintiffs do not mention in their response that those liability theories must survive because WOW did not challenge those theories. On the third hand, perhaps the parties assumed that the decision on the interception liability theory would control the decision on the other two. In any event, in advance of the next status hearing, the parties shall file concise position papers on this topic: first, on or before December 28, 2013, Plaintiffs shall file a position paper stating whether Plaintiffs wish to pursue §§ 2511(1)(c) and (d) claims, and if so, what Plaintiffs propose as the next step in the litigation. On or before January 10, 2013, WOW shall file a responsive paper setting forth its position.

## B.  Consent to Interception

WOW argues in the alternative that dismissal of Plaintiffs' § 2511(1)(a) claim is warranted because Plaintiffs consented to the interception of their Internet communications. Specifically, WOW contends that it conditioned its service on the use of third-party advertising, which was made explicit in its Terms of Service. Def.'s Br. at 13. Moreover, WOW claims that it separately notified customers of its deployment of the NebuAd service and gave customers an opportunity to opt out. *Id.* at 13-14. WOW asserts that Plaintiffs' failure to opt out and continued use of WOW's services amounted to consent that serves as a bar to ECPA liability. Although the Court has already held that dismissal of the § 2511(1)(a) interception claim is warranted under

Rule 12(b)(6), for the sake of completeness (and because the status of the disclosure and use claims is unclear), the Court will address the consent argument.

WOW is correct that consent is an exception to ECPA liability. *See* 18 U.S.C. § 2511(2)(d). However, consent is an affirmative defense to an ECPA claim that need not be anticipated by Plaintiffs in the pleadings. *Doe v. Smith*, 429 F.3d 706, 709 (7th Cir. 2005) (noting that one participant had obviously consented to the recording, but that does not justify dismissing the suit at the motion to dismiss stage because "[c]omplaints need not anticipate or attempt to defuse potential defenses."). Here, discovery might very well reveal that Plaintiffs did consent to NebuAd's interception, but the Court may only consider the pleadings at this stage of the litigation. Plaintiffs flatly deny receiving notice of or giving consent to the alleged interception in their complaint. 2d Am. Compl. ¶¶ 54-59. And because the Court must accept as true all factual allegations contained in a complaint when evaluating a motion to dismiss, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted), a determination of consent at this time is premature.

Even if it were permissible to go beyond the pleadings at this stage, WOW's consent argument would also fail because the facts it submits in support of the motion are contestable. WOW contends that it notified its customers on three separate occasions that third-party advertisements may be used. Def.'s Br. at 13-14. WOW claims that these notices are outlined in a letter from WOW's CEO to Congressman John Dingell of the Committee on Energy and Commerce, in which WOW responded

to Congressional inquiries about its relationship with NebuAd. R. 23-1, 60-1 ("Response to Congress"). WOW contends that because this document is part of the public record and is "undisputedly authentic," the Court may take judicial notice of the fact that WOW obtained consent from its customers. Def.'s Br. at 11. This argument must be rejected. Although a court may take judicial notice of matters of public record when ruling on a motion to dismiss, *Anderson v. Simon*, 217 F.3d 472, 474 (7th Cir. 2000), it may not take judicial notice of underlying facts that may be subject to reasonable dispute. *See Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *see also Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 n.6 (7th Cir. 1996) (finding that the "admissions" of plaintiffs in a joint status report filed by airline were not a matter of public record of which district court could take judicial notice without converting airline's 12(b)(6) motion to dismiss into a motion for summary judgment). Here, the only fact that may be judicially noticed by the Court is the fact that WOW submitted the Response to Congress. The underlying facts asserted in the Response itself cannot be judicially noticed because they are subject to reasonable dispute. Accordingly, the Court cannot take judicial notice of Plaintiffs' alleged consent, and dismissal is not warranted on the basis of consent.

## IV. Motion to Strike Class Allegations

Because it is possible that Plaintiffs' claims under §§ 2511(1)(c) and (d) still survive, the Court will now address the merits of WOW's motion to strike the class allegations from the complaint. WOW brings a separate motion to strike Plaintiffs'

13

class allegations under Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D). R. 139, Mot. Strike. WOW argues that Plaintiffs' decision not to pursue the six non-ECPA claims in arbitration constitutes impermissible claim-splitting, and precludes the absent members from being able to pursue these claims in the future under the doctrine of res judicata (that is, claim preclusion). *Id.* at 1. WOW further asserts that striking the class allegations is warranted because Plaintiffs' interests are antagonistic to the class, and thus Plaintiffs cannot be adequate class representatives. *Id.* For the reasons explained more fully below, WOW's motion to strike Plaintiffs' class allegations is denied.

Rule 23(c)(1)(A) provides that the court, "[a]t an early practicable time . . . must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Rule 23(d)(1)(D) provides that, "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). Courts in this district have held that a motion to strike class allegations, made pursuant to these provisions, can be an appropriate device to determine whether a case will proceed as a class action. *See, e.g., Muehlbauer v. General Motors Corp.*, 431 F.Supp.2d 847, 870 (N.D. Ill. 2006). Moreover, in the right circumstances, such motions may properly be filed before plaintiffs move for class certification and before class discovery has been conducted. *See, e.g., Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ("[G]iven that Rule

14

23(c)(1)(A) instructs courts to determine whether a class may be certified '[a]t an early practicable time,' courts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained."); *Bd. of Educ. of Tp. High Sch. v. Climatemp, Inc.*, 1981 WL 2033, at \*2, \*5 (N.D. Ill. Feb. 20, 1981) (rejecting plaintiff's argument that it would be procedurally improper to entertain defendant's motion to strike class action allegations prior to a motion by plaintiff to certify class).

The standard for evaluating whether class allegations should be stricken is the same as that for class certification, and is laid out in Rule 23(a). Under Rule 23(a), class certification is not warranted unless the named plaintiff satisfies four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Here, the only issue in dispute (at this stage) is whether Plaintiffs meet the fourth requirement of adequacy.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied where the named representative (1) has retained competent counsel; (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) does not have interests antagonistic to those of the class. *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 480 (N.D. Ill. 2009) (internal citations omitted). Here, WOW argues that Plaintiffs' class allegations must be stricken because their interests are antagonistic

15

to those of the class. Specifically, WOW contends that Plaintiffs' decision to forgo the six non-ECPA claims constitutes "claim-splitting," and precludes the absent class members from later pursuing these claims under the doctrine of claim preclusion. R. 140 at 5. This, WOW argues, creates a conflict of interest with the putative class, and renders Plaintiffs unable to serve as adequate class representatives.

Not so. Plaintiffs' decision not to pursue the six arbitrable claims has no bearing on their ability to represent the class for three independent reasons: First, Plaintiffs have not engaged in impermissible claim-splitting. Second, even if they did, there is a class action exception in the rule against claim-splitting. And finally, even if the class action exception does not apply, claim preclusion simply does not attach to the proposed class members' non-ECPA claims.

WOW mistakenly characterizes Plaintiffs' decision to abandon the non-ECPA claims as claim-splitting. Under the rule against claim-splitting, a plaintiff must allege in one proceeding all claims for relief arising out of a single nucleus of operative facts, or be precluded from raising those claims in the future. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988). Here, there is no question that all seven of Plaintiffs' original claims arose from the same nucleus of operative facts. But Plaintiffs have not impermissibly split their claims because they are not reserving the non-ECPA claims for a later *court* proceeding. Rather, Plaintiffs are simply abandoning their non-ECPA claims and pursuing the ECPA claim exclusively in federal court. Accordingly, the rule against claim-splitting does not apply to Plaintiffs in this case.

16

Second, as Plaintiffs point out in their response brief, "the doctrine of claim splitting generally does not apply to class actions." *Makor Issues & Rights v. Tellabs, Inc.*, 256 F.R.D. 586, 597 (N.D. Ill. 2009) (internal citations omitted). This is because class actions inherently involve the representation of unnamed class members in abstentia and without notice, which limits both the claims that can be subject to class treatment as well as the the types of recovery available. *Id.* (internal citations omitted) Because of the "special nature of class actions," the rule against claim-splitting does not apply to class actions, *id.*, and parties remain able to pursue separately those claims that could not be adjudicated within the class action, including those that arise from the same nucleus of operative facts. The logic behind this class-action exception is grounded in § 26(1)(c) of the Second Restatement of Judgments, which describes the exceptions to the general rule against claim splitting. *See id.* Section 26(1)(c) states that the rule against claim-splitting does not apply to extinguish a subsequent claim when

> [t]he plaintiff [is] unable to rely on a certain theory of the case or seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or seek that remedy or form of relief . . . .

Restatement (2d) of Judgments § 26(1)(c) (1982).

The same logic that animates § 26(1)(c) is applicable here. Plaintiffs originally brought all seven of their claims against WOW in federal court. However, because

17

WOW's Terms of Service contains an arbitration clause that subjects six of the Plaintiffs' claims to mandatory arbitration, this Court granted WOW's motion to compel arbitration of the six non-ECPA claims. *See generally* R. 123. Thus, Plaintiffs did not "split" their claims, because this Court, under the Federal Arbitration Act and WOW's arbitration agreement, was unable to entertain Plaintiffs' other theories of relief in the same action. Accordingly, under the class-action exception to the rule against claim-splitting, Plaintiffs and class members are not precluded from pursuing those remaining claims in a separate action down the road.

Third, even if the class-action exception does not apply, WOW is simply incorrect that Plaintiffs' decision to forgo the non-ECPA claims triggers claim-preclusion effects on the absent class members. As a threshold matter, claim-preclusion attaches in class actions only once a class has been certified, *Smith v. Bayer Corp.*, —— U.S. ——, 131 S. Ct. 2368, 2376 (2011), and any action taken by the named plaintiffs before class certification does not have preclusive effects on the rest of the class. Here, because Plaintiffs abandoned their non-ECPA claims before class certification, claim preclusion has not yet attached and the absent class members are not precluded from pursuing these claims later in a separate action.

Moreover, claim preclusion is simply inapplicable to the situation at hand. WOW contends that by not pursuing their non-ECPA claims in arbitration, the Plaintiffs have precluded the remaining class members from litigating those claims in any future proceeding. WOW mis-applies claim preclusion on two fronts: First, claim preclusion

18

only prevents parties from re-litigating claims that were or *could have been litigated* during an earlier proceeding. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (internal citations omitted) (emphasis added). It does not operate to preclude a second suit that is based on a claim that could not have been asserted in the first suit. *Alvear-Velez v. Mukasey*, 540 F.3d 672, 678 (7th Cir. 2008). As explained above, the non-ECPA claims could not have been litigated in the present proceeding because of WOW's arbitration agreement. Second, even if Plaintiffs had gone ahead with the arbitration, WOW's arbitration clause prohibits Plaintiffs from pursuing the six non-ECPA claims as a class claim. *See* R. 72-1, WOW Terms of Service (prohibiting class claims in arbitration). Because Plaintiffs could not have pursued their non-ECPA claims in a class arbitration anyway, it does not matter, for purposes of claim preclusion, whether Plaintiffs chose to abandon them here. If the absent class members decide at some point in the future to pursue the non-ECPA claims, they would have to arbitrate those claims separately and individually anyway. Accordingly, Plaintiffs' decision to abandon the six arbitrable claims has no claim preclusion effect on the absent class members, and WOW's motion to strike Plaintiffs' class allegations is denied.

19

## V. Conclusion

For the reasons stated above, WOW's motion to dismiss [R. 136] is granted as to the interception claim under 18 U.S.C. § 2511(1)(a). WOW's motion to strike class allegations [R. 139] is denied.

As discussed above, Plaintiffs shall file a position paper on the §§ 2511(1)(c) and (d) claims on or before December 28, 2012. WOW shall file a response by January 10, 2013, and the next status hearing will be held on January 24, 2013, at 10:30 a.m.

ENTERED:

_Edmond E. Chang_
_____

Honorable Edmond E. Chang
United States District Judge

DATE: December 20, 2012

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAN VALENTINE and W. BRAND      )
BOBOSKY, individually and on      )
behalf of themselves and all others   )
similarly situated,            )        No. 09 C 7653
                         )
            Plaintiffs,       )
                         )
      v.                )        Judge Edmond E. Chang
                         )
WIDEOPEN WEST FINANCE, LLC,    )
                         )
            Defendant.      )

MEMORANDUM OPINION AND ORDER

Plaintiffs Dan Valentine and W. Brand Bobosky brought this proposed class

action alleging that their Internet service provider (ISP), Defendant WideOpen West

Finance, LLC, violated the Electronic Communications Privacy Act (ECPA), 18 U.S.C.

§ 2510 *et seq.*[1] In their Second Amended Complaint [R. 135], Plaintiffs alleged that

WOW intercepted, disclosed, and used their electronic communications when WOW

diverted their communications to a third-party advertising service, NebuAd, Inc., in

direct violation of §§ 2511(1)(a), 2511(1)(c), and 2511(1)(d) of the ECPA. In December

2012, this Court granted WOW's motion to dismiss [R. 136] the § 2511(1)(a)

interception claim for failure to state a claim. Fed. R. Civ. P. 12(b)(6); R. 157, Mot.

Dismiss Order at 5-10. At the same time, because neither party's briefs addressed

Plaintiffs' disclosure and use claims under §§ 2511(1)(c) and (d) respectively, the Court

requested position papers on what to do with those remaining claims. Mot. Dismiss

---

[1]Jurisdiction is proper under 28 U.S.C. § 1331.

Order at 10-11. Before the Court now are Plaintiffs' motion to reconsider the dismissal of the § 2511(1)(a) interception claim [R. 165], the parties' position papers on the §§ 2511(1)(c) and (d) disclosure and use claims [R. 158, 159, 164, 172], and Plaintiffs' motion for leave to amend their complaint [R. 163], along with a Proposed Third Amended Complaint [R. 161-1]. For the reasons explained more fully below, both of Plaintiffs' motions [R. 163, 165] are denied, and the §§ 2511(1)(c) and (d) claims are dismissed.

## I. Background

WOW is an Internet service provider in several states, including Illinois. R. 135, Second Am. Compl. ¶ 15. WOW provided Internet services to over 300,000 customers, including Plaintiffs Dan Valentine and Brand Bobosky. *Id.* ¶¶ 13-14. Plaintiffs allege that, in or around late 2007, WOW installed, on its broadband network, devices that diverted all of WOW's customers' Internet communications to NebuAd. *Id.* ¶¶ 26-32, 45, 91. NebuAd then accessed and analyzed these communications to serve targeted advertisements to WOW customers. *Id.* ¶¶ 92-93. Plaintiffs' Second Amended Complaint alleges that WOW's diversion of their communications to NebuAd violated three provisions of the ECPA: § 2511(1)(a) (interception of communications), §2511(1)(c) (disclosure of communications), and § 2511(1)(d) (use of communications). *Id.* ¶¶ 87-89, 107. In a Proposed Third Amended Complaint, Plaintiffs now allege two additional ECPA violations: § 2511(1)(a) (procurement of interception), and § 2511(3)(a) (divulging communications). R. 161-1, Proposed Third Am. Compl. ¶¶ 90-91 (citing § 2511(1)(a)), 110-17 (citing § 2511(3)(a)).

2

By way of background, the parties have already briefed four separate motions to dismiss connected to this lawsuit. In 2009, the United States District Court for the Northern District of California dismissed an earlier lawsuit brought by Plaintiff Valentine against WOW and five other ISPs for lack of personal jurisdiction. *See Valentine v. NebuAd, Inc.*, 2009 WL 8186130, at *2, *10 (N.D. Cal. Oct. 6, 2009) (limiting its dismissal to lack of personal jurisdiction and declining to rule on whether the complaint stated a claim). Valentine then filed this case against WOW in this Court in December 2009. R. 1. WOW filed two motions to dismiss that version of the Complaint. R. 22, 59. Although the parties briefed both motions, neither motion was resolved on the merits. R. 42 at 5 (denying motion to dismiss pending a status hearing to more clearly define the issues), R. 123 (granting a motion to compel arbitration of six non-ECPA claims and denying the motion to dismiss as moot).

Parallel to these motions to dismiss, Plaintiffs filed two amended complaints. Valentine first amended his complaint in September 2011, adding W. Brand Bobosky as an additional named plaintiff. R. 101-1, First Am. Compl. ¶ 6b. Plaintiffs amended their complaint again in May 2012, abandoning their arbitrable claims and proceeding solely on the ECPA claim. Second Am. Compl. In response to Plaintiffs' Second Amended Complaint, WOW filed another motion to dismiss [R. 136], which this Court granted in part. Mot. Dismiss Order at 20 (dismissing § 2511(1)(a) interception claim).

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) states that a court may reconsider an interlocutory ruling "at any time before the entry of judgment adjudicating all the

3

claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Motions for reconsideration serve the narrow purpose of presenting newly discovered evidence or correcting manifest errors of law or fact. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). A motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). But a motion for reconsideration "does not provide a vehicle for a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (internal quotation marks and citation omitted); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("[R]econsideration is not for rehashing previously rejected arguments.").

## III. Analysis

Plaintiffs advance two arguments in support of their motion for reconsideration. First, Plaintiffs contend that WOW never presented this Court with the argument that Plaintiffs' interception claim should fail because WOW never accessed the contents of their electronic communications. Second, citing numerous cases that Plaintiffs did not rely on in earlier briefings, Plaintiffs argue that this Court made a manifest error of law. Finally, although technically not part of their motion for reconsideration, Plainitffs' in their position papers [R. 158, 164] urge this Court to keep their disclosure

4

and use claims pending even if the Court refuses to grant reconsideration. The Court addresses each of these arguments in turn.

## A. Interception

Plaintiffs first argue for reconsideration of the dismissal of their § 2511(1)(a) interception claim because WOW did not raise the argument on which the Court based its dismissal. Plaintiffs contend that the issue of "access to" the contents of their electronic communications was not raised by WOW in its motion to dismiss. R. 165, Pls.' Mot. Recons. at 1, 4. To be sure, if the Court had made a decision outside the adversarial issues presented, reconsideration might be warranted. *See Bank of Waunakee*, 906 F.2d at 1191. But WOW's motion and its opening brief properly teed up this issue for both Plaintiffs and the Court to consider. Thus, reconsideration on this basis is not warranted.

Plaintiffs' reconsideration motion is premised on the assertion that the Order added an "access" requirement, over and above the element of "acquisition," into the ECPA's § 2511(1)(a) interception provision. *See* Pls.' Mot. Recons. at 1, 6 n.1; *see also* R. 174, Pls.' Reply Br. at 2. Plaintiffs point to one sentence in the Order that they believe introduces such a requirement: "Yes, WOW diverted the communications to NebuAd, but it was NebuAd that actually acquired the communications in the sense of the statute, meaning it was NebuAd that actually *accessed* the communications when it analyzed them to fashion targeted ads." Mot. Dismiss Order at 7-8 (emphasis added).

5

To be clear, the Court did not intend to impose such a requirement. The quoted sentence from the Order merely underscored that Plaintiffs' Second Amended Complaint only alleged that *NebuAd*—not WOW—had acquired (and accessed) the contents of Plaintiffs' communications. What was, and still is, missing from Plaintiffs' pleadings are any factual allegations that *WOW* ever acquired *or* accessed such contents. Yes, Plaintiffs' point is well-taken that "acquisition of" contents might not necessarily coincide with "access to" contents. *See* Pls.' Reply Br. at 4. Indeed, it is possible to envision a scenario where an ISP contracted with a third-party to extract and share, from the ISP's network, customer data that the ISP otherwise would not have had access to. The ISP might opt not to analyze the data from a certain subset of customers, all the while having access to that data if it wanted it. In other words, the ISP might have acquired the contents but chosen not to access them. In that scenario, the distinction between "access" and "acquisition" might make a difference.

But to resolve this motion, the Court need not consider whether there is a meaningful difference between "access to" and "acquisition of" content because any possible distinction would not alter the outcome of this case. *Cf. Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1249 (10th Cir. 2012) (declining to draw a line between "access" and "acquisition" because the ISP's only access to communications was solely in the ordinary course of its business). The fact still remains that in all iterations of their complaint, including their Proposed Third Amended Complaint, Plaintiffs have never made *factual* allegations that WOW either acquired (or actually accessed) the

6

contents of their communications. *See* Mot. Dismiss Order at 7 (drawing a distinction between factual allegations and legal conclusions).

Setting aside any possible distinction between access and acquisition, WOW adequately raised the issue on which the Court based its dismissal of the interception claim. In its motion to dismiss, WOW argued that dismissal was proper because "Plaintiffs fail to allege that WOW intercepted the contents of any communication . . . because they do not allege WOW ever acquired such contents." R. 136, Def.'s Mot. Dismiss at 1. In its opening brief in support of its motion, WOW elaborated that "[a] defendant cannot be held liable under the ECPA if it simply acts as a conduit to and from an entity that acquires the contents of a communication, but does not itself acquire those contents." R. 137, Def.'s Br. at 11 (citing *Kirch v. Embarq Mgmt. Co.*, 2011 WL 3651359, at *20-21 (D. Kan. Aug. 19, 2011)). WOW also noted that "Plaintiffs do not allege facts to support a conclusion that WOW itself *ever* acquired . . . the contents of any of their communications." *Id.* at 12. Indeed, WOW pointed out that Plaintiffs' Second Amended Complaint alleged that it was NebuAd—not WOW—that received, "*accessed* and analyzed" the contents of their communications. *Id.* (quoting Second Am. Compl. ¶ 6) (emphasis added).

The primary case on which WOW relied in its motion to dismiss, *Kirch v. Embarq*, 2011 WL 3651359, also made clear that the issue of access to or acquisition of contents of communications is central to an interception claim under the ECPA. In *Kirch*, the district court granted summary judgment for the defendant ISP in part because the plaintiff had failed to plead that the ISP had actually acquired the

7

plaintiff's electronic communications. *Id.* at *6. The court emphasized that it was "undisputed" that the ISP "had no access to" the information extracted by NebuAd; instead, the ISP only had "access" to the raw data that ordinarily flowed through its network. *Id.* Such access does not violate the ECPA. *Id.*; *see also* 18 U.S.C. § 2510(5)(a)(ii) (excluding communications that are intercepted by an ISP in the "ordinary course of its business"); § 2511(2)(a)(i) (excluding communications that are intercepted by an employee of an ISP "in the normal course of his employment"). In short, WOW's motion to dismiss, its opening brief in support of its motion, and the cases that WOW relied on all adequately framed the acquisition issue for Plaintiffs and the Court.

Second, Plaintiffs contend that the Court's holding on the interception claim was a manifest error of law. Pls.' Mot. Recons. at 1. In support of their argument, Plaintiffs present this Court with several cases—many of which neither party cited in their earlier motion-to-dismiss briefs—that Plaintiffs now believe support their interpretation of § 2511(1)(a). But a manifest error of law "is not demonstrated by the disappointment of the losing party"; instead, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks and citation omitted). Here, none of the authorities that Plaintiffs cite establish a manifest error that warrants granting a motion for reconsideration.

Although Seventh Circuit opinions of course bind this Court, the criminal case that Plaintiffs cite, *United States v. Szymuszkiewicz*, 622 F.3d 701 (7th Cir. 2010), does

not address the precise question at issue here. In *Szymuszkiewicz*, the court reviewed the defendant's conviction under the ECPA for intentionally intercepting his employer's emails. *Id.* at 703. The defendant had set up a "rule" on his supervisor's computer so that it automatically forwarded to the defendant all emails that the supervisor received. *Id.* WOW is correct to point out that the defendant there did acquire the contents of the emails (regardless of whether or not the defendant actually accessed the emails and read them). R. 171, Def.'s Resp. Br. at 12. But *Szymuszkiewicz* ultimately does not govern this case because the defendant there did not simply serve as a conduit to a third-party. The email-forwarding rule that the defendant set up diverted the emails directly to his computer (via the network's server). 722 F.3d at 703-04. Unlike this case, there was no third-party involved. In other words, the defendant himself was the "acquirer." Thus, because the defendant did not serve as a conduit, *Szymuszkiewicz* has no bearing on the outcome of this case.

Plaintiffs also heavily rely on a lone quote from a Second Circuit case, *United States v. Rodriguez*, 968 F.2d 130 (2d Cir. 1992), to support their interpretation of § 2511(1)(a). *See* Pls.' Mot. Recons. at 5 ("Redirection presupposes interception." (quoting *Rodriguez*, 968 F.2d at 136)). But *Rodriguez* also does not help resolve the issue in this case. In *Rodriguez*, there was no debate about whether an interception had actually occurred. The only issue was whether the court that had authorized a wiretap had jurisdiction to do so. *Rodriguez*, 968 F.2d at 135-36. Thus, considering the *Rodriguez* quote in its proper context, it concerned where the interception occurred, not

9

whether there was an interception in the first place by an ISP like WOW, which is the issue on the table now.

The only authority that Plaintiffs cite that does have any bearing on the issue in this case—whether an ISP's role as a conduit constitutes interception and thus subjects it to ECPA liability—is squarely against Plaintiffs. Following the dismissal order [R. 157], the Tenth Circuit in *Kirch v. Embarq Management Co.* affirmed the district court's dismissal of the plaintiffs' interception claim. 702 F.3d 1245. The appellate court affirmed that mere installation of the NebuAd device in the ISP's network did not constitute unlawful interception. *Id.* at 1249-51. Indeed, the Tenth Circuit emphasized that the device gave the ISP access to no more information than it already had in the ordinary course of business. *Id.* at 1250. The court reasoned that the ISP could only be liable under § 2511(1)(a) if the plaintiffs could allege, and ultimately prove, that the NebuAd device facilitated the ISP's acquisition of additional information other than that to which it already lawfully had access. *See id.* at 1251; *see also Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 505 (2d Cir. 2005) (holding that "ISPs do not 'intercept' if they are acting within the ordinary course of their businesses"). Thus, *Kirch* further supports this Court's holding that absent any factual allegations that WOW acquired the contents of Plaintiffs' communications, Plaintiffs have failed to state a claim for direct ECPA liability under 28 U.S.C. § 2511(1)(a).

In the end, while Plaintiffs' substantive legal arguments are not entirely unreasonable, Plaintiffs could and should have made these arguments in the earlier rounds of briefing. With the exception of *Kirch* from the Tenth Circuit (which went

against the plaintiffs), all of the cases that Plaintiffs rely on in their present motion were decided long before Plaintiffs opposed WOW's motion to dismiss. Because a reconsideration motion is not the proper vehicle for advancing new arguments or rehashing old ones, Plaintiffs' motion for reconsideration is denied.

## B. Disclosure and Use

Although not technically part of Plaintiffs' motion for reconsideration, this Court must also determine what to do with Plaintiffs' disclosure and use claims under §§ 2511(1)(c) and (d). Because the parties did not directly address Plaintiffs' disclosure and use claims in their dismissal-motion briefs, the Court postponed ruling on these claims in its previous Order. *See* Mot. Dismiss Order at 10-11. The Court asked whether the parties had neglected to address these claims because they had assumed that the decision on the interception liability theory would control the decision on the disclosure and use claims. *Id.* at 11. Because their positions were not clear, the Court requested that the parties submit position papers addressing what to do with these claims. *Id.* at 11, 20. Then, because Plaintiffs' initial position paper was in the nature of a request for reconsideration of the interception claim, the Court requested supplemental position papers as well. R. 160. Again, the Court instructed the parties to directly address the issue of what to do with the disclosure and use claims and, in particular, what the Court should do with those claims if Plaintiffs' requested relief is denied. *Id.*

In their first position paper, Plaintiffs argued that their disclosure and use claims are still alive and pending. R. 158, Pls.' Position Paper at 2. At the same time,

Plaintiffs stated that resolution of these claims might require relitigating the § 2511(1)(a) interception claim. *Id.* Plaintiffs also proposed that the Court grant a motion to reconsider the interception claim or, in the alternative, enter a partial judgment and stay the disclosure and use claims pending appellate resolution of the interception claim. *Id.* at 3-4. Finally, in response to the Court's follow-up question of what it should do with the disclosure and use claims if the motion for reconsideration is denied, Plaintiffs merely suggest that the litigation proceed on the pending disclosure and use claims, which they contend are still viable because WOW did not contest these claims in its motion to dismiss. R. 164, Pls.' Supplement Position Paper at 1-2.

WOW argues that the Court's holding that WOW did not intercept the contents of Plaintiffs' communications necessarily defeats Plaintiffs' disclosure and use claims. R. 159, Def.'s Position Paper at 1, 3-4. WOW elaborates that "WOW could not have used or disclosed the contents of Plaintiffs' communications without first acquiring those contents." R. 172, Def.'s Supplement Position Paper at 3 (emphases omitted). In other words, WOW argues that if the interception claim fails, the disclosure and use claims must fail as well.[2] Although they had the opportunity in their supplemental position paper, Plaintiffs did not respond to WOW's arguments. *See* Pls.' Supplement

---

[2]WOW also asserts that it contested the disclosure and use claims in its motion to dismiss. For one, WOW sought dismissal of Plaintiff's Second Amended Complaint "*in its entirety* with prejudice." Mot. Dismiss at 2 (emphasis added). And although the argument was not emphasized, it is also true that WOW did argue that § 2511(1)(d), which has language almost identical to § 2511(1)(c), first requires an unlawful "interception." *See* Def.'s Br. at 11.

Position Paper at 1-2 (stating only that "[n]otwithstanding Defendant's position as to these claims [R. 159], Plaintiffs believe they are viable").

The Court agrees with WOW, and the unambiguous language of the statute confirms its interpretation. A person cannot violate either the disclosure or use sub-paragraphs of the statute unless that person first "know[s] or ha[s] reason to know that the information *was* obtained through the interception of a[n] . . . electronic communication in violation of this subsection." 18 U.S.C. § 2511(1)(c), (d) (emphasis added). Thus, there is a certain temporal sequence of events that must occur before a person can be liable for disclosure or use.

First, there must be an interception: a person must acquire the contents of communications. Next, for a third-party (as opposed to the original interceptor) to be liable for disclosure or use, the third-party too must gain access to or acquire those contents. *See id.* (stating that a person violates the statute only if that person "discloses" or "uses . . . the *contents* of any . . . communication" (emphasis added)). To be clear, the third-party itself need not be found liable for an additional interception. Instead, the alleged discloser or user must simply disclose or use the *contents* of an already-intercepted communication. *Cf. Noel v. Hall*, 568 F.3d 743, 749 (9th Cir. 2009) (explaining that subsequent use of a recorded conversation is not another interception, but rather constitutes disclosure or use of the intercepted communication). Finally, the person disclosing or using those contents must know (or have reason to know) that the information was unlawfully intercepted. *See McCann v. Iroquois Mem'l Hosp.*, 622 F.3d

745, 753 (7th Cir. 2010) (citation omitted). Only when all of those requirements are met can any subsequent unauthorized disclosure or use constitute a violation of the ECPA.

Here, Plaintiffs' disclosure and use claims fail at the second step. Even accepting that NebuAd unlawfully intercepted Plaintiffs' communications, Plaintiffs have not alleged that WOW later had access to or acquired the contents of those intercepted communications. In other words, WOW had no intercepted information to disclose or use. To be sure, if Plaintiffs made factual allegations that WOW had directly intercepted their communications, their disclosure and use claims would remain viable. So too would these claims remain viable if Plaintiffs had amended their complaint to include factual allegations that WOW somehow received the contents of Plaintiffs' intercepted communications from NebuAd.[3] But as discussed below, Plaintiffs' Proposed Third Amended Complaint adds no such allegations. Thus, because Plaintiffs lost their interception claim, they lose their disclosure and use claims as well. For those reasons, the Court now dismisses Plaintiffs' disclosure and use claims under 18 U.S.C. §§ 2511(c) and (d).[4]

---

[3]Plaintiffs assert that "WOW knowingly used intercepted communications that had passed back through the NebuAd appliance and were delivered by WOW to Plaintiffs and Class Members." Pls.' Supplement Position Paper at 2 (citations omitted). Yet, all factual allegations of "use" relate to what NebuAd did, not WOW. *See, e.g.*, Second Am. Compl. ¶¶ 93-94, 99-100.

[4]As a result, Plaintiffs' request for a Rule 54(b) partial judgment is moot. *See* Pls.' Position Paper at 2 (requesting as an alternative to reconsideration that the Court enter partial judgment on its partial dismissal and stay the remaining disclosure and use claims pending appellate review of the interception claim).

### C. Motion for Leave to Amend

Plaintiffs' motion for leave to amend [R. 163], as well as a Proposed Third Amended Complaint [R. 161-1], are also pending before this Court. After a party has amended its pleadings once as a matter of right, district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But leave to amend is not granted automatically. *See Airborne Beepers & Video Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). "[District] courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011) (internal quotation marks and citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). And while delay alone usually does not warrant denying leave to amend, the "longer the delay, the greater the presumption against granting leave to amend." *Johnson*, 641 F.3d at 872 (internal quotation marks and citation omitted). Here, futility, delay, and prejudice all point in favor of denying leave to amend.

After nearly four years since the filing of the initial complaint, Plaintiffs' Proposed Third Amended Complaint introduces two brand-new claims under the ECPA. First, Plaintiffs allege that WOW intentionally procured NebuAd to intercept their communications in violation of 18 U.S.C. § 2511(1)(a). *See* Proposed Third Am. Compl. ¶¶ 90-91. Second, Plaintiffs also allege that WOW violated § 2511(3)(a) when it divulged the contents of Plaintiffs' communications to NebuAd. *Id.* ¶¶ 110-17. Plaintiffs argue that these amendments are appropriate in light of the Court's Order

15

dismissing their interception claim. As to the procurement claim, Plaintiffs point to a footnote in the Court's Order where the Court reasoned that the ECPA's civil-liability provision, § 2520(a), encompasses claims for procuring interceptions. R. 163, Pls.' Mot. Leave Amend at 1-2 (quoting Mot. Dismiss Order at 10 n.3). Plaintiffs next argue that adding a divulgence claim is proper as well given the Court's finding that NebuAd acquired the contents of Plaintiffs' communications. *See id.* at 2. In support of their motion to amend, Plaintiffs also emphasize that they have added no new factual allegations to their proposed complaint and that the parties have not yet entered into full discovery. R. 176, Pls.' Mot. Leave Amend Reply Br. at 8.

That Plaintiffs have added no new factual allegations to their proposed complaint is actually a factor weighing *against* granting leave to amend because Plaintiffs could have made the claims much earlier. *See Bethany Pharmacal Co. v. QVC Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (reasoning that because plaintiff's proposed new claim was "virtually identical to the factual basis" of its earlier claim, it could have brought the new claim when it filed its original complaint "if it had prepared for this litigation with the appropriate foresight"). Plaintiffs have not offered a sufficient explanation for why they did not include these claims in their earlier complaints. To begin, Plaintiffs did not have to look very far to discover the purported legal basis of either of their new claims: the divulgence provision is in the very same section of the statute as all of its previous claims. And the procurement provision is not only within the same section of the statute, but within the very same subsection.

16

Plaintiffs claim that it was the Order that prompted them to realize that the case is now "uniquely suited" for a divulgence claim. Pls.' Mot. Leave Amend Reply Br. at 4. But Plaintiffs should not have required this Order to realize that pleading a divulgence claim might have been prudent. Because WOW is an ISP, it is not only a "person" for purposes of § 2511(1), *see* 18 U.S.C. § 2510(6) (defining "person" to include "any . . . corporation"), WOW is also an "entity providing an electronic communication service to the public" for purposes of § 2511(3)(a). Given that WOW is a potential defendant under both subsections, there does not appear to be any meaningful difference between "disclosing" and "divulging" contents, and Plaintiffs offer no suggestions. *Cf. Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 174 (5th Cir. 2000) (considering "disclose" under the ECPA and "divulge" under a state analogue to be equivalent).

What is more, adding a divulgence claim now would be futile. "An amendment is futile when it merely restates the same facts using different language, or reasserts a claim previously determined. Similarly, an amendment may be futile when it . . . could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (internal quotation marks and citations omitted). To survive a motion to dismiss under both the disclosure and divulgence provisions, Plaintiffs would have to allege facts demonstrating that WOW disclosed or divulged *contents* of any communication. *See* 18 U.S.C. § 2511(1)(c), (3)(a) (holding liable persons or entities that intentionally disclose or divulge the contents of any communications). But as discussed above and in the previous Order, Plaintiffs have not sufficiently alleged that WOW ever acquired

17

or had access to any contents in the first place. Thus, raising a divulgence claim, while alleging no additional facts, is futile.

Plaintiffs' failure to allege additional facts also underscores the futility of their proposed procurement claim. To explain why, the Court must first resolve what appears to be some confusion about a footnote in the prior Order, one which the Plaintiffs cite now. In its discussion of secondary liability, the Court explained in an aside comparing the ECPA's criminal and civil provisions that "[t]he procurer of an interception has indeed engaged in an a violation of [§ 2511(1)(a)], and may thus be sued [under § 2520] by the person whose communication was intercepted." Mot. Dismiss Order at 10 n.3. The Court reasoned that this interpretation of the ECPA's civil provision "makes sense because the procurer of a violation . . . is not secondarily liable as that term is usually understood; the procurer is the *principal*, not the merely secondary actor." *Id.*

Plaintiffs appear to have somehow taken the footnote as a clue that they should now allege that WOW procured NebuAd to intercept their communications. *See* Proposed Third Am. Compl. ¶¶ 90-91. If so, Plaintiffs have misinterpreted the significance of the footnote discussion. The "procurer" under the Court's analysis would be *NebuAd*, not WOW. In other words, one could argue that NebuAd procured WOW to intercept the communications. But even under this alternative theory, it would be NebuAd, not WOW, that would remain liable under the statute. As explained in the previous Order, there is no private cause of action for secondary liability under the ECPA. *See* Order at 8-10.

18

Therefore, as applied to WOW, trying to add the procurement claim is futile for the same reasons that the divulgence claim is futile. Plaintiffs have alleged no new facts suggesting that WOW ever acquired the contents of intercepted communications. To state a claim for procurement, Plaintiffs would still need to allege that WOW (or someone on its behalf) intercepted—that is, acquired the contents of—communications. *See* § 2511(1)(a) (stating that a person violates the statute when that person "procures any other person to intercept . . . [an] electronic communication"). But again, because Plaintiffs have alleged no new facts, the procurement claim too would also fail and amendment is therefore futile.

Finally, undue delay and prejudice are also factors that weigh against granting leave to amend. *See Airborne Beepers & Video, Inc.*, 499 F.3d at 665, 667 (finding sufficient prejudice to affirm the district court's denial of leave to amend when the litigation had already been pending for four-and-a-half years and the defendants had already briefed three motions to dismiss). Including its lawsuit in the Northern District of California, Plaintiffs have been pursuing this lawsuit against WOW for nearly five years, four of those years in this Court alone. The parties have already briefed four motions to dismiss. *See Valentine*, 2009 WL 8186130, at *2 (declining to rule on a pending motion to dismiss); R. 22, 59, 136. Together, the protracted litigation and the multiple rounds of briefing demonstrate that WOW will be prejudiced if Plaintiffs get yet another shot now. Plaintiffs' motion for leave to amend is therefore denied.

19

## IV. Conclusion

For the reasons stated above, Plaintiffs' motions for reconsideration [R. 165] and leave to amend [R. 163] are denied. The Court also dismisses Plaintiffs' disclosure and use claims under 18 U.S.C. §§ 2511(1)(c) and (d). Because no other motions or claims remain pending, Plaintiffs' Second Amended Complaint is dismissed with prejudice.


ENTERED:


    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 27, 2013

AO 450 (Rev. 01/09)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

## Northern District of Illinois

| | |
|---|---|
| Dan Valentine, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| WideOpen West Finance, LLC | ) |
| *Defendant* | ) |

Civil Action No.     09 C 7653

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the

defendant *(name)* _____ the amount of

_____ dollars ($ _____ ), which includes prejudgment

interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____

_____ recover costs from the plaintiff *(name)* _____

☒ other:

Second amended complaint, and the case, is dismissed with prejudice. Judgment entered against Plaintiffs and in favor of Defendant.

_____

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☐ decided by Judge _____ on a motion for _____

. _____

Date:        Sep 27, 2013          Thomas G. Bruton, Clerk of Court

/S/Sandra Brooks



- [Civil](#)
- [Criminal](#)
- [Query](#)
- [Reports](#)
- [Utilities](#)
- [Search](#)
- [Logout](#)

APPEAL,COX,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 5.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:09-cv-07653
## Internal Use Only

Valentine v. WideOpen West, Finance, LLC
Assigned to: Honorable Edmond E. Chang
Demand: $9,999,000
Cause: 28:1331 Fed. Question: Tort Action

Date Filed: 12/09/2009
Date Terminated: 09/27/2013
Jury Demand: Both
Nature of Suit: 370 Personal Prop.: Fraud or Truth-In-Lending
Jurisdiction: Federal Question

**Plaintiff**

**Dan Valentine**

represented by **Brian J. Panish**
Panish, Shea & Boyle, LLP
11111 Santa Monica Boulevard
Suite 700
Los Angeles, CA 90025
(310) 477-1700
Email: panish@psblaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Andrew Stampley**
KamberLaw, LLC
11 Broadway
22nd Floor
New York, NY 10004
(212) 920-3072
Fax: (212) 920-3081
Email: dstampley@kamberlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Grace E Parasmo**
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, NY 10005
(212) 461-6157

Fax: 212-202-6364
Email: gparasmo@kamberlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael James Aschenbrener**
Aschenbrener Law, P.C.
10 South Riverside Plaza
Suite 1800
Chicago, IL 60606
312-970-9303
Email: mja@aschenbrenerlaw.com
*ATTORNEY TO BE NOTICED*

**Peter L. Kaufman**
Panish, Shea & Boyle, LLP
11111 Santa Monica Blvd.
Suite 700
Los Angeles, CA 90025
(310) 477-1700
Email: kaufman@psblaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rahul Ravipudi**
Panish, Shea & Boyle, Llp
11111 Santa Monica Blvd.
Suite 700
Los Angeles, CA 90025
(310) 477-1700
Email: ravipudi@psblaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott A Kamber**
Kamber Law, LLC
100 Wall Street
23rd Floor
New York, NY 10005
646 964 9603
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**W. Brand Bobobsky**
*individually, and on behalf of himself and all others similarly situated*

represented by **David Andrew Stampley**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WideOpen West, Finance, LLC**
*a Delaware Corporation*

represented by **Steven Thomas Catlett**
SchiffHardin
233 S. Wacker Dr.

Ste. 6600
Chicago, IL 60606
(312) 258-5572
Email: SCatlett@schiffhardin.com
*TERMINATED: 08/03/2011*
*LEAD ATTORNEY*

**Behnam Dayanim**
Paul Hastings Janofsky & Walker Llp
875 15th St., N.w.
Washington, DC 20005
(202) 551-1737
Email: bdayanim@paulhastings.com
*TERMINATED: 08/03/2011*
*PRO HAC VICE*

**Giselle Perez de Donado**
Paul Hastings LLP
191 N. Wacker Drive
13th Floor
Chicago, IL 60606
(312) 460-5889
Fax: (312) 460-7889
Email: GdeDonado@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Kelly Ann Demarchis**
Paul, Hastings, Janofsky & Walker Llp
875 15th Street Nw
Washington, DC 20005
(202) 551-1700
Email: kellydemarchis@paulhastings.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth W. Gage**
Paul, Hastings, Jonofsky & Walker
191 N. Wacker Drive
Chicago, IL 60606
(312) 499-6046
Email: kennethgage@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Ryan C. Nier**
Paul Hastings LLP
55 Second Street
Twenty-fourth Floor
San Francisco, CA 94105
(415) 856-7000
Email: ryannier@paulhastings.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel C. Zun**

Paul Hastings LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA 94105
(415) 856-7000
Fax: (415) 856-7100
Email: samuelzun@paulhastings.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Counts**
Paul Hastings LLP
55 Second Street
24th Floor
San Francisco, CA 94105
(415) 856-7077
Email: tomcounts@paulhastings.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2009 | 1 | COMPLAINT filed by Dan Valentine; Jury Demand. Filing fee $ 350, receipt number 07520000000004346696.(Aschenbrener, Michael) (Entered: 12/09/2009) |
| 12/09/2009 | 2 | CIVIL Cover Sheet (Aschenbrener, Michael) (Entered: 12/09/2009) |
| 12/09/2009 | 3 | ATTORNEY Appearance for Plaintiff Dan Valentine by Michael James Aschenbrener (Aschenbrener, Michael) (Entered: 12/09/2009) |
| 12/10/2009 | | CASE ASSIGNED to the Honorable Milton I. Shadur. Designated as Magistrate Judge the Honorable Susan E. Cox. (kjd, ) (Entered: 12/10/2009) |
| 12/10/2009 | 4 | SUMMONS Issued as to Defendant WideOpen West, Finance, LLC. (gmr, ) (Entered: 12/11/2009) |
| 12/11/2009 | 5 | MINUTE entry before the Honorable Milton I. Shadur: Status hearing set for 1/27/2010 at 09:00 AM.Mailed notice (srn, ) (Entered: 12/11/2009) |
| 12/21/2009 | 6 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-4378657. (Kamber, Scott) (Entered: 12/21/2009) |
| 12/29/2009 | 7 | MINUTE entry before Honorable Milton I. Shadur: Scott Kamber is granted leave to appear pro hac vice on behalf of the Plaintiffs. ( 6 -1) Mailed notice (gmr, ) (Entered: 12/30/2009) |
| 01/12/2010 | 8 | ATTORNEY Appearance for Defendant WideOpen West, Finance, LLC by Giselle Perez de Donado (Perez de Donado, Giselle) (Entered: 01/12/2010) |
| 01/12/2010 | 9 | ATTORNEY Appearance for Defendant WideOpen West, Finance, LLC by Steven Thomas Catlett (Catlett, Steven) (Entered: 01/12/2010) |
| 01/12/2010 | 10 | MINUTE entry before Honorable Milton I. Shadur:At the request of counsel the Status hearing is reset for 2/17/2010 at 09:00 AM.Mailed notice (srn, ) (Entered: 01/12/2010) |
| 01/12/2010 | 11 | MOTION by Defendant WideOpen West, Finance, LLC for extension of time to file answer (Perez de Donado, Giselle) (Entered: 01/12/2010) |
| 01/12/2010 | 12 | NOTICE of Motion by Giselle Perez de Donado for presentment of motion for |

| | | extension of time to file answer 11 before Honorable Milton I. Shadur on 1/22/2010 at 09:15 AM. (Perez de Donado, Giselle) (Entered: 01/12/2010) |
|---|---|---|
| 01/14/2010 | 13 | MINUTE entry before Honorable Milton I. Shadur:Motion for extension of time to answer 11 is granted. If to the extent the defendant moves to dismiss the Complaint that motion is due on or before February 15, 2010. If defendant elects to file an answer it is due on or before March 15, 2010. The February 17 status date is vacated. Status hearing reset for 3/23/2010 at 09:00 AM.Mailed notice (srn, ) (Entered: 01/14/2010) |
| 01/15/2010 | 14 | NOTICE by Scott A Kamber of Change of Address *Change of Firm Affiliation* (Kamber, Scott) (Entered: 01/15/2010) |
| 01/15/2010 | 15 | Notice of Change of Firm Affiliation for Counsel of Record by Dan Valentine (Stampley, David) (Entered: 01/15/2010) |
| 02/10/2010 | 16 | MINUTE entry before Honorable Milton I. Shadur:By agreement, the time for filing defendant's motion to dismiss is extended to February 22, 2010. Mailed notice (srn, ) (Entered: 02/10/2010) |
| 02/18/2010 | 17 | MOTION by Defendant WideOpen West, Finance, LLC for leave to file excess pages *in Memoradum in Support of Motion to Dismiss* (Perez de Donado, Giselle) (Entered: 02/18/2010) |
| 02/18/2010 | 18 | NOTICE of Motion by Giselle Perez de Donado for presentment of motion for leave to file excess pages 17 before Honorable Milton I. Shadur on 2/22/2010 at 09:15 AM. (Perez de Donado, Giselle) (Entered: 02/18/2010) |
| 02/19/2010 | 19 | MINUTE entry before Honorable Milton I. Shadur:Motion for leave to file excess pages 17 is granted. To the extent that plaintiff's counsel is reasonably required to exceed the 15-page limit to respond to defendant's memorandum, leave is also granted to do so. Mailed notice (srn, ) (Entered: 02/19/2010) |
| 02/19/2010 | 20 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-4544849. (Dayanim, Behnam) (Entered: 02/19/2010) |
| 02/22/2010 | 21 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-4547320. (Demarchis, Kelly) (Entered: 02/22/2010) |
| 02/22/2010 | 22 | MOTION by Defendant WideOpen West, Finance, LLC to dismiss *Plaintiff's Complaint* (Perez de Donado, Giselle) (Entered: 02/22/2010) |
| 02/22/2010 | 23 | MEMORANDUM by WideOpen West, Finance, LLC in support of motion to dismiss 22 (Attachments: # 1 Exhibit 1 - WOW's Response to Congress)(Perez de Donado, Giselle) (Entered: 02/22/2010) |
| 02/22/2010 | 24 | NOTICE of Motion by Giselle Perez de Donado for presentment of motion to dismiss 22 before Honorable Milton I. Shadur on 3/2/2010 at 09:15 AM. (Perez de Donado, Giselle) (Entered: 02/22/2010) |
| 02/22/2010 | 25 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by WideOpen West, Finance, LLC (Perez de Donado, Giselle) (Entered: 02/22/2010) |
| 02/22/2010 | 26 | MINUTE entry before Honorable Milton I. Shadur: Kelly A DeMarchis and Behnam Dayanim are granted leave to appear pro hac vice on behalf of the defendants. [20-1, 21-1] Mailed notice (ep, ) (Entered: 02/23/2010) |
| 02/24/2010 | 27 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-4559685. (Stampley, David) (Entered: 02/24/2010) |
| 03/01/2010 | 28 | MINUTE entry before Honorable Milton I. Shadur: David Stampley is granted leave to |

| | | appear pro hac vice on behalf of the Plaintiff. 27 -1. Mailed notice (gmr, ) (Entered: 03/02/2010) |
|---|---|---|
| 03/02/2010 | 29 | MINUTE entry before Honorable Milton I. Shadur:Motion to dismiss 22 is entered and continued to 5/3/10 at 9:00 a.m. Motion hearing held on 3/2/2010. The March 23 status date is stricken.Mailed notice (srn, ) (Entered: 03/02/2010) |
| 04/27/2010 | 30 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-4756410. (Ravipudi, Rahul) (Entered: 04/27/2010) |
| 04/27/2010 | 31 | MINUTE entry before Honorable Milton I. Shadur: Rahul Ravipudi is granted leave to appear pro hac vice on behalf of the Plaintiffs. ( 30 -1)Mailed notice (gmr, ) (Entered: 04/28/2010) |
| 04/28/2010 | 32 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-4760916. (Panish, Brian) (Entered: 04/28/2010) |
| 04/28/2010 | 33 | MINUTE entry before Honorable Milton I. Shadur: Brian Panish is granted leave to appear pro hac vice on behalf of the Plaintiffs. ( 32 -1) Mailed notice (gmr, ) (Entered: 04/29/2010) |
| 05/03/2010 | 34 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 5/3/2010. Telephonic Status hearing set for 6/25/2010 at 08:45 AM.Mailed notice (srn, ) (Entered: 05/03/2010) |
| 05/04/2010 | 35 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-4779872. (Counts, Thomas) (Entered: 05/04/2010) |
| 05/06/2010 | 36 | MINUTE entry before Honorable Milton I. Shadur: Thomas A. Counts is granted leave to appear pro hac vice on behalf of the Defendant, WideOpen West Finance, LLC. ( 35 -1). Mailed notice (gmr, ) (Entered: 05/07/2010) |
| 06/25/2010 | 37 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 6/25/2010. Status hearing set for 8/19/2010 at 08:45 AM.Mailed notice (srn, ) (Entered: 06/25/2010) |
| 08/19/2010 | 38 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 8/19/2010. Status hearing set for 8/20/2010 at 08:45 AM.Mailed notice (srn, ) (Entered: 08/19/2010) |
| 08/20/2010 | 39 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 8/20/2010. Plaintiff's response to defendant's motion to dismiss is due on or before August 30, 2010. Mailed notice (srn, ) (Entered: 08/20/2010) |
| 08/30/2010 | 40 | MEMORANDUM by Dan Valentine in Opposition to motion to dismiss 22 (Stampley, David) (Entered: 08/30/2010) |
| 09/01/2010 | 41 | MINUTE entry before Honorable Milton I. Shadur: Enter Memorandum Opinion and Order. Wow'sMotion to dismiss 22 is denied, without prejudice to its possible reassertion after the next Status hearing to be held 9/10/2010 at 08:45 AM.Mailed notice (srn, ) (Entered: 09/01/2010) |
| 09/01/2010 | 42 | MEMORANDUM Opinion and Order Signed by the Honorable Milton I. Shadur on 9/1/2010:Mailed notice(srn, ) (Entered: 09/01/2010) |
| 09/02/2010 | 43 | MINUTE entry before Honorable Milton I. Shadur:At the request of counsel the Status hearing is reset for 9/15/2010 at 08:30 AM.Mailed notice (srn, ) (Entered: 09/02/2010) |
| 09/13/2010 | 44 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-5209130. (Kaufman, Peter) (Entered: 09/13/2010) |

| 09/15/2010 | 45 | MINUTE entry before Honorable Milton I. Shadur: Peter Kaufman is granted leave to appear pro hac vice on behalf of the Plaintiffs. ( 44 -1) Mailed notice (gmr, ) (Entered: 09/15/2010) |
|---|---|---|
| 09/15/2010 | 46 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 9/15/2010. Status hearing set for 11/16/2010 at 08:45 AM.Mailed notice (srn, ) (Entered: 09/15/2010) |
| 11/16/2010 | 47 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 11/16/2010. Status hearing set for 1/10/2011 at 08:45 AM.Mailed notice (srn, ) (Entered: 11/16/2010) |
| 01/07/2011 | 48 | MINUTE entry before Honorable Milton I. Shadur:The January 10 status hearing is vacated, as this case is scheduled to be transferred to newly appointed Judge Chang. Mailed notice (srn, ) (Entered: 01/07/2011) |
| 01/07/2011 | 49 | EXECUTIVE COMMITTEE ORDER: It appearing that, pursuant to the Executive Committee Order entered on December 23, 2010, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable Edmond E. Chang, therefore IT IS HEREBY ORDERED That the attached list of 281 cases be reassigned to the Honorable Edmond E. Chang. IT IS FURTHER ORDERED that this order shall become effective on Monday, January 10, 2011. Case reassigned to the Honorable Edmond E. Chang for all further proceedings. Signed by Executive Committee on 1/7/11. Mailed notices.(lcw, ) (Entered: 01/10/2011) |
| 01/26/2011 | 50 | MINUTE entry before Honorable Edmond E. Chang: Status hearing set for 2/2/2011 at 9:00a.m.Mailed notice (slb, ) (Entered: 01/26/2011) |
| 01/31/2011 | 51 | MINUTE entry before Honorable Edmond E. Chang: The status hearing scheduled for 2/2/2011 is reset to 2/9/2011 at 9:00a.m. Mailed notice (slb, ) (Entered: 01/31/2011) |
| 02/09/2011 | 52 | MINUTE entry before Honorable Edmond E. Chang: Status hearing held. The deposition of the technical employee from WideOpen West, Finance, LLC to be taken either for the last week of February or the first week in March. Status hearing set for 3/24/2011 at 9:00a.m. Mailed notice (slb, ) (Entered: 02/09/2011) |
| 03/23/2011 | 53 | MINUTE entry before Honorable Edmond E. Chang: The status hearing scheduled for 3/24/2011 at 9:00a.m. is reset to 3/24/2011 at 8:30a.m. Mailed notice (slb, ) (Entered: 03/23/2011) |
| 03/24/2011 | 54 | MINUTE entry before Honorable Edmond E. Chang: Status hearing held. Plaintiff's counsel reports that the deposition of the technical employee from WideOpen West, Finance, LLC was taken. Status hearing set for 4/7/2011 at 8:30a.m. Leave of court is given to plaintiff's counsel to appear by telephone for the 4/7/2011 status hearing, if he so chooses. Mailed notice (slb, ) (Entered: 03/24/2011) |
| 04/07/2011 | 55 | MINUTE entry before Honorable Edmond E. Chang: Status hearing held. David Stampley appeared by telephone. Defendant's dispositive motion to be filed on 4/21/2011. Response to be filed on 5/12/2011. Reply to be filed on 5/19/2011. The Court orders that the Rule 26(a)(1) disclosures start taking place. Status hearing set for 6/2/2011 at 8:30a.m. Mailed notice (slb, ) (Entered: 04/07/2011) |
| 04/20/2011 | 56 | *Notice of Emergency Motion for Leave to File a 40-Page Memorandum in Support of Defendant's Motion to Dismiss* NOTICE of Motion by Thomas A. Counts for presentment of before Honorable Edmond E. Chang on 4/21/2011 at 08:30 AM. (Counts, Thomas) (Entered: 04/20/2011) |
| 04/20/2011 | 57 | MOTION by Defendant WideOpen West, Finance, LLC for leave to file excess pages |

| | | |
|---|---|---|
| | | *Emergency Motion for Leave to File A 40-Page Memorandum in Support of Defendant's Motion to Dismiss* (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 04/20/2011) |
| 04/21/2011 | 58 | MINUTE entry before Honorable Edmond E. Chang: Defendant's motion to exceed the 15-page limit 57 is granted in part and denied in part. The motion does not explain why the memorandum in support of the motion to dismiss is 17 pages longer than the 23-page memorandum filed during the first round of briefing; perhaps this memorandum anticipates Plaintiff's responses, having had a preview of the response arguments during the first round. In any event, Defendant may file a 30-page memorandum. Plaintiffs are given leave to file up to 30 pages in response (although the response was not that long during the first round). The opening brief is now due on 04/25/2011; response is due on 5/16/2011; reply is due 05/23/2011. Status hearing of 06/02/2011 is reset to 06/08/2011 at 8:30a.m. Mailed notice (slb, ) (Entered: 04/21/2011) |
| 04/25/2011 | 59 | MOTION by Defendant WideOpen West, Finance, LLC to dismiss *Complaint* (Counts, Thomas) (Entered: 04/25/2011) |
| 04/25/2011 | 60 | MEMORANDUM by WideOpen West, Finance, LLC in support of motion to dismiss 59 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Counts, Thomas) (Entered: 04/25/2011) |
| 04/25/2011 | 61 | NOTICE of Motion by Thomas A. Counts for presentment of motion to dismiss 59 before Honorable Edmond E. Chang on 6/8/2011 at 08:30 AM. (Counts, Thomas) (Entered: 04/25/2011) |
| 05/12/2011 | 62 | MOTION by Plaintiff Dan Valentine for extension of time to file response/reply *and reset hearing date* (Stampley, David) (Entered: 05/12/2011) |
| 05/19/2011 | 63 | NOTICE of Motion by David Andrew Stampley for presentment of motion for extension of time to file response/reply 62 before Honorable Edmond E. Chang on 5/23/2011 at 08:30 AM. (Stampley, David) (Entered: 05/19/2011) |
| 05/20/2011 | 64 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's unopposed motion for enlargement of time for plaintiff to respond to the pending motion to dismiss is granted. Response due May 23, 2011. Reply due May 31, 2011. Status hearing of 6/8/2011 is reset to 6/22/2011 at 8:30a.m. Mailed notice (slb, ) (Entered: 05/20/2011) |
| 05/26/2011 | 65 | MEMORANDUM by Dan Valentine in Opposition to motion to dismiss 59 (Stampley, David) (Entered: 05/26/2011) |
| 05/27/2011 | 66 | MOTION by Plaintiff Dan Valentine for extension of time to file response/reply as to memorandum in opposition to motion 65 *for Defendant's Reply* (Stampley, David) (Entered: 05/27/2011) |
| 05/27/2011 | 67 | NOTICE of Motion by David Andrew Stampley for presentment of motion for extension of time to file response/reply, motion for relief 66 before Honorable Edmond E. Chang on 6/1/2011 at 08:30 AM. (Stampley, David) (Entered: 05/27/2011) |
| 05/31/2011 | 68 | MINUTE entry before Honorable Edmond E. Chang: Defendant's unopposed motion for extension to reply 66 is granted to 06/08/2011. Status hearing of 06/22/2011 is reset to 07/12/2011 at 8:30a.m. Mailed notice (slb, ) (Entered: 05/31/2011) |
| 06/08/2011 | 69 | MOTION by Defendant WideOpen West, Finance, LLC to compel *Arbitration of Counts I, II, IV, V, VI, VII, and Stay Count III* (Counts, Thomas) (Entered: 06/08/2011) |
| 06/08/2011 | 70 | NOTICE of Motion by Thomas A. Counts for presentment of motion to compel 69 before Honorable Edmond E. Chang on 7/12/2011 at 08:30 AM. (Counts, Thomas) |

| 06/08/2011 | 71 | MEMORANDUM by WideOpen West, Finance, LLC in support of motion to compel 69 (Counts, Thomas) (Entered: 06/08/2011) |
| 06/08/2011 | 72 | DECLARATION of Steve Zeiden regarding motion to compel 69 *Declaration of Steve Zeiden in Support of Motion by Defendent WideOpenWest Finance, LLC to Compel Arbitration of Counts I, II, IV, V, VI, VII, and Stay Count III* (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 06/08/2011) |
| 06/08/2011 | 73 | DECLARATION of Ryan C. Nier regarding motion to compel 69 *Declaration of Ryan C. Nier in Support of Motion by Defendant WideOpenWest Finance, LLC to Compel Arbitration of Counts I, II, IV, V, VI, VII, and Stay Count III* (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 06/08/2011) |
| 06/08/2011 | 74 | MOTION by Defendant WideOpen West, Finance, LLC to strike complaint 1 *Motion to Strike Plaintiff's Class Allegations* (Counts, Thomas) (Entered: 06/08/2011) |
| 06/08/2011 | 75 | *Notice of Motion to Strike Plaintiff's Class Allegations* NOTICE of Motion by Thomas A. Counts for presentment of motion to strike, motion for relief 74 before Honorable Edmond E. Chang on 7/12/2011 at 08:30 AM. (Counts, Thomas) (Entered: 06/08/2011) |
| 06/08/2011 | 76 | MEMORANDUM by WideOpen West, Finance, LLC in support of motion to strike, motion for relief 74 *Memorandum in Support of Motion by Defendant WideOpenWest Finance, LLC to Strike Plaintiff's Class Allegations* (Counts, Thomas) (Entered: 06/08/2011) |
| 06/08/2011 | 77 | REPLY by WideOpen West, Finance, LLC to memorandum in opposition to motion 65 *Reply Brief in Support of Motion by Defendant WideOpenWest Finance, LLC to Dismiss Complaint* (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 06/08/2011) |
| 06/14/2011 | 78 | *AMENDED* NOTICE of Motion by Thomas A. Counts for presentment of motion to compel 69 before Honorable Edmond E. Chang on 6/22/2011 at 08:30 AM. (Counts, Thomas) (Entered: 06/14/2011) |
| 06/14/2011 | 79 | *AMENDED* NOTICE of Motion by Thomas A. Counts for presentment of motion to strike, motion for relief 74 before Honorable Edmond E. Chang on 6/22/2011 at 08:30 AM. (Counts, Thomas) (Entered: 06/14/2011) |
| 06/21/2011 | 80 | MINUTE entry before Honorable Edmond E. Chang: On or before 7/19/2011, Plaintiff shall respond to Defendant's motion to compel arbitration 69 and motion to strike class allegations 75 . Plaintiff may file separate the responses in separate filings, each up to the 15-page limit. Defendant shall reply on or before 7/29/2011. Status hearing of 7/12/2011 is reset for 8/30/2011 at 8:30a.m. Mailed notice (slb, ) (Entered: 06/21/2011) |
| 07/08/2011 | 81 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-6170448. (Nier, Ryan) (Entered: 07/08/2011) |
| 07/11/2011 | 82 | MINUTE entry before Honorable Edmond E. Chang:Application by Ryan Nier to appear pro hac vice 81 on behalf of the defendant is granted. Mailed notice (slb, ) (Entered: 07/11/2011) |
| 07/13/2011 | 83 | ATTORNEY Appearance for Defendant WideOpen West, Finance, LLC by Kenneth W. Gage (Gage, Kenneth) (Entered: 07/13/2011) |
| 07/19/2011 | 84 | MEMORANDUM by Dan Valentine in Opposition to motion to compel 69 (Stampley, |

| | | David) (Entered: 07/19/2011) |
|---|---|---|
| 07/19/2011 | 85 | MEMORANDUM by Dan Valentine in Opposition to motion to strike, motion for relief 74 (Stampley, David) (Entered: 07/19/2011) |
| 07/25/2011 | 86 | NOTICE by Thomas A. Counts of Change of Address *Notice of Change of Firm Name* (Counts, Thomas) (Entered: 07/25/2011) |
| 07/26/2011 | 87 | MOTION by counsel for Defendant WideOpen West, Finance, LLC to withdraw as attorney *Defendant WideOpenWest Finance, LLC's Motion to Withdraw Appearance of Steven Thomas Catlett* (Counts, Thomas) (Entered: 07/26/2011) |
| 07/26/2011 | 88 | NOTICE of Motion by Thomas A. Counts for presentment of motion to withdraw as attorney 87 before Honorable Edmond E. Chang on 8/9/2011 at 08:30 AM. (Counts, Thomas) (Entered: 07/26/2011) |
| 07/26/2011 | 89 | MOTION by counsel for Defendant WideOpen West, Finance, LLC to withdraw as attorney *Defendant WideOpenWest Finance, LLC's Motion to Withdraw Appearance of Behnam Dayanim* (Counts, Thomas) (Entered: 07/26/2011) |
| 07/26/2011 | 90 | NOTICE of Motion by Thomas A. Counts for presentment of motion to withdraw as attorney 89 before Honorable Edmond E. Chang on 8/9/2011 at 08:30 AM. (Counts, Thomas) (Entered: 07/26/2011) |
| 07/29/2011 | 91 | MOTION by Plaintiff Dan Valentine for leave to file *to submit Notice of Supplemental Authority* (Attachments: # 1 Exhibit A)(Stampley, David) (Entered: 07/29/2011) |
| 07/29/2011 | 92 | NOTICE of Motion by David Andrew Stampley for presentment of motion for leave to file 91 before Honorable Edmond E. Chang on 8/4/2011 at 08:30 AM. (Stampley, David) (Entered: 07/29/2011) |
| 07/29/2011 | 93 | REPLY by Defendant WideOpen West, Finance, LLC to memorandum in opposition to motion 84 , memorandum in opposition to motion 85 *Consolidated Reply Brief in Support of Motions by Defendant WideOpenWest Finance, LLC to (1) Compel Arbitration of Counts I, II, IV, V, VI, VII, (Dkt. No. 69) and Stay Count III, and (2) Strike Plaintiff's Class Allegations (Dkt. No. 64)* (Counts, Thomas) (Entered: 07/29/2011) |
| 08/03/2011 | 94 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's motion to notify the Court of supplemental authority 91 is granted. Defendant's motions to withdraw appearances of certain counsel [87, 89] are granted. Status hearing of 08/30/11 at 8:30 a.m. remains as scheduled. Mailed notice (slb, ) (Entered: 08/03/2011) |
| 08/03/2011 | 95 | NOTICE of Supplemental Authority by Dan Valentine (Exhibits). (et, ) (Entered: 08/04/2011) |
| 08/23/2011 | 96 | MOTION by Defendant WideOpen West, Finance, LLC for leave to file *Defendant WideOpenWest Finance, LLC's Unopposed Motion for Leave to Submit Notice of Supplemental Authority* (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 08/23/2011) |
| 08/23/2011 | 97 | NOTICE of Motion by Thomas A. Counts for presentment of motion for leave to file 96 before Honorable Edmond E. Chang on 8/29/2011 at 08:30 AM. (Counts, Thomas) (Entered: 08/23/2011) |
| 08/25/2011 | 98 | MINUTE entry before Honorable Edmond E. Chang: Defendant WOW's motion to submit supplemental authority 96 is granted. (There is no need to re-file separately the attachment to R. 96.) In light of the fully-briefed motions, the status hearing of 08/30/11 is reset to 10/5/2011 at 8:30a.m. Mailed notice (slb, ) (Entered: 08/25/2011) |

| 09/14/2011 | 99 | *Regarding Proposed Amendment of Complaint,* NOTICE of Motion by David Andrew Stampley for presentment of before Honorable Edmond E. Chang on 9/19/2011 at 08:30 AM. (Stampley, David) (Entered: 09/14/2011) |
|---|---|---|
| 09/14/2011 | 100 | MOTION by Plaintiff Dan Valentine to amend/correct *complaint by filing First Amended Complaint* (Attachments: # 1 Exhibit Proposed First Amended Complaint)(Stampley, David) (Entered: 09/14/2011) |
| 09/14/2011 | 101 | MOTION by Plaintiff Dan Valentine to amend/correct MOTION by Plaintiff Dan Valentine to amend/correct *complaint by filing First Amended Complaint* 100 , notice of motion 99 (Attachments: # 1 Exhibit Proposed First Amended Complaint (Corrected))(Stampley, David) (Entered: 09/14/2011) |
| 09/16/2011 | 102 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's motion to amend complaint 101 is entered and continued while the Court has the other motions under advisement. Mailed notice (slb, ) (Entered: 09/16/2011) |
| 09/28/2011 | 103 | MOTION by Plaintiff Dan Valentine to supplement *authority in opposition to Defendant's Motion to Compel Arbitration* (Attachments: # 1 Exhibit Exhibit A, Mortenson v. Bresnan Order, Dkt. 48)(Stampley, David) (Entered: 09/28/2011) |
| 09/28/2011 | 104 | *Regarding Plaintiff's Opposition to Defendant's Motion to Compel Arbitration 84* NOTICE of Motion by David Andrew Stampley for presentment of motion to supplement 103 before Honorable Edmond E. Chang on 10/5/2011 at 08:30 AM. (Stampley, David) (Entered: 09/28/2011) |
| 09/28/2011 | 105 | MINUTE entry before Honorable Edmond E. Chang: By agreement of the parties, the status hearing of 10/05/2011 is reset for 10/19/2011 at 9:00a.m. Mailed notice (slb, ) (Entered: 09/28/2011) |
| 10/04/2011 | 106 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff"s motion to file supplemental authority 103 is granted. The status hearing of 10/19/11 at 9 a.m. remains as scheduled. Mailed notice (slb, ) (Entered: 10/04/2011) |
| 10/04/2011 | 107 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-6439021. (Parasmo, Grace) (Entered: 10/04/2011) |
| 10/04/2011 | 108 | MINUTE entry before Honorable Edmond E. Chang:Application by Grace Parasmo to appear pro hac vice 107 on behalf of the plaintiff is granted. Mailed notice (slb, ) (Entered: 10/04/2011) |
| 10/18/2011 | 109 | MINUTE entry before Honorable Edmond E. Chang: The pending motions and supplemental filings are under advisement. Status hearing of 10/19/11 is reset to 12/20/11 at 8:30 a.m. Mailed notice (slb, ) (Entered: 10/18/2011) |
| 12/19/2011 | 110 | MINUTE entry before Honorable Edmond E. Chang: The Court has under advisement the pending motions and supplemental filings. Status hearing of 12/20/11 is reset to 1/24/12 at 8:30 a.m. Mailed notice (slb, ) (Entered: 12/19/2011) |
| 12/21/2011 | 111 | MOTION by Plaintiff Dan Valentine to supplement *Authority Regarding Pending Motions to Compel and Strike Class Allegations* (Attachments: # 1 Exhibit In Re Toyota Order of Dec. 21, 2011)(Stampley, David) (Entered: 12/21/2011) |
| 12/21/2011 | 112 | NOTICE of Motion by David Andrew Stampley for presentment of motion to supplement 111 before Honorable Edmond E. Chang on 1/2/2012 at 08:30 AM. (Stampley, David) (Entered: 12/21/2011) |
| 12/22/2011 | 113 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's unopposed motion to file supplemental authority 111 is granted, and the attachment to the motion is |

considered the supplemental filing. Mailed notice (tlp, ) (Entered: 12/22/2011)

| 12/22/2011 | 114 | MOTION by Defendant WideOpen West, Finance, LLC for leave to file *Defendant WideOpenWest Finance, LLC's Unopposed Motion for Leave to Submit Notice of Supplemental Authority* (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 12/22/2011) |
| --- | --- | --- |
| 12/22/2011 | 115 | NOTICE of Motion by Thomas A. Counts for presentment of motion for leave to file 114 before Honorable Edmond E. Chang on 1/3/2012 at 08:30 AM. (Counts, Thomas) (Entered: 12/22/2011) |
| 12/22/2011 | 116 | MOTION by Defendant WideOpen West, Finance, LLC for leave to file *Defendant WideOpenWest Finance, LLC's Unopposed Motion for Leave to Submit Notice of Supplemental Authority* (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 12/22/2011) |
| 12/22/2011 | 117 | NOTICE of Motion by Thomas A. Counts for presentment of motion for leave to file 116 before Honorable Edmond E. Chang on 1/3/2012 at 08:30 AM. (Counts, Thomas) (Entered: 12/22/2011) |
| 12/23/2011 | 118 | MINUTE entry before Honorable Edmond E. Chang: Defendant's motions for leave to file [114, 116] supplemental authority are granted.Mailed notice (Chang, Edmond) (Entered: 12/23/2011) |
| 01/23/2012 | 119 | MINUTE entry before Honorable Edmond E. Chang:The pending motions and supplemental filings are still under advisement. Status hearing of 01/24/12 is reset to 2/29/2012 at 8:30 a.m. Mailed notice (slb, ) (Entered: 01/23/2012) |
| 02/28/2012 | 120 | MINUTE entry before Honorable Edmond E. Chang:Because the motions and supplemental filings are still pending, the status hearing of 02/29/2012 is reset to 03/14/2012 at 09:00 a.m. Mailed notice (slb, ) (Entered: 02/28/2012) |
| 03/13/2012 | 121 | MINUTE entry before Honorable Edmond E. Chang: The pending motions and supplemental filings are still under advisement. Status hearing of 03/14/12 is reset to 04/04/12 at 9:15 a.m. Mailed notice (slb, ) (Entered: 03/13/2012) |
| 03/26/2012 | 122 | MINUTE entry before Honorable Edmond E. Chang: For the reasons stated in the Opinion, the motion to compel arbitration [R. 69] is granted, the motion to amend the complaint [R. 101] is granted, the motion to dismiss [R. 59] is denied without prejudice as moot, and the motion to strike the class allegations [R. 74] is denied without prejudice as moot. The claims stated in Counts 1, 2, and 4 through 7 must be arbitrated, and the litigation of Count 3 is stayed. The Court will hold a status hearing on April 12, 2012 at 9 a.m. Mailed notice (slb, ) (Entered: 03/26/2012) |
| 03/26/2012 | 123 | MEMORANDUM Opinion and Order Signed by the Honorable Edmond E. Chang on 3/26/2012:Mailed notice(slb, ) (Entered: 03/26/2012) |
| 04/03/2012 | 124 | MINUTE entry before Honorable Edmond E. Chang: To clarify, the 04/04/12 status was reset to 04/12/12, at 9 a.m., by R. 122, so no appearance is required on 04/04/12. Mailed notice (slb, ) (Entered: 04/03/2012) |
| 04/12/2012 | 125 | MINUTE entry before Honorable Edmond E. Chang: Status hearing held. One of Plaintiff's counsel, Grace E. Parasmo, appeared by telephone. Plaintiff shall file a concise position statement in writing by 04/23/12, announcing whether Plaintiff will not pursue the arbitrable claims in arbitration and instead proceed only on the ECPA claim. If Plaintiff proceeds only on the ECPA claim, then Defendant may file a motion to dismiss, and the Court will set a briefing schedule on the motion. If Plaintiff decides to pursue the arbitration, then the stay will remain in effect and a status will be set |

| | | |
|---|---|---|
| | | further out. For tracking purposes, status hearing set for 04/26/12 at 11:30 a.m. Mailed notice (slb, ) (Entered: 04/12/2012) |
| 04/23/2012 | 126 | Position Statement Letter by Dan Valentine, W. Brand Bobobsky *regarding non-pursuit of claims in arbitration pursuant to Order (Dkt. 125)* (Stampley, David) (Entered: 04/23/2012) |
| 04/24/2012 | 127 | MINUTE entry before Honorable Edmond E. Chang: Plaintiffs have elected to forgo the arbitrable claims, as expressed in the Position Statement, R. 126, which this Court construes as a voluntary dismissal without prejudice, Fed. R. Civ. P. 41(a)(1)(A)(i). As previously noted, R. 125, Defendant may file a motion to dismiss (or must file an answer to) the remaining ECPA claim, on or before 05/08/12. Plaintiffs' response due 05/22/12. Defendant's reply due 05/29/12. For clarity of the record and docket sheet, Plaintiffs should separately file the amended complaint. Status hearing of 04/26/12 is reset to 06/25/12 at 8:30 a.m. Mailed notice (slb, ) (Entered: 04/24/2012) |
| 04/25/2012 | 128 | Letter to Honorable Edmond E. Chang by WideOpen West, Finance, LLC (Counts, Thomas) (Entered: 04/25/2012) |
| 05/02/2012 | 129 | Letter by W. Brand Bobobsky, Dan Valentine *re Defendant's letter, amendment, and schedule* (Stampley, David) (Entered: 05/02/2012) |
| 05/09/2012 | 130 | *MOTION TO AMEND AND PROPOSED SECOND* AMENDED complaint by Dan Valentine, W. Brand Bobobsky against WideOpen West, Finance, LLC *PROPOSED SECOND AMENDED* (Attachments: # 1 Exhibit)(Stampley, David) Modified on 5/10/2012 (et, ). (Entered: 05/09/2012) |
| 05/09/2012 | 131 | NOTICE of Motion by David Andrew Stampley for presentment of before Honorable Edmond E. Chang on 5/14/2012 at 08:30 AM. (Stampley, David) (Entered: 05/09/2012) |
| 05/10/2012 | 132 | NOTICE of Correction regarding 130 . (et, ) (Entered: 05/10/2012) |
| 05/16/2012 | 133 | MINUTE entry before Honorable Edmond E. Chang: Motion hearing called on Plaintiff's motion to file 130 second amended complaint. Neither side appeared. Motion hearing reset for 05/24/12 at 9:30 a.m., and both sides must appear. Mailed notice (slb, ) (Entered: 05/16/2012) |
| 05/25/2012 | 134 | MINUTE entry before Honorable Edmond E. Chang: Motion hearing held on plaintiff's motion to file a second amend complaint 130 . For the reasons stated in open court, Plaintiffs motion 130 is granted. Plaintiff shall file the second amended complaint as a separate docket entry on 05/25/12. Defendant has until 06/08/12 in which to answer or otherwise plead to the amended complaint. Defendant reported that defendant will file a motion to dismiss on that date. If a motion to dismiss is filed, Plaintiff's response is due 06/22/12. Defendant's reply due 06/29/12. Status hearing set for 07/31/12 at 8:30 a.m.Mailed notice (slb, ) (Entered: 05/25/2012) |
| 05/25/2012 | 135 | *SECOND* AMENDED complaint by Dan Valentine, W. Brand Bobobsky against WideOpen West, Finance, LLC (Stampley, David) (Entered: 05/25/2012) |
| 06/08/2012 | 136 | MOTION by Defendant WideOpen West, Finance, LLC to dismiss *Plaintiffs' Second Amended Complaint* (Counts, Thomas) (Entered: 06/08/2012) |
| 06/08/2012 | 137 | MEMORANDUM by WideOpen West, Finance, LLC in support of motion to dismiss 136 (Attachments: # 1 Exhibit A)(Counts, Thomas) (Entered: 06/08/2012) |
| 06/08/2012 | 138 | NOTICE of Motion by Thomas A. Counts for presentment of motion to dismiss 136 before Honorable Edmond E. Chang on 7/31/2012 at 08:30 AM. (Counts, Thomas) (Entered: 06/08/2012) |

| 06/08/2012 | 139 | MOTION by Defendant WideOpen West, Finance, LLC to strike amended complaint 135 *Motion to Strike Class Allegations From Plaintiffs' Second Amended Complaint* (Counts, Thomas) (Entered: 06/08/2012) |
| 06/08/2012 | 140 | MEMORANDUM by WideOpen West, Finance, LLC in support of motion to strike, motion for relief 139 *Memorandum in Support of Motion by Defendant WideOpenWest Finance, LLC to Strike Plaintiffs' Class Allegations* (Counts, Thomas) (Entered: 06/08/2012) |
| 06/08/2012 | 141 | NOTICE of Motion by Thomas A. Counts for presentment of motion to strike, motion for relief 139 before Honorable Edmond E. Chang on 7/31/2012 at 08:30 AM. (Counts, Thomas) (Entered: 06/08/2012) |
| 06/21/2012 | 142 | MOTION by Plaintiffs W. Brand Bobobsky, Dan Valentine for extension of time to file response/reply as to motion to dismiss 136 , motion to strike, motion for relief 139 *and to reset hearing date* (Stampley, David) (Entered: 06/21/2012) |
| 06/21/2012 | 143 | NOTICE of Motion by David Andrew Stampley for presentment of motion for extension of time to file response/reply, motion for relief, 142 before Honorable Edmond E. Chang on 6/26/2012 at 08:30 AM. (Stampley, David) (Entered: 06/21/2012) |
| 06/22/2012 | 144 | MINUTE entry before Honorable Edmond E. Chang: Plaintiffs' motion to reset 142 is granted as follows: Plaintiffs shall file responses to Defendant's motion to dismiss 136 and motion to strike class allegation 139 on or before 07/06/12. Defendant's replies are due on or before 07/20/12. Defendant's reply on the motion to strike class allegation must discuss, at the very least, why class members on the remaining ECPA count (if the remaining count were ever to be certified as a class) would be bound by claim preclusion as to the voluntarily dismissed counts, where the voluntarily dismissed counts were never certified as a class under Rule 23 (and thus the ECPA class members (if eventually certified) would not parties in the case when the other counts were dismissed). Status hearing of 07/31/12 is reset to 09/06/12 at 8:30 a.m. Mailed notice (slb, ) (Entered: 06/22/2012) |
| 07/06/2012 | 145 | MEMORANDUM by W. Brand Bobobsky, Dan Valentine in Opposition to motion to strike, motion for relief 139 (Stampley, David) (Entered: 07/06/2012) |
| 07/09/2012 | 146 | MEMORANDUM by W. Brand Bobobsky, Dan Valentine in Opposition to motion to dismiss 136 *Plaintiffs' Second Amended Class Action Complaint* (Stampley, David) (Entered: 07/09/2012) |
| 07/20/2012 | 147 | **TRANSCRIPT OF PROCEEDINGS held on 05-24-12 before the Honorable Edmond E. Chang.**<br><br>**Court Reporter Contact Information: Krista Burgeson, krista_burgeson@ilnd.uscourts.gov, 312-435-5567.**<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/10/2012. Redacted Transcript Deadline set for 8/20/2012. Release of Transcript Restriction set for 10/18/2012. (Burgeson, Krista) |

| 07/20/2012 | 148 | REPLY by Defendant WideOpen West, Finance, LLC to memorandum in opposition to motion 146 *Defendant WideOpenWest Finance, LLC's Reply in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint* (Counts, Thomas) (Entered: 07/20/2012) |
| --- | --- | --- |
| 07/20/2012 | 149 | REPLY by Defendant WideOpen West, Finance, LLC to memorandum in opposition to motion 145 *Reply Brief in Support of Motion by Defendant WideOpenWest Finance, LLC to Strike Plaintiffs' Class Allegations (Dkt. No. 139)* (Counts, Thomas) (Entered: 07/20/2012) |
| 08/23/2012 | 150 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-7482031. (Zun, Samuel) (Entered: 08/23/2012) |
| 09/05/2012 | 151 | MINUTE entry before Honorable Edmond E. Chang:In light of the fully-briefed motion to dismiss the second amended complaint 136 and motion to strike class allegation 139 , the status hearing of 09/06/12 is reset to 10/25/12 at 8:30 a.m. Mailed notice (slb, ) (Entered: 09/05/2012) |
| 09/05/2012 | 152 | MINUTE entry before Honorable Edmond E. Chang:Application by Samuel C. Zun to appear pro hac vice 150 on behalf of the defendant is granted. Mailed notice (slb, ) (Entered: 09/05/2012) |
| 10/24/2012 | 153 | MINUTE entry before Honorable Edmond E. Chang: The motion to dismiss the second amended complaint 136 and motion to strike class allegation 139 are under advisement. Status hearing of 10/25/12 is reset to 12/5/2012 at 9:30 a.m. Mailed notice (slb, ) (Entered: 10/24/2012) |
| 12/04/2012 | 154 | MINUTE entry before Honorable Edmond E. Chang: Defendant's motion to dismiss the second amended complaint 136 and Defendant's motion to strike class allegation 139 remain under advisement. Status hearing of 12/05/12 is reset to 12/19/2012 at 2:15 p.m. Mailed notice (slb, ) (Entered: 12/04/2012) |
| 12/18/2012 | 155 | MINUTE entry before Honorable Edmond E. Chang: Defendant's summary judgment motion remains pending. Status hearing of 12/19/2012 is reset to 1/16/2013 at 8:30 a.m. Mailed notice (slb, ) (Entered: 12/18/2012) |
| 12/20/2012 | 156 | MINUTE entry before Honorable Edmond E. Chang: For the reasons stated in the Opinion, WOW's motion to dismiss [R. 136] is granted as to the interception claim under 18 U.S.C. § 2511(1)(a). WOW's motion to strike class allegations [R. 139] is denied. As discussed in the Opinion, Plaintiffs shall file a position paper on the 2511(1)(c) and (1)(d) claims on or before December 28, 2013. WOW shall file a response by January 10, 2013. Status hearing of 01/16/13 is reset to 01/24/13 at 10:30 a.m.Mailed notice (slb, ) (Entered: 12/20/2012) |
| 12/20/2012 | 157 | MEMORANDUM Opinion and Order Signed by the Honorable Edmond E. Chang on 12/20/2012:Mailed notice(slb, ) (Entered: 12/20/2012) |
| 12/28/2012 | 158 | Position STATEMENT by Dan Valentine *pursuant to Order R. 157* (Stampley, David) (Entered: 12/28/2012) |
| 01/10/2013 | 159 | Position STATEMENT by WideOpen West, Finance, LLC *Defendant WideOpenWest Finance, LLC's Position Statement Regarding Plaintiffs' Claims Under 18 U.S.C. §§ 2511(1)(c) and (d)* (Counts, Thomas) (Entered: 01/10/2013) |
| 01/23/2013 | 160 | MINUTE entry before Honorable Edmond E. Chang: Plaintiff's position statement is in in the nature of a request for reconsideration; in the alternative, a request for leave to amend the complaint; and in the alternative, a request for a Rule 54(b) partial |

| | | |
|---|---|---|
| | | judgment. In order to fully flesh out those requests, the Court order two more briefs: first, on or before 02/13/13, Plaintiffs shall file a Supplement to Plaintiffs' Position Statement (attach a proposed amended complaint if that is part of the relief sought). In that brief, Plaintiffs must answer the question of what to do with the 2511(1)(c) and (d) claims in the event that Plaintiffs' requested relief is denied. On or before 03/06/13, Defendant shall file a Response to Plaintiff's Supplement. Status hearing of 01/24/13 is reset to 04/03/13 at 8:30 a.m. Mailed notice (slb, ) (Entered: 01/23/2013) |
| 02/14/2013 | [161](#) | MOTION by Plaintiff Dan Valentine to amend/correct *Complaint* (Attachments: # [1](#) Exhibit Proposed 3rd Amended Complaint)(Stampley, David) (Entered: 02/14/2013) |
| 02/14/2013 | [162](#) | NOTICE of Motion by David Andrew Stampley for presentment of motion to amend/correct [161](#) before Honorable Edmond E. Chang on 4/3/2013 at 08:30 AM. (Stampley, David) (Entered: 02/14/2013) |
| 02/14/2013 | [163](#) | MOTION by Plaintiff Dan Valentine to amend/correct MOTION by Plaintiff Dan Valentine to amend/correct *Complaint* [161](#) *Motion (corrected document)* (Stampley, David) (Entered: 02/14/2013) |
| 02/14/2013 | [164](#) | SUPPLEMENT to statement [158](#) *Plaintiffs' Position Stmt Pursuant to Order R 160* (Stampley, David) (Entered: 02/14/2013) |
| 02/19/2013 | [165](#) | MOTION by Plaintiff Dan Valentine for reconsideration regarding memorandum opinion and order [157](#) *and re Supplemental Position Statement, Dkt. 164* (Stampley, David) (Entered: 02/19/2013) |
| 02/20/2013 | [166](#) | NOTICE of Motion by David Andrew Stampley for presentment of motion for reconsideration, motion for relief [165](#) before Honorable Edmond E. Chang on 4/3/2013 at 08:30 AM. (Stampley, David) (Entered: 02/20/2013) |
| 03/06/2013 | [167](#) | MOTION by Defendant WideOpen West, Finance, LLC to strike MOTION by Plaintiff Dan Valentine to amend/correct MOTION by Plaintiff Dan Valentine to amend/correct *Complaint* [161](#) *Motion (corrected document)* [163](#) , notice of motion [166](#) , supplement [164](#) , MOTION by Plaintiff Dan Valentine for reconsideration regarding memorandum opinion and order [157](#) *and re Supplemental Position Statement, Dkt. 164* [165](#) , MOTION by Plaintiff Dan Valentine to amend/correct *Complaint* [161](#) , notice of motion [162](#) *Motion by Defendant WideOpenWest Finance, LLC to Strike Plaintiffs' Untimely Filed Motion for Reconsideration, to Amend, Supplement to Plaintiffs' Position Statement, and Documents Filed in Support Thereof* (Counts, Thomas) (Entered: 03/06/2013) |
| 03/06/2013 | [168](#) | MEMORANDUM by WideOpen West, Finance, LLC in support of motion to strike, motion for relief,,,,,,,,,,,,,,,,,,,,,,, [167](#) (Counts, Thomas) (Entered: 03/06/2013) |
| 03/06/2013 | [169](#) | NOTICE of Motion by Thomas A. Counts for presentment of motion to strike, motion for relief,,,,,,,,,,,,,,,,,,,,,,, [167](#) before Honorable Edmond E. Chang on 4/3/2013 at 08:30 AM. (Counts, Thomas) (Entered: 03/06/2013) |
| 03/06/2013 | [170](#) | RESPONSE by WideOpen West, Finance, LLCin Opposition to MOTION by Plaintiff Dan Valentine to amend/correct MOTION by Plaintiff Dan Valentine to amend/correct *Complaint* [161](#) *Motion (corrected document)* [163](#) , MOTION by Plaintiff Dan Valentine to amend/correct *Complaint* [161](#) *Defendant WideOpenWest Finance, LLC's ("WOW") Opposition to Plaintiffs' Motion for Leave to File Amended Complaint, Instanter* (Attachments: # [1](#) Appendix A)(Counts, Thomas) (Entered: 03/06/2013) |
| 03/06/2013 | [171](#) | RESPONSE by WideOpen West, Finance, LLCin Opposition to MOTION by Plaintiff Dan Valentine for reconsideration regarding memorandum opinion and order [157](#) *and re Supplemental Position Statement, Dkt. 164* [165](#) *Defendant WideOpenWest Finance,* |

| | | |
|---|---:|---|
| | | *LLC's Opposition to Plaintiffs' Motion Pursuant to Rule 54(b) for Reconsideration of Dismissal of 18 U.S.C. Section 2511(1)(a) Claims* (Counts, Thomas) (Entered: 03/06/2013) |
| 03/06/2013 | [172](#) | RESPONSE by Defendant WideOpen West, Finance, LLC to supplement [164](#) *Defendant WideOpenWest, LLC's Response to Supplement to Plaintiffs' Position Statement* (Counts, Thomas) (Entered: 03/06/2013) |
| 04/02/2013 | [173](#) | MINUTE entry before Honorable Edmond E. Chang: On the various pending motions, first the notice [R. 161] of motion for leave to amend complaint is terminated as unnecessary, because the motion itself is docketed as R. 163. On the motion for leave [R. 163], Plaintiffs shall reply to Defendant's response on or before 04/16/13. On the motion for reconsideration [R. 165], Plaintiffs shall reply to Defendant's response on or before 04/16/13. On Defendant's motion to strike [167](#) , Plaintiffs shall respond on or before 04/16/13 (no reply is ordered). In light of the prior missed deadlines, no extensions shall be granted on any of the briefing dates imposed on Plaintiffs. Status hearing of 04/03/13 is reset to 05/30/13 at 8:30 a.m. Mailed notice (slb, ) (Entered: 04/02/2013) |
| 05/13/2013 | [174](#) | REPLY by Plaintiff Dan Valentine to motion for reconsideration, motion for relief [165](#) (Stampley, David) (Entered: 05/13/2013) |
| 05/13/2013 | [175](#) | RESPONSE by Dan Valentine in Opposition to MOTION by Defendant WideOpen West, Finance, LLC to strike MOTION by Plaintiff Dan Valentine to amend/correct MOTION by Plaintiff Dan Valentine to amend/correct *Complaint [161](#) Motion (corrected document) [163](#)* , notice of motion [166](#) [167](#) (Attachments: # [1](#) Declaration D Stampley, # [2](#) Exhibit Email corresp., T Counts, # [3](#) Exhibit Email corresp., S Zun)(Stampley, David) (Entered: 05/13/2013) |
| 05/13/2013 | [176](#) | REPLY by Plaintiff Dan Valentine *to Defendant's Opp. to Pltfs. Motion to Amend Complaint* (Stampley, David) (Entered: 05/13/2013) |
| 05/13/2013 | [177](#) | MOTION by Plaintiff Dan Valentine for extension of time to file *RR. 174, 175, 176* (Attachments: # [1](#) Declaration D Stampley, # [2](#) Exhibit E-mail corresp, # [3](#) Exhibit Notice)(Stampley, David) (Entered: 05/13/2013) |
| 05/14/2013 | [178](#) | NOTICE of Motion by David Andrew Stampley for presentment of motion for extension of time to file [177](#) before Honorable Edmond E. Chang on 5/30/2013 at 08:30 AM. (Stampley, David) (Entered: 05/14/2013) |
| 05/15/2013 | [179](#) | MEMORANDUM of *Defendant WideOpen West Finance, LLC's in Opposition To Plaintiffs' Motion for Enlargement of Time to File Motion for Reconsideration Reply Brief, Motion to Amend Complaint Reply Brief, and Opposition to Defendants' Motion to Strike Plaintiffs' Filings of February 2013 [177](#)* (Counts, Thomas) (Docket text modified by Clerk's Office.) (Entered: 05/15/2013) |
| 05/23/2013 | [180](#) | REPLY by Plaintiff Dan Valentine (Stampley, David) (Entered: 05/23/2013) |
| 05/23/2013 | [181](#) | REPLY by Plaintiff Dan Valentine to motion for extension of time to file [177](#) *Replies In Plaintiffs Motions For Reconsideration And To Amend Complaint And To Oppose Defendants Motion To Strike Plaintiffs February 2013 Filings* (Stampley, David) (Entered: 05/23/2013) |
| 05/28/2013 | [182](#) | MINUTE entry before Honorable Edmond E. Chang: This was a close call, but Defendant's motion to strike [167](#) is denied and Plaintiffs' extension motion is granted [177](#) . The Court shares Defendant's frustration with Plaintiffs' multiple failures to meet deadlines in this case, and what was presumed to be a 1-day extension request became almost 4 weeks, all without a further extension motion from a co-counsel (the |

| | | |
|---|---|---|
| | | underlying personal circumstances surely justified an extension of some period, but a motion should have been filed). Nonetheless, the preference for resolving cases on their merits is significant enough to overcome the failures. In light of the fully-briefed motions, the status hearing of 05/29/13 is reset to 07/18/13 at 9:00 a.m. Mailed notice (slb, ) (Entered: 05/28/2013) |
| 05/29/2013 | 183 | DECLARATION of David A. Stampley regarding motion for reconsideration, motion for relief 165 , response in opposition to motion, 171 , reply 174 *regarding subsequent case history in Kirch v. Embarq matter* (Attachments: # 1 Exhibit 5-28-2013 letter of Wm. K. Suter)(Stampley, David) (Entered: 05/29/2013) |
| 07/17/2013 | 184 | MINUTE entry before Honorable Edmond E. Chang: In light of the pending motions, the status hearing of 07/18/2013 is reset to 09/05/2013 at 10:30 a.m. Mailed notice(slb, ) (Entered: 07/17/2013) |
| 09/04/2013 | 185 | MINUTE entry before Honorable Edmond E. Chang: Plaintiffs' motion to amend complaint and motion to reconsider 163 , 165 are pending. Status hearing of 09/05/2013 is reset to 10/29/2013 at 9:00 AM.Mailed notice (slb, ) (Entered: 09/04/2013) |
| 09/27/2013 | 186 | MEMORANDUM Opinion and Order signed by the Honorable Edmond E. Chang. For the reasons stated in the opinion, Plaintiffs' motions for reconsideration [R. 165] and leave to amend [R. 163] are denied. The second amended complaint and the case are dismissed with prejudice. Status hearing of 10/29/2013 is vacated. Civil case terminated. Mailed notice(slb, ) (Entered: 09/27/2013) |
| 09/27/2013 | 187 | ENTERED JUDGMENT on 9/27/2013:Mailed notice(slb, ) (Entered: 09/27/2013) |
| 10/28/2013 | 188 | NOTICE of appeal by Dan Valentine regarding orders 187 , 186 , 157 Filing fee $ 455, receipt number 0752-8874721. (Stampley, David) (Entered: 10/28/2013) |
| 10/29/2013 | 189 | NOTICE of Appeal Due letter sent to counsel of record. (dj ) (Entered: 10/29/2013) |